DAWYN R. HARRISON (State Bar No. 173855)
dharrison@counsel.lacounty.gov
THOMAS FAUGHNAN (State Bar No. 155238)
tfaughnan@counsel.lacounty.gov
TIFFANI L. SHIN (State Bar No. 235806)
tshin@counsel.lacounty.gov
OFFICE OF LOS ANGELES COUNTY COUNSEL
Kenneth Hahn Hall of Administration
500 West Temple Street, Suite 648
Los Angeles, California 90012
Tel.: (213) 974-1811 | Fax: (213) 626-7446

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
CASEY B. SYPEK (State Bar No. 291214)
csypek@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Plaintiff
COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LOS ANGELES COUNTY, THE STATE OF CALIFORNIA AND THE UNITED STATES OF AMERICA *ex rel*. KAREN GLUCK,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS SHEPOS; *et al.*,<br><br>Defendants. | **CASE NO. 2:19-cv-01773-CJC-MAAx**<br><br>**COUNTY'S NOTICE OF JOINDER IN QUI TAM PLAINTIFF'S OPPOSITION TO DEFENDANT ARMAN GABAEE'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**<br><br>Assigned to the Hon. Cormac J. Carney, Crtrm. 9B and Magistrate Judge Maria A. Audero, Crtrm. 880 |

667016.3

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff County of Los Angeles hereby gives notice of its joinder in Qui Tam Plaintiff Karen Gluck's Opposition to Defendant Arman Gabaee's Motion to Dismiss or in the alternative, for Summary Judgment ("Relator's Opposition") (Dkt. 214). The County also raises the following points in opposition to the Motion:

Gabaee's only asserted basis for dismissing the County's Complaint in Intervention ("CII") is Rule 11. Although the Motion is ostensibly brought pursuant to Rules 12 and 56, nowhere does it argue that the CII is subject to dismissal under either of these Rules. (*See* Dkt. 206 at 3-15.)

Even if it did, such argument would be meritless. Gabaee is estopped from denying the essential elements of the CII's California False Claims Act ("CFCA") allegations against him. Specifically, Gabaee pled guilty to Federal Program Bribery for the same course of conduct upon which the County's CFCA allegations are based. (*See* Dkt. 49 at ¶¶ 106-107; *see also United States of America v. Gabaee*, No. CR 18-331-GW, Dkt. No. 240.). Accordingly, he is statutorily prohibited from denying the essential elements of the County's CFCA claims. Cal. Gov't Code § 12654(d) states:

> Notwithstanding any other provision of law, a guilty verdict rendered in a criminal proceeding charging false statements or fraud, whether upon a verdict after trial or upon a plea of guilty or nolo contendere … shall estop the defendant from denying the essential elements of the offense of any action which involves the same transaction as in the criminal proceeding and which is brought under subdivision (a), (b), or (c) of Section 12652.

The Motion therefore fails as a matter of law.

In any event, the only argument Gabaee actually makes with respect to the CII is that it contains "false and misleading allegations of material facts which require dismissal with prejudice, under Rule 11." (Dkt. 206 at 16.)

Rule 11 does not provide an independent basis for dismissing an action. *See*

*Cohen v. Cahill*, 281 F.2d 879, 880-81 (9th Cir. 1960) (holding that where a party sought to have complaint dismissed as a "sham," "[t]he remedy afforded by the Federal Rules of Civil Procedure … is dismissal for failure to state a claim upon which relief can be granted"); *Betz v. Glob. Telesourcing, LLC*, 2021 WL 5865384, at *4 (D.D.C. Dec. 10, 2021) ("courts consistently have stated that a Rule 11 motion is not a proper substitute for a dispositive motion … and should not be used to convert a disagreement over the factual allegations and legal arguments in a plaintiff's complaint into a sanctions dispute")  (cleaned up).

Nor has Gabaee adhered to the "strict procedural requirements" parties must follow when moving for sanctions under Rule 11.  *See, e.g., Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 788-89 (9th Cir. 2001).  Specifically, a Rule 11 motion must be brought separately from any other motions or requests.  Fed. R. Civ. P. 11(c)(2).  Gabaee was also required to serve his motion on the County "with a demand for retraction of the allegedly offending allegations, and then to allow [the County] at least twenty-one days to retract the pleading before filing the motion with the court."  *Radcliffe*, 254 F.3d at 789.  Gabaee did not comply with any of these—he did not meet and confer with the County or Relator prior to filing the Motion; he did not demand that the County withdraw the allegations in its CII; and he did not allow the County 21 days to do so.  The request for dismissal under Rule 11 is therefore improper and should be denied.

Gabaee's Rule 11 arguments also fail on their face.  In support of his assertion that the CII contains "false and misleading statements," Gabaee submits summaries of purported interviews of former County employees he claims to have obtained from his previous attorney.  (Dkt. 206 at ¶ 16.)  The summaries, which do not identify the interviewer, constitute double hearsay and are inadmissible. *Blair Foods, Inc. v. Ranchers Cotton Oil*, 610 F.2d 665, 667 (9th Cir. 1980).  Nor are the summaries properly subject to judicial notice. *See Benavides v. City of Arvin*, 2012 WL 1910259, at *3 (E.D. Cal. May 25, 2012) (declining to take judicial notice of

contents of police report because "the allegedly indisputable facts contained in the police report … are subject to hearsay objections, and do not rise to the 'high degree of indisputability' required for judicial notice for their truth").

Moreover, even if the Court were to consider these materials (it should not), there is nothing in any of them that supports Gabaee's claim that the CII violates Rule 11. The allegations Gabaee refers to as "false and misleading" are that his co-conspirator—former County employee Thomas Shepos—had the authority to contractually bind the County to lease agreements, which he utilized to engage in an illicit bribery scheme to benefit himself, Gabaee, and other real estate developers at the expense of the County. (*See* Dkt. 206 at 16-23.) Far from being false and misleading, Shepos has admitted to these very facts in his federal plea agreement. *See United States of America v. Shepos*, No. CR 18-00569-GW, Dkt. No. 9. At most, Gabaee has raised disputed issues of fact, which is insufficient to warrant dismissal.

For these reasons, as well as those set forth in the Relator's Opposition (Dkt. 214), the Motion should be denied in its entirety.

DATED: March 18, 2024                    MILLER BARONDESS, LLP

By: _____
JASON H. TOKORO
Attorneys for Plaintiff
COUNTY OF LOS ANGELES