1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| THE COUNTY OF LOS ANGELES, THE STATE OF CALIFORNIA, and THE UNITED STATES OF AMERICA *ex rel.* KAREN GLUCK, <br><br> **Plaintiffs,** <br><br> v. <br><br> THOMAS SHEPOS, *et al.*, <br><br> **Defendants.** | **Case No.: CV 19-01773-CJC (MAAx)** <br><br> **ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF FEDERAL JURISDICTION AND DENYING WITHOUT PREJUDICE COUNTY OF LOS ANGELES' MOTION TO DISMISS AND STRIKE [Dkt. 195] AND DEFENDANT ARMAN GABAEE'S MOTION TO DISMISS [Dkt. 206]** |

This case concerns allegedly false claims submitted to governments in association with Relator Karen Gluck's ex-husband Thomas Shepos' wide-ranging bribery and kickback scheme when he was a Los Angeles County employee.  (*See* Dkt. 1 [Complaint]; Dkt. 49 [Complaint in Intervention, hereinafter "CII"]; Dkt. 149 [First Amended Complaint].)  Relator filed the case in federal court because she asserts, in the name of the County, the state of California, and the United States of America, violations of both the federal False Claims Act and the California False Claims Act.  (Compl. ¶ 7

["Under 31 U.S.C. § 3732(a), this Court has subject matter jurisdiction over all alleged violations of 31 U.S.C. § 3730, the federal False Claims Act ('FCA'). Under 31 U.S.C. § 3732(b), this Court also has jurisdiction over all alleged violations of Cal. Gov't Code § 12651, the Califonia False Claims Act ('CFCA').".].)  However, the Court has concerns regarding whether federal question jurisdiction exists.

"Federal courts are courts of limited jurisdiction," "possess[ing] only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.*; *see Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (explaining that federal courts are presumed to lack jurisdiction "unless the contrary affirmatively appears").  Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties question it.  *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments.").  Under the "well-pleaded complaint rule," federal question jurisdiction is present only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "In order for a federal district court to assert federal question jurisdiction pursuant to 28 U.S.C. § 1331, the plaintiff's claim must 'arise under' federal law."  *Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1314 (9th Cir. 1997).

"For years, Shepos was employed by the County as the Lease Acquisition Section Chief for the Real Estate Division of the Chief Executive Office.  In that role, Shepos was responsible for identifying and acquiring real property to house County departments and programs, negotiating leases with private building and property owners, and managing

tenant improvement projects." (CII ¶ 93.)  Shepos fraudulently extracted bribes, kickbacks, and gifts from real estate firms and associated individuals in exchange for non-public information about the County's leasing needs, favorable lease terms, and the approval of unwarranted invoices.  (*See United States v. Shepos*, C.D. Cal. Case No. 18-cr-00569-GW, Dkt. 9 [Plea Agreement].)  He also accepted bribes from an electrical contractor in exchange for helping the electrical contractor secure County contracts.  (*Id.*)

Relator filed this *qui tam* lawsuit alleging that Shepos "engaged in a decade's long bribery and kickback scheme to defraud Los Angeles County, the State of California, and the federal government through hundreds of millions of dollars in commercial real estate leases and other significant financial opportunities." (Compl. ¶ 1.)  She asserts that in this case, she "seeks to help the County, the State, and the federal government recover the money fraudulently obtained through the developers' illegal scheme." (*Id.* ¶ 4.)  But her Complaint provides only conclusory allegations, and no facts, to support her contention that her ex-husband's bribery and kickback schemes implicate the federal False Claims Act.

The federal False Claims Act creates liability for any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1)(A).  The statute defines "claim" to mean "any request or demand . . . for money or property . . . that (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government (I) provides or has provided any portion of the money or property requested or demanded; or (II) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded." *Id.* § 3729(b)(2).  Federal courts have jurisdiction over actions brought by private persons asserting violations of the federal False Claims Act. *Id.*

§§ 3730, 3732.  But the federal False Claims Act "is limited to false claims made to the United States, and the damages awarded thereunder are limited to, or with respect to, the civil penalty and treble damages, determined by the damages suffered by the United States government."  *Alaska v. Abbott Lab'ys*, 2007 WL 7538021, at *3 (D. Alaska Jan. 22, 2007).

District courts also have jurisdiction over state law claims "for the recovery of funds paid by a State or local government if the action arises from the same transaction or occurrence as an action brought under" the federal False Claims Act.  *Id.* § 3732(b).  But "[d]istrict courts have consistently held that Section 3732(b) does not provide federal district courts with original jurisdiction."  *Hawaii, ex rel. Louie v. Bristol-Myers Squibb Co.*, 2014 WL 3427387, at *10 (D. Haw. July 15, 2014).  In other words, for the Court to have jurisdiction over the California False Claims Act claims in this case, there must be adequate allegations supporting this Court's jurisdiction under the federal False Claims Act.

Relator alleges no facts that support the notion that any "claim" under the False Claims Act is at issue in this case.  Rather, she alleges only conclusorily that Defendants "knowingly presented and caused to be presented materially false and fraudulent claims to the County, State, and Federal Governments," that "[t]he County, State, and Federal Governments, unaware of the falsity of the claims made and submitted by the Defendants, their agents, and employees, and as a result thereof paid money that they otherwise would not have paid," and that "the County, State, and Federal Governments suffered millions of dollars in damages and continue to be damaged."  (Compl. ¶¶ 49–51, 53–55, 58–60.)  In other words, Relator's allegations fail to establish that any relevant claims were "made to the United States," or that this case involves any "damages suffered by the United States government."  *Alaska*, 2007 WL 7538021, at *3.  Nothing in the County's Complaint-in-Intervention—which asserts only California False Claims

Act claims—or Relator's First Amended Complaint assuages the Court's concern about a basis for federal jurisdiction.

Accordingly, Relator is **ORDERED TO SHOW CAUSE** in writing by **April 8, 2024** why this case should not be dismissed for lack of subject matter jurisdiction. The County, the state of California, the United States of America, Defendants, or any other interested party may file a response to this order to show cause or to Relator's response by **April 15, 2024**. The matter will then be taken under submission. The County's pending motion to dismiss and strike, (Dkt. 195), and Defendant Arman Gabaee's motion to dismiss or, in the alternative, for summary judgment, (Dkt. 206), are **DENIED WITHOUT PREJUDICE** to refiling if the Court determines it has jurisdiction over this case. The April 8, 2024 hearing on those motions is **VACATED** and removed from the calendar.

DATED:      March 25, 2024

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE