Arman Gabaee
Fed. Reg. No.: 76335-112
FCC Lompoc Camp
3705 West Farm Road
Lompoc, CA 93436



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES COUNTY, et al., )<br>         Plaintiffs, )<br>v. )<br>THOMAS SHEPOS, et al., )<br>         Defendants. )<br>_____ ) | CASE NO:<br>2:19-CV-01773-CJC-MAAx<br><br>DEFENDANT ARMAN GABAEE'S REPLY TO RELATOR'S OPPOSITION TO MOTION TO DISMISS COMPLAINT OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT.<br><br>DATE: APRIL 8, 2024<br>TIME: 1:30 PM<br>JUDGE: HON. CARMAC J. CARNEY<br>DEPT: 9B |

Defendant Arman Gabaee, a federal prisoner without counsel, files his reply to Relator's and Los Angeles County's opposition to his motion to dismiss or in the alternative for summary judgment. For the following reasons, the Court should grant dismissal or summary judgment.

//

//

//

## I. INTRODUCTION

Plaintiffs, Los Angeles County ("County") and "Relator" Karen Gluck, each filed opposition to Defendant Arman Gabaee's motion to dismiss or summary judgment, which they joined. [See Dkt. 214, 215]. Plaintiffs arguments fail and Dismissal or Summary Judgment is appropriate.

Gluck now claims that her "Original Complaint" is no longer operative and was superceded by her First Amended Complaint ("FAC"). "Relator concedes that pursuant to the FCA ("False Claims Act") and CFCA ("California False Claims Act"), she has not served Gabaee with the FAC because it remains under seal." Id. p. 9.

The admission by Gluck establishes Defendants' basis for dismissal. What is moot is Gluck's argument that the FAC is valid when it has not been served on Defendant.

This ploy, along with their attempts to circumvent due process by ex parte applications to dismiss and strike allegations in the FAC under seal is an attempt to further game the system. Defendant has not been allowed to see those allegations against him. This was addressed in Defendant's opposition to the County's ex parte application to extend seal and time to intervene. [Dkts, 209, 212]. Defendant's opposition was joined by other Defendant's in this action.

Plaintiffs jointly opposed Defendant's motion for change of judge involving related cases and stated "... there is no reason ... there is no pending litigation, no risk of inconsistent rulings, and no case involving a similar scope of facts and parties." [Opp. ¶1].

Yet, plaintiff's continue to reference the open civil and criminal related cases in the Honorable Judge George Wu's court,[1] claiming that Defendant's relief should be estopped because he pled guilty in the criminal case.

Plaintiff's are well aware that Defendant filed a motion in December 2023, to vacate, set aside or correct sentence under 28 U.S.C. § 2255, which remains pending.

To be clear, Defendant's § 2255 motion involves nearly every allegation made by plaintiff's. First, the government intentionally withheld information that Defendant was used as a pawn in a scheme to catch a suspected corrupt Los Angeles County Supervisor, Mark Ridley Thomas, who was later indicted. When, on the advice of counsel, Defendant did not agree to cooperate with the government or participate in deliberate deception, the government sought prosecution. The County was involved.

Second, Defendant was not only used by Shepos, he did not receive any benefit, and there was no quid pro quo, as required under the bribery statute. The benefit went to the County as below market rents.

The evidence proves the government engaged in misconduct to deprive Defendant of his right to due process and fair proceedings as is being done by the plaintiff's here.

Defendant's claim of ineffective assistance of counsel involve, and also demonstrate here, the lack of a factual basis for the guilty plea and those allegations here are identical.

---

1. See United States v. Gabaee, 23-CV-10627-GW (C.D. Cal. 2023) and United States v. Gagaee, CR-18-331-GW (C.D. Cal. 2015).

-3-

The evidence proves the government engaged in misconduct to deprive Defendant of his right to due process and fair proceedings as is being done by the plaintiff's here.

Defendant's claim of ineffective assistance of counsel involve, and also demonstrate the lack of a factual basis for the guilty plea and those allegations here are identical.

The exhibits submitted in this matter and previously submitted in the civil/criminal case, establish the allegations made against Defendant to be false and meant to mislead the court.

Plaintiff's state that Defendant's request for summary judgment is defective because "he has failed to establish there is no genuine issue of any material fact." [Id., P.7].

This premise is backward. The fact remains, and for all the reasons contained herein and previous. The complaint states no genuine issue of material fact and summary judgment is appropriate because there is an independent basis for dismissing this action.

II. **FACTUAL HISTORY**

Gluck claims to be the original source of information which led to her ex-husband Shepos' discovery of his decades long malfeasance.

It was only when poverty moved in that her love moved out. She was no longer the recipient of the proceeds from the malfeasance. This triggered Gluck to begin her hate driven crusade which had one goal, that being to cash in on her half and more from the Shepos scheme. In doing such, she would say or do anything to obtain her goal.

Gluck fails to address the loot she took (i.e. 100's of gold and silver coins, proceeds from their mansion in Bel Air, gift cards and more.) all documented in various court filings previously mentioned where she claims to have been shorted by monies Shepos obtained.

She states inaccurately that her ex-husband Shepos was convicted of receiving bribes, which is false. Shepos was convicted in a Two Count Indictment, Count One, making false statements, in violation of 18 U.S.C. § 1001(a)(2); and Count Two, subscribing to false tax returns in violation of 26 U.S.C. § 7206(1)[2].

Gluck cannot be a conspirator in the Shepos scheme and now cry foul as a qui tam plaintiff and must be disqualified. Summary judgment is appropriate.

It should be noted that since Defendant's motion contained exhibits that prove Shepos was a low-level County employee and had no ability to bind the County with regard to leases. This evidence is undisputable contained in the several interviews of Shepos' Supervisors during the period alleged. The plaintiff's by acquiescence have conceded this fact to be true.

Since Shepos had no authority to bind the County with regard to leases, there was no official act. Thus, there cannot be bribery. The Complaint is predicate on the act of bribery.

//
//
//

---

[2]   See United States v. Shepos, CR-18-569-GW (C.D. Cal. 2018).

-5-

Black's Law Dictionary, 11 ed, P. 236, defines "bribery" as:

> "The corrupt payment, receipt or solicitation of a private favor for an official action."

In Defendant's case, it is impossible for Shepos to perform the official act of approving or accepting a no-bid lease. It is ludicrous to believe Shepos exerted control over all the individuals involved in the approval process, which takes between 9 to 16 months to get approved.

What plaintiffs are describing is a vast County conspiracy which, if true, would consist of all levels of County government, including the County Supervisors. Such a huge conspiracy with all these County employees would cost a fortune and not $1,000 a month, Defendant gave Shepos to help pay his living expenses due to his divorce.

Next, plaintiffs continue to inaccurately state that Defendant's guilty plea establishes all the requisite elements for a claim under FCA and CFCA which caused the government to pay out money.

This is also false. Previously stated, the referenced plea agreement is being challenged as infirm, because there was no bribery and no purchase of a residential property in Northern California.

Allegations made as to a $45 million lease including tenant improvements is false. The County knew, or should have known, that the Hawthorne Mall property lease in question was a five (5) year "renewal" not a new lease which the County occupied up to early 2023. The County knew the tenant improvements costs

-6-

were borne by Defendant.

The Hawthorne Mall lease, as with all County leases, requires an attachment consisting of a chart with comparisons of local rents to confirm the County was paying the lowest rent.

The County knows that they paid below market rent to Defendant and the County received the benefit of the deal, not Defendant.

All this proof is contrary to plaintiffs allegations set forth here and in the previously referred to cases.

Plaintiffs state that their allegations are "based on the evidence provided to the FBI by Ms. Gluck" [Id. p.12] that: (a) "Arman Gabaee was recorded offering Shepos a $1.1 million residential property as a bribe for a no-bid contract. Shepos plead guilty to receiving bribes from Arman Gabaee, and Gabaee plead guilty to bribing Shepos. This is false.

As previously illustrated, Shepos pled guilty to false statements and false tax returns, not accepting bribes.

FBI Agent Adkins, with whom Gluck was the provider of evidence, is the subject of perjury in the § 2255 motion. Specifically, Adkins created a false timeline and made false statements about a quid pro quo which did not occur. Once more, if the County is relying on FBI agent Adkins perjured testimony, then Gluck's testimony must be called into question as possibly perjured.

These additional allegations that Shepos took Defendant to Las Vegas, or Defendant gave Shepos money to help him live after he was kicked out of the Gluck household due to his gambling habit, were done as friends.

The whole premise of these FCA allegations against Defendant Arman Gabaee is that Shepos had the authority to bind the County to lease and that bribery took place. It did not and could not have occurred.

Defendant has submitted irrefutable evidence that proves there is no material facts to support plaintiff's allegations: (1) Shepos was not a high-level County employee; (2) Shepos had no authority to bind the County with respect to leases; (3) there was no quid pro quo bribery; (4) no one saw anything suspicious as to Defendant's participation with the County; (5) no leases were in favor of Defendant; and (6) all lease contracts went through the normal County bidding process.

Additionally, FBI Agent Adkins stated under penalty of perjury in the criminal complaint that Shepos and Defendant had a longtime friendship and their friendship changed on April 11, 2017, continuing through April 24, 2017, (13 days), their friendship had become an "improper business relationship" not criminal or illegal.

Therefore, the following could not have occurred: (i) Shepos provided non-public information to Defendant; (ii) Shepos performed official acts for Defendant; (iii) Shepos ran interference between the County and Defendant on various issues.

It should be noted that Shepos on behalf of the County, on a few occasions, was requested to provide proof in the form of cancelled checks that Defendant paid for various repairs requested by the County on his County leased properties.

However, Gluck used this information to twist the truth alleging that work was done on her and Shepos residence by

-8-

Defendant, which it was not. Court records show Gluck received all the benefit, in the form of 100 percent of the proceeds from the sale of the Bel Air mansion.

Plaintiffs argue Defendant's submitted exhibits are improper. These exhibits were provided for the truth of the matter, and for judicial economy. As the Court is aware, if this matter continues with these obvious false allegations proven wrong in the exhibits and those attached to Defendant's § 2255 motion, plaintiff's case falls apart. To continue spending unneeded resources by the Court and by all the Defendant's should be considered in granting summary judgment as these allegations are false and there is no genuine issue of material fact.

The Opposition made numerous references to their First Amended Complaint and how it superceded the Original Complaint after conceding they have not served the FAC on Defendant.

There is no evidence to support any of the other allegations made which have any bearing on the FCA or CFCA allegations.

What has become clear here is that Gluck, a willful participant in the Shepos malfeasance, and the County, are using the False Claims Act as a form of shake down against landlords hoping for settlement money.

Summary judgment is appropriate and should be granted.

III. **ARGUMENT**

A motion for summary judgment as here shall be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ.

P. 56(a). <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).

Generally, the burden is on the moving party to demonstrate that it is entitled to summary judgment. <u>Margolis v. Ryan</u>, 140 F.3d 850, 852 (9th Cir. 1988). "The moving party may produce evidence negating an essential element of the nonmoving party's case, or ... show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." <u>Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.</u>, 210 F.3d 1099, 1106 (9th Cir. 2000) (reconciling <u>Adickes v. S.H. Kress Co.</u>, 398 U.S. 144 (1970) and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986)). The nonmoving party must then "do more than simply show that there is some metaphysical doubt as to material facts" but must show specific facts which raise a genuine issue for trial. <u>Matsushita Elec. Indu. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). A genuine issue of material fact will exist if the evidence is such that a reasonable jury could return a verdict for the non-moving party." <u>Anderson</u>, 477 U.S. at 248.

In ruling in a motion for summary judgment, a court construes the evidence in the light most favorable to the non-moving party. <u>Barlow v. Ground</u>, 943 F.2d 1132 (9th Cir. 1991). "[T]he judge's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 279.

Federal Rule of Civil Procedure 12(b)(6) is designed to "test [] the legal sufficiency of a claim." <u>Navarro v. Block</u>,

-10-

250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on and as demonstrated previously either: (1) the lack of a cognizable legal theory. Balistreri v. Pacific Police Dept's, 901 F.2d 696, 699 (9th Cir. 1990); (2) a claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2008) (citing Twombly, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a course of action will not do." Twombly, 550 U.S. at 555 (cleaned up).

Where as here, a plaintiff alleges fraud or misrepresentation, Federal Rule of Civil Procedure 9(b) imposes heightened pleading requirements. While malice, intent, knowledge, and other conditions of the mind may be alleged generally, the circumstances constituting fraud must be pled with particularity. Fed. R. Civ. P. 9(b). Specifically, plaintiffs fail to set forth "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d

616, 627 (9th Cir. 1997)). Further,

> a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false of misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading.

In re GlenFed, Inc. SEC Litig., 42 F.3d 1541, 1548 (9th Cir. 1994).

Though the issues in the Complaint do not involve the Private Securities Litigation Reform Act of 1995, this case does illustrate that the Complaint must show proof that the defendant acted with a particular state of mind, which does not exist in this case. See Bakery Confectionary Union & Indus. Int'l Pension Fund v. Just Born 11, Inc., 888 F.3d 696, 704 (4th Cir. 2018) ("[D]efendants must satisfy Rule 9(b) when they plead affirmative defenses sounding in fraud. This conclusion arises from the plain language of Rule 9(b), which states, 'In alleging fraud or mistake, a party must state with particularity the circumstances 'constituting fraud or mistake.'"); United States ex rel. Berkowitz v. Automation aids, Inc., 896 F.3d 834, 2018 U.S. App. LEXIS 20964, at *11-*12 (7th Cir. 2018) (heightened pleading requirements under Fed. R. Civ. P. 9 forces plaintiff to conduct careful pretrial investigation to minimize risk of damage associated with baseless claim); United States ex rel.Ladas v. Exelis, Inc., 824 F.3d 16, 25-26 (2nd Cir. 2016); (one purpose of Fed. R. Civ. P. 9(b) is to safeguard a defendant's reputation from improvident charges of wrongdoing");

Steambend Props. II, LLC v. Ivy Tower Minneapolis, LLC., 781 F.3d 1003, 1010 (8th Cir. 2015) (heightened pleading requirement protects against damage to professional reputations resulting from allegations of moral turpitude"); United States ex rel. Grubbs v. Ravikumar Kannaganti, 565 F.3d 180, 190 (5th Cir. 2009) (objective of rule is to ensure that complaint provides defendants with fair notice of claims, protects defendants from harm to their reputation of goodwill, reduces number of strike suits, and prevents plaintiffs from filing baseless claims and the attempting to discover unknown wrongs.).

It is clear that plaintiffs' claims are baseless. See Commercial Prop. Invs., Inc., v. Quality Inns Int'l Inc., 61 F.3d 639, 644 (8th Cir. 1995) (conclusory allegations fail to satisfy purpose of rule to give defendant notice and ability to prepare defense).

Plaintiffs have failed to plead facts. See Universal Health Servs v. United States ex rel. Excobar, 136 S. Ct. 1989 n.6 (2016) (False Claims Act plaintiffs must also plead their claims with plausibility and particularity under Federal Rules of Civil Procedure 8 and 9(b) by, for instance, pleading facts to support allegations of materiality.").

Not only does the Complaint make false and misleading statements as to Defendant's conduct which is contrary to the exhibits submitted, they fail to meet the various Federal Rules of Procedure stated in Defendants motion.

Lastly, the "Relator" alleges Defendant is liable under the False Claims Act for "knowingly present[ing] or cause[ing] to be presented a false or fraudulent claim for payment or approval"

-13-

and for knowingly mak[ing], us[ing], or caus[ing] to be made or used, a false record or statement to a false or fraudulent claim." 31 U.S.C. § 3792(a)(1)(A) and (B). See also Complaint. The facts submitted by Defendant prove this to be false as it did not and could not have occurred.

## IV. CONCLUSION

For the forgoing reasons and conclusions of law, Defendant Arman Gabaee's motion to dismiss or summary judgment should be granted.

Respectfully submitted,

Dated: 3/25/2024

Arman Gabaee,
Defendant.

//
//
//

CERTIFICATE OF SERVICE

I, James Graf, am over the age of 18 years and I am not a party to this action. I hereby certify that on this 25th day of March 2024, that I sent the foregoing via first-class postage, prepaid, or other delivery charges prepaid, by depositing said documents herein-listed with prison authorities at the Mail Room of the Lompoc Federal Correctional Complex Satellite Camp, for mailing through the United States Postal Service, mailing copies of the foregoing:

DEFENDANT ARMAN GABAEE'S REPLY TO RELATOR's
OPPOSITION TO MOTION TO DISMISS COMPLAINT OR IN THE
ALTERNATIVE FOR SUMMARY JUDGMENT

to the following individual(s), party(s) and/or entity(s):

Miller Barondess, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, CA 90067

Office of the Los Angeles County Counsel
Kenneth Hahn Hall of Administration
500 West Temple Street, Suite 648
Los Angeles, CA 90012

Defendants:
See Attached

I certify under the penalty of perjury that the foregoing is true and correct.

James Graf

**(To: (*Defendants' name and address*))**

| Thomas Shepos | 4319 Bethpage Dr, Palmdale, CA 93551 |
|---|---|
| Arman Gabaee | 1468 Donhill Dr, Beverly Hills, CA 90210 |
| Mark Gabaee | 1474 Donhill Dr, Beverly Hills, CA 90210 |
| The Charles Company, Inc. | C/O Carla Manto<br>9034 W Sunset Blvd<br>West Hollywood, Ca 90069 |
| Excel Property Management Services, Inc. | C/O Nicholas F Klein<br>12301 Wilshire Blvd., Suite 620<br>Los Angeles, CA 90025 |
| Oakshire, LLC | C/O Nicholas F Klein<br>12301 Wilshire Blvd., Suite 620<br>Los Angeles, CA 90025 |
| Wilhurst, Inc. | C/O Nicholas F Klein<br>12301 Wilshire Blvd., Suite 620<br>Los Angeles, CA 90025 |
| Town Investments, LLC | C/O Sancam Inc.<br>Mark Gabay<br>9034 W Sunset Blvd<br>West Hollywood, CA 90069 |
| Sancam Inc. | C/O Mark Gabay<br>9034 W Sunset Blvd<br>West Hollywood, CA 90069 |
| M&A Gabaee, LP | C/O Mark Gabay<br>9034 W Sunset Blvd<br>West Hollywood, CA, 90069 |
| Greenoak Investments, LLC | C/O Nicholas F Klein<br>12301 Wilshire Blvd., Suite 620<br>Los Angeles, CA 90025 |
| Maple19, LP | C/O Nicholas F Klein<br>12301 Wilshire Blvd., Suite 620<br>Los Angeles, CA 90025 |
| Urban Grove19, LLC | C/O Nicholas F Klein<br>12301 Wilshire Blvd., Suite 620<br>Los Angeles, CA 90025 |
| Oppidan, LLC | C/O Nicholas F Klein<br>12301 Wilshire Blvd., Suite 620<br>Los Angeles, CA 90025 |
| Frank Visco | 301 Mission Ave, Unit 606, Oceanside, CA |
| David Schaeffer | 103 NW 3rd St, Dimmitt, TX, 79027 |
| Visco Financial Inc. | C/O Frank Anthony Visco<br>44824 Cedar Ave<br>Lancaster, CA 93534 |
| Castaic FCG Properties, LLC | C/O David Schaeffer |

|  | 103 NW 3rd St, Dimmitt, TX 79027 |
| --- | --- |
| Fraber Properties II, LLC | C/O Frank Anthony Visco<br>44824 Cedar Ave<br>Lancaster, CA 93534 |
| Donald Abbey | 172 Bliss Canyon Rd, Unit 300, Bradbury, CA 91008 |
| AP-Sierra LLC | C/O Donald G Abbey<br>12447 Lewis Street Suite 203<br>Garden Grove, CA 92840 |
| AP-Palmdale LLC | C/O Donald G Abbey<br>12447 Lewis Street Suite 203<br>Garden Grove, CA 92840 |
| DGA-Properties LLC | C/O Donald G Abbey<br>12447 Lewis Street Suite 203<br>Garden Grove, CA 92840 |
| DGA-Properties II, LLC | C/O Donald G Abbey<br>14770 E. Firestone Blvd, Suite 206<br>La Mirada, CA 90638 |
| Abbey-Properties II LLC | C/O Donald G Abbey<br>12447 Lewis Street Suite 203<br>Garden Grove, CA 92840 |
| CDCF III Pacific Commerce Plaza, LLC | 515 S. Flower Street, 44th Floor<br>Los Angeles, CA 90071 |
| Nittany Lion Landscaping, Inc. | C/O Tracey R. Bard<br>12447 Lewis Street Suite 203<br>Garden Grove, CA 92840 |
| Alexander Moradi | 1734 N Doheny Dr, Los Angeles, CA 90069 |
| Isaac Moradi | 1859 N Hillcrest Dr, Beverly Hills, CA 90210 |
| Imperial Hawthorne LP | C/O Isaac Moradi<br>9301 Wilshire Boulevard, Suite 315<br>Beverly Hills, CA 90210 |
| ICO Investment Group, Inc. | C/O Alexander Moradi<br>10780 Santa Monica Blvd, Suite 140<br>Los Angeles, CA 90025 |
| Gage Plaza Associates | C/O Alexander Moradi<br>888 W 6th Street Suite #1200<br>Los Angeles, CA 90017 |
| Leon Neman | 803 Foothill Rd, Beverly Hills, CA 90210 |
| Yoel Neman | 802 N Alpine Dr, Beverly Hills, CA 90210 |
| John Neman | 971 N Alpine Dr, Beverly Hills, CA 90210 |
| Neman Brothers and Associates, Inc. | 1525 South Broadway Street, Los Angeles, CA 90015 |
| Vertigo Real Estate Holdings, LP | C/O Leon Neman<br>1525 S. Broadway<br>Los Angeles, CA 90015 |
| Legend Real Estate Management, Inc. | C/O Leon Neman |

|  | 1525 S. Broadway<br>Los Angeles, CA 90015 |
|---|---|
| Gregory Hanes | 43903 Division Street, Lancaster, CA 93535 |
| 300 K-6, LLC | C/O Gregory F Hanes<br>43903 Division Street<br>Lancaster, CA 93535 |
| 43917 Division Street, LLC | C/O Gregory F Hanes<br>43903 Division Street<br>Lancaster, CA 93535 |
| Homer Harvey | 10490 Wilshire Blvd Ph 1, Los Angeles, Ca 90024 |
| William Tatum | 2102 Century Park Ln, Apt 402, Los Angeles, CA 90067 |
| Harvey Capital Corp. | C/O Ruth Zommick<br>2333 Cotner Avenue<br>Los Angeles, CA 90064 |
| Ball & East, Ltd. | C/O William Tatum<br>11835 W. Olympic Blvd., Suite 300<br>Los Angeles, CA 90064 |



