AGUSTIN D. OROZCO (BAR NO. 271852)
STEPHEN M. BYERS (*Pro Hac Vice*)
RAIJA J. HORSTMAN (BAR NO. 277301)
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
Telephone: 213.622.4750
Facsimile: 213.622.2690
E-Mail: aorozco@crowell.com
sbyers@crowell.com
rhorstman@crowell.com

SCOTT J. LEIPZIG (BAR NO. 192005)
E-Mail: sleipzig@allenmatkins.com
TIM C. HSU (BAR NO. 279208)
E-Mail: thsu@allenmatkins.com
SHAUNA E. WOODS (BAR NO. 300339)
E-Mail: swoods@allenmatkins.com
ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone: (213) 622-5555
Fax: (213) 620-8816

Attorneys for Defendants
Donald G. Abbey; Abbey-Properties LLC; Abbey Properties II LLC; AP-Sierra LLC; AP Palmdale LLC; DGA Properties LLC; DGA Properties II LLC; and Nittany Lion Landscaping, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| LOS ANGELES COUNTY, THE STATE OF CALIFORNIA, and THE UNITED STATES OF AMERICA, ex rel. KAREN GLUCK,<br><br>Plaintiffs,<br><br>vs.<br><br>THOMAS SHEPOS et al.,<br><br>Defendants. | Case No. 2:19-cv-01773-PA-MAA<br><br>District Judge: Hon. Percy Anderson<br>Magistrate Judge: Hon. Maria A. Audero<br><br>**STIPULATION TO CONTINUE TRIAL DATE AND HEARING ON MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION** |

# STIPULATION

This Stipulation is by and among Intervenor and Real Party in Interest the County of Los Angeles (the "County"), Plaintiff and Relator Karen Gluck and Defendants Thomas Shepos, Arman Gabaee Frank Visco, Visco Financial Inc., and Fraber Properties II, LLC; Gregory Hanes, 300 K-6, LLC, and 43917 Division Street, LLC; Donald Abbey, AP-Sierra LLC, AP-Palmdale LLC, DGA-Properties LLC, DGA-Properties II, LLC, Abbey Properties LLC, Abbey-Properties II LLC, Nittany Lion Landscaping, Inc., AP Commerce Plaza LLC, the Abbey Management Co., LLC, Mark Gabay, Charles Company Partnership, Excel Property Management Services, Inc., Oakshire, LLC, Wilhurst, Inc., Town Investments, LLC, Sancam Inc., M&A Gabaee, LP, Greenoak Investments, LLC, Maple19, LP, Urban Grove19, LLC, Oppidan, LLC, The Charles Company, Inc., Loma Vista, LLC, Noble Investments, LP, and Endure Investments LLC (all together, the "Stipulating Parties").

WHEREAS, Qui Tam Plaintiff Karen Gluck filed her Complaint on March 11, 2019 (the "Complaint");

WHEREAS, the County filed its Complaint in Intervention on November 9, 2023 ("Complaint in Intervention");

WHEREAS, this case is of significant public interest, and Plaintiffs seek over $100 million in damages arising out of an alleged bribery scheme involving County leases, a portion of which was paid for by the State of California and the United States Government, whose interests are represented in the Complaint and Complaint-in-Intervention;

WHEREAS, on or about July 15, 2025, the Court entered a Civil Trial Scheduling Order, setting a Jury Trial Date of April 28, 2026, and certain pre-trial deadlines, including a motion cut-off date of February 23, 2026;

WHEREAS, there are 35 Defendants in this action, comprising five different Defendant "groups" and two individuals;

WHEREAS, Plaintiffs have been diligent in discovery to meet the current fact discovery deadline, including, serving initial discovery requests to all Defendants in March 2025 and follow-up discovery on an as-needed basis; serving Rule 30(b)(6) topics in September 2025; timely initiating discovery disputes, which have resulted in four informal discovery conferences before the Magistrate Judge; and substantially completing their document production by December 5, 2025;

WHEREAS, the parties have taken several depositions, including key fact witnesses;

WHEREAS, certain discovery has been delayed for numerous reasons, including, *inter alia*, the following circumstances:

(a) Defendant Frank Visco had surgery in November 2025 and was unable to sit for his scheduled deposition;

(b) Defendant Donald Abbey, who is named as an individual in this action, and was also initially designated as the 30(b)(6) witness for AP-Sierra LLC, AP-Palmdale LLC, DGA-Properties LLC, DGA-Properties II, LLC, Abbey Properties LLC, Abbey-Properties II LLC, Nittany Lion Landscaping, Inc., AP Commerce Plaza LLC, and the Abbey Management Co., LLC, had spinal surgery in October 2025. During the surgery, Mr. Abbey's laryngeal nerves were inadvertently cut, causing vocal damage and preventing him from being able to speak. Mr. Abbey will require two additional surgeries to rectify the damage, or he will otherwise be unable to speak and wheelchair bound for the remainder of his life. The nerve damage and related vocal cord damage continues to prevent him from being able to sit for his deposition in his personal capacity. The Abbey Defendants have designated new witnesses for their 30(b)(6) depositions;

(c) Defendant Arman Gabaee was previously incarcerated and then *pro se* until June 2025;

(d) Defendants Frank Visco, Visco Financial Inc., and Fraber Properties II, LLC substituted counsel in May 2025 and again in August 2025,

resulting in delays in vendor retention for document production;

(e) Counsel for Defendants Mark Gabay, Charles Company Partnership, Excel Property Management Services, Inc., Oakshire, LLC, Wilhurst, Inc., Town Investments, LLC, Sancam Inc., M&A Gabaee, LP, Greenoak Investments, LLC, Maple19, LP, Urban Grove19, LLC, Oppidan, LLC, The Charles Company, Inc., Loma Vista, LLC, Noble Investments, LP, and Endure Investments LLC (the "Gabay Defendants") were unavailable for the entire month of November 2025 due to arbitration in another matter, which delayed the resolution of an ongoing discovery dispute and deposition scheduling;

(f) Counsel for the Gabay Defendants will be engaged in trial from February 16-20, 2026;

WHEREAS, Plaintiffs requested in November 2025 that the parties reach a stipulated briefing schedule in light of the Court's instructions that "in the usual case, the Court expects that more than the minimum notice will be provided to counsel opposing motions for summary judgment" and "the parties should confer and agree on the date for setting such motions," and further inquired whether any other defendants anticipated filing a motion, as that would impact the amount of time needed to account for Plaintiffs' oppositions;

WHEREAS, by December 4, 2025, more than thirty defendants (across four defendant groups) stated that they intended to move for summary judgment and/or summary adjudication.

WHEREAS, the same day, Plaintiffs proposed a consolidated briefing schedule as follows: January 12, 2025 for one opening brief per defendant group, February 2, 2025 for Plaintiffs' joint opposition to each motion, February 9, 2025 for reply briefs, and a hearing date of February 23, 2025;

WHEREAS, Plaintiffs require Defendants' depositions and substantial completion of document production to properly oppose the motions, which have yet not occurred due to the health and scheduling reasons articulated above;

WHEREAS, Defendants have asserted that a Rule 30(b)(6) deposition of the County is necessary to file their motions for summary judgment;

WHEREAS, Defendants provided their Rule 30(b)(6) topics to the County on December 9, 2025, totaling more than 120 topics seeking information about thirty years of County leases, policies and procedures, and more;

WHEREAS, the County met and conferred with Defendants on December 12, 2025 but requires reasonable time to identify and prepare appropriate witnesses;

WHEREAS, the parties have agreed to consolidate briefing for any motions for summary judgment and/or summary adjudication, such that each defendant party group will file one motion for summary judgment and/or summary adjudication (resulting in four motions, rather than thirty) against both the County and the Relator (rather than filing two separate motions), and the County and the Relator will jointly respond in one motion (rather than filing separate oppositions).

WHEREAS, given the parties will be submitting joint briefs, rather than separate briefs which would have permitted the parties to file two brief for a total of 14,000 words, the parties request that they be permitted ten additional pages for any motions for summary judgment and/or adjudication, and any oppositions thereto.

Accordingly, the parties have agreed to continue the hearing for any motions for summary judgment and/or summary adjudication date to March 16, 2026. The parties have further agreed that the trial date may remain as scheduled or may be continued to May 12, 2026, or as soon thereafter as the Court is available.

This is the first request for an extension.

The Stipulating Parties thus stipulate as follows:

1. The parties' deadline to file any motion for summary judgment and/or summary adjudication will be February 2, 2026;

2. The parties' page limit for any motion for summary judgment and/or summary adjudication will be 35 pages.

LAW OFFICES
Allen Matkins Leck Gamble Mallory & Natsis LLP

-5-

Case No. 2:19-cv-01773-PA-MAA
STIPULATION RE SUMMARY JUDGMENT AND/OR SUMMARY

LA ACTIVE 608328220.1
1447118E3608328220.1
768734.1

3. The deadline to file an opposition to any motion for summary judgment and/or summary adjudication will be due February 23, 2026;

4. The parties' page limit for any opposition to any motion for summary judgment and/or summary adjudication will be 35 pages.

5. The deadline to file replies in support of any motion for summary judgment and/or summary adjudication will be due March 2, 2026;

6. The hearing date for any motion for summary judgment and/or summary adjudication will be continued from February 23, 2025 to March 16, 2026; and

7. The trial date may remain as scheduled, pursuant to Court order, or may be continued to May 12, 2026, or as soon thereafter as the Court is available.

Dated: December 22, 2025        THE LEICHTER FIRM APC

By: */s/ Kevin J. Leichter*
　　KEVIN J. LEICHTER
　　ANDREW E. HEWITT
　　Attorneys for Defendants MARK GABAY; CHARLES COMPANY PARTNERSHIP; EXCEL PROPERTY MANAGEMENT SERVICES, INC.; OAKSHIRE, LLC; WILHURST, INC.; TOWN INVESTMENTS, LLC; SANCAM INC.; M&A GABAEE, LP; GREENOAK INVESTMENTS, LLC; MAPLE19, LP; URBAN GROVE19, LLC; OPPIDAN, LLC; THE CHARLES COMPANY, INC.; LOMA VISTA, LLC; NOBLE INVESTMENTS, LP; AND ENDURE INVESTMENTS LLC

| | | |
|---|---|---|
| 1 | Dated: December 22, 2025 | CROWELL & MORING LLP |
| 2 | | |
| 3 | | By: */s/ Raija J. Horstman* |
| 4 | |     Raija Horstman |
| | |     Agustin D. Orozco |
| 5 | |     Stephen M. Byers (*pro hac vice*) |
| | | Attorneys for Defendants |
| 6 | | DONALD G. ABBEY; AP-SIERRA LLC; AP-PALMDALE PLACE LLC; DGA-PROPERTIES |
| 7 | | LLC; DGA-PROPERTIES II LLC; ABBEY-PROPERTIES LLC; ABBEY-PROPERTIES II |
| 8 | | LLC; ABBEY COMPANIES LLC; AP-COMMERCE PLAZA LLC; THE ABBEY |
| 9 | | MANAGEMENT COMPANY LLC; AND NITTANY LION LANDSCAPING, INC. |
| 10 | Dated: December 22, 2025 | MILLER BARONDESS, LLP |
| 11 | | |
| 12 | | By: */s/ Nathalie Schachner* |
| | | NATHALIE SCHACHNER |
| 13 | | Attorneys for Plaintiff |
| 14 | | COUNTY OF LOS ANGELES |
| 15 | Dated:  December 22, 2025 | SUSMAN GODFREY L.L.P. |
| 16 | | |
| 17 | | By: */s/ Eliza Finley* |
| | | DAVID PETERSON |
| 18 | | AMANDA BONN |
| 19 | | CONNOR COHEN |
| | | ELIZA FINLEY |
| 20 | | Attorneys for Qui Tam Plaintiff Karen Gluck |
| 21 | Dated: December 22, 2025 | KJC LAW GROUP |
| 22 | | |
| 23 | | By */s/ Kevin J. Cole* |
| | | KEVIN J. COLE |
| 24 | | BLAIR CASTLE |
| 25 | | Attorneys for Defendants |
| | | FRANK VISCO; VISCO FINANCIAL INC.; and |
| 26 | | FRABER PROPERTIES II, LLC |
| 27 | | |
| 28 | | |

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

LA ACTIVE 608328220.1
4914-7848-3604
768734.1

-7-

Case No. 2:19-cv-01773-PA-MAA
STIPULATION RE SUMMARY JUDGMENT AND/OR SUMMARY

| | | |
|---|---|---|
| 1 | Dated: December 22, 2025 | DERRYBERRY & ASSOCIATES LLP |
| 2 | | |
| 3 | | By: */s/ Steven Derryberry* |
| | | STEVEN DERRYBERRY |
| 4 | | Attorneys for Defendants |
| 5 | | GREGORY HANES; 300 K-6, LLC; and 43917 DIVISION STREET, LLC |
| 6 | | |
| 7 | Dated: December 22, 2025 | ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP |
| 8 | | |
| 9 | | By */s/ Shauna E. Woods* |
| 10 | | SHAUNA WOODS |
| | | Attorneys for Defendants |
| 11 | | DONALD G. ABBEY; AP-SIERRA LLC; AP-PALMDALE PLACE LLC; DGA-PROPERTIES LLC; DGA-PROPERTIES II LLC; ABBEY-PROPERTIES LLC; ABBEY-PROPERTIES II LLC; ABBEY COMPANIES LLC; AP-COMMERCE PLAZA LLC; THE ABBEY MANAGEMENT COMPANY LLC; AND NITTANY LION LANDSCAPING, INC. |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

LA #4869-3608-3220.1
ACTIVE 608328220.1
768734.1

-8-
Case No. 2:19-cv-01773-PA-MAA
STIPULATION RE SUMMARY JUDGMENT AND/OR SUMMARY

-9-

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: December 22, 2025 | THOMAS SHEPOS |
| 3 | | |
| 4 | | By */s/ Thomas Shepos* |
| | | THOMAS SHEPOS |
| 5 | | Pro Se |
| 6 | | |
| 7 | | |
| 8 | Dated: December 22, 2025 | WEXFORD LAW |
| 9 | | |
| 10 | | By */s/ Michael Devereux* |
| | | MICHAEL DEVEREUX |
| 11 | | Attorneys FOR Arman Gabaee |

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all signatories listed above, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  December 22, 2025

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: */s/ Shauna E. Woods*
SHAUNA E. WOODS
Attorneys for Defendants
Donald G. Abbey; Abbey-Properties LLC; Abbey Properties II LLC; AP-Sierra LLC; AP Palmdale LLC; DGA Properties LLC; DGA Properties II LLC; and Nittany Lion Landscaping, Inc.

LAW OFFICES
Allen Matkins Leck Gamble Mallory & Natsis LLP

-10-

Case No.  2:19-cv-01773-PA-MAA
STIPULATION RE SUMMARY JUDGMENT AND/OR SUMMARY

LA ACTIVE 608328220.1
768734.1