Michael S. Devereux  (SBN 225240)
9440 Santa Monica Blvd, Suite 301
Beverly Hills, California  90210
Telephone: (424) 600-8584
Email: mike@wex.law

Attorneys for DEFENDANT, ARMAN GABAEE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| THE COUNTY OF LOS ANGELES, THE STATE OF CALIFORNIA and THE UNITED STATE OF AMERICA *ex rel.* KAREN GLUCK,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS SHEPOS, et al.,<br><br>Defendants. | Case No. 2:19-cv-01773-PA-MAA<br><br>NOTICE OF MOTION AND MOTION OF DEFENDANT ARMAN GABAEE FOR SUMMARY JUDGMENT<br><br>**(Hon. Percy Anderson)**<br><br>(*Filed concurrently herewith:*<br>• *Separate Statement of Uncontroverted Facts;*<br>• *Declaration of Michael Devereux*<br>• [Proposed] Order)<br>Hearing: March 16, 2026<br>Time:   1:30 p.m.<br>Ctrm:    9A<br><br>Complaint Filed: March 11, 2019<br>Trial Date: April 28, 2026 |

**PLEASE TAKE NOTICE** that, on March 16, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 9A of the above-captioned Court located at 350 West First Street, Los Angeles, California 90012, Defendant Arman Gabaee will and hereby does move for summary judgment pursuant to Federal Rule of Civil Procedure 56 on all claims asserted against him in the operative complaint,

or, in the alternative, for partial summary judgment on such claims or issues as identified in the accompanying Separate Statement of Uncontroverted Facts and Conclusions of Law.

This Motion is based on the following grounds: (1) Plaintiffs cannot establish a genuine dispute of material fact that Mr. Gabaee offered or provided anything of value to a County official in exchange for a specific official act, as required for their bribery-based theories; (2) Plaintiffs cannot establish causation where undisputed evidence shows that Thomas Shepos lacked unilateral authority to approve or bind the County to any lease or amendment and that County leases required independent review and approval by County Counsel and the Board of Supervisors; and (3) Plaintiffs cannot establish damages because the undisputed evidence shows the County obtained fair-market or favorable lease terms and Plaintiffs have no admissible evidence of cognizable economic loss.

///

///

///

///

///

///

///

This Motion is supported by the accompanying Memorandum of Points and Authorities; the concurrently filed Separate Statement of Uncontroverted Facts and Conclusions of Law; the Declaration of Arman Gabaee; the deposition testimony and exhibits submitted herewith; all pleadings and papers on file in this action; and such further evidence and argument as may be presented at the hearing.

Dated: February 2, 2026

By: *Michael Sean Devereux*
Michael Sean Devereux
Attorney for Defendant
ARMAN GABAEE

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. STATEMENT OF ISSUES PRESENTED..........................................................1

III. SUMMARY OF UNDISPUTED MATERIAL FACTS ....................................2

IV. LEGAL STANDARD .........................................................................................3

V. ARGUMENT ........................................................................................................4

    A. Plaintiffs Cannot Establish a Quid Pro Quo or Bribery as a Matter of Law..........................................................................................................4

    B. No Genuine Dispute Exists as to Causation .................................................5

    C. Plaintiffs Cannot Prove Cognizable Damages ............................................5

    D. Plaintiffs Derivative Claims Fail as a Matter of Law ................................6

    E. Snyder v. United States Supports Dismissing Gratuity-Style Theories Untethered to Any Pre-Act Agreement ...............................................6

    F. Temporal Mismatch Between TAC Allegations and Mr. Gabaee's Criminal Plea Conduct .........................................................................7

VI. EVIDENTIARY SUPPORT AND DECLARATIONS.....................................7

VI. CONCLUSION ...................................................................................................8

# TABLE OF AUTHORITIES

**CASES**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). ........................................... 4

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). .......................................................... 4

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)
 ................................................................................................................................ 4

*McDonnell v. United States*, 579 U.S. 550 (2016). .................................................... 4

*Oracle Corp. v. SAP AG*, 765 F.3d 1081 (9th Cir. 2014) .......................................... 6

*Snyder v. United States*, 603 U.S. ___ (2024), ......................................................... 6

**STATUTES**

18 U.S.C. § 666 ............................................................................................................ 6

**RULES**

Fed. R. Civ. P. 56 ..................................................................................................... 4, 8

### *MEMORANDUM OF POINTS AND AUTHORITIES*

**I. INTRODUCTION**

Although the Third Amended Complaint spans hundreds of pages and dozens of defendants, the theory against Defendant Arman Gabaee is narrow. Plaintiffs allege that Mr. Gabaee personally bribed a County employee, Thomas Shepos, in exchange for favorable County leasing decisions. Every claim asserted against Mr. Gabaee depends on that alleged quid pro quo. The undisputed record demonstrates there was no quid pro quo involving Arman Gabaee.

After years of discovery, Plaintiffs still cannot produce admissible evidence establishing the essential elements of their claims against Arman Gabaee. The undisputed record shows that no bribe or thing of value was offered or paid in exchange for any official act, that the County's leasing decisions were approved through a multilayered process Mr. Shepos did not control, and that the County received the benefit of its bargain and suffered no damages

**II. STATEMENT OF ISSUES PRESENTED**

1. Shepos lacked unilateral authority to approve, execute, or bind the County to any lease or lease amendment.

2. All County leases and amendments required independent review and approval by County Counsel, senior administrators, and/or the Board of Supervisors.

3. Under oath, Shepos testified that Mr. Gabaee did not give him money, gifts, travel, or anything of value in exchange for any official act.

4. Shepos further testified there was no express or implied agreement tying any benefit from Mr. Gabaee to County leasing decisions, and no quid pro quo existed.

5. Independent County officials approved each lease and amendment involving Mr. Gabaee.

6. The County obtained fair-market or better terms in transactions involving Mr. Gabaee.

7. Plaintiffs have no admissible evidence that the County suffered any economic loss as a result of leases involving Mr. Gabaee.

### III. SUMMARY OF UNDISPUTED MATERIAL FACTS

- Thomas Shepos held various positions in the County's Real Estate Division but lacked unilateral authority to approve leases, amendments, or tenant improvements.

- County leases require review by County Counsel, the Real Estate Management Commission (for qualifying leases), and final approval by the Board of Supervisors.

- Under oath, Shepos testified that Arman Gabaee did not offer or give him anything of value in exchange for any lease, amendment, or favorable County action.

- Shepos testified there was no agreement, express or implied, tying any payment or benefit from Mr. Gabaee to a specific official act.

- The County approved the leases at issue because they were in the County's interest and at or below market rates.

- In Shepos's criminal case, he was not charged with receiving bribes from Arman Gabaee in exchange for County action; his convictions related to false statements and tax offenses, with restitution payable to the IRS—not the County.

- Plaintiffs have identified no admissible evidence of economic damages suffered by the County attributable to Mr. Gabaee.

**IV. LEGAL STANDARD**

Summary judgment must be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

3

Civ. P. 56(a). A dispute is genuine only if a reasonable jury could return a verdict for the nonmoving party, and a fact is material only if it could affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When the moving party shows an absence of evidence supporting an essential element of the nonmovant's case, the burden shifts to the nonmovant to set forth specific facts showing a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Conclusory allegations, speculation, and hearsay are insufficient. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

## V. ARGUMENT

### A. Plaintiffs Cannot Establish a Quid Pro Quo or Bribery as a Matter of Law

Bribery-based civil claims require evidence of an offer or payment made in exchange for a specific official act. *McDonnell v. United States*, 579 U.S. 550, 572–73 (2016). Generalized goodwill, friendship, or untethered benefits do not suffice.

Here, the undisputed testimony of Thomas Shepos forecloses Plaintiffs' theory. Shepos testified that Arman Gabaee did not give him anything of value in exchange for leases or County action and that no lease or amendment was requested "for this money." Plaintiffs cannot create a triable issue by contradicting sworn testimony with speculation or inference.

As set forth in the Defendant's Separate Statement of Uncontroverted Facts Nos. 3 through 5, the undisputed evidence establishes that Mr. Gabaee did not give anything of value in exchange for any official act and that no agreement—express or implied—ever existed.

### B. No Genuine Dispute Exists as to Causation

Even if Plaintiffs could identify something of value, they cannot establish causation. Shepos lacked unilateral authority over County leases, which required independent review and approval by multiple entities, culminating in the Board of Supervisors. Where independent decision-makers break the causal chain, bribery and false claims theories fail as a matter of law.

Defendant's Separate Statement of Uncontroverted Facts Nos. 1, 2, and 7 confirm that County leases were approved through an independent, multi-level process not controlled by Mr. Shepos, defeating causation as a matter of law.

### C. Plaintiffs Cannot Prove Cognizable Damages

Damages are an essential element of Plaintiffs' claims. The undisputed record shows the County received fair-market or favorable terms, including protective options and termination rights. Shepos testified that many Gabaee-related leases were at the lower end of the market. No restitution was ordered to the County in Shepos's criminal case, underscoring the absence of County loss.

Speculation about hypothetical alternatives does not create a triable issue of damages. *Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1093 (9th Cir. 2014).

As demonstrated by Defendant's Separate Statement of Uncontroverted Facts Nos. 6, 9 and 10, the County received the benefit of its bargain and suffered no economic loss, foreclosing Plaintiffs' damages theory.

### D. Plaintiffs Derivative Claims Fail as a Matter of Law

The government did not charge Shepos with accepting bribes from Arman Gabaee for County action. His convictions concerned false statements and tax reporting. Plaintiffs cannot bootstrap civil liability onto criminal conduct that was neither charged nor proven.

Because Defendant's Separate Statement of Uncontroverted Facts Nos. 3 through 5 establish the absence of any bribery or unlawful agreement; Plaintiffs' derivative statutory and implied-certification theories fail as a matter of law.

### E. Snyder v. United States Supports Dismissing Gratuity-Style Theories Untethered to Any Pre-Act Agreement

To the extent Plaintiffs rely on alleged gratuities or after-the-fact benefits, *Snyder v. United States*, 603 U.S. ___ (2024), confirms § 666 proscribes bribes, not gratuities for past acts; the timing and existence of an agreement to influence is key. The Supreme Court held that 18 U.S.C. § 666 only criminalizes bribes received in exchange for official acts. The Court held that the statute *does not* apply to

"gratuities" or gifts – such as gift cards or lunches – given for past acts, absent a quid pro quo agreement between the payor and the official. Plaintiffs identify no evidence of an agreement by Mr. Gabaee to influence a specific official act in exchange for a thing of value, and their gratuity-style theories cannot survive summary judgment.

### F. Temporal Mismatch Between TAC Allegations and Mr. Gabaee's Criminal Plea Conduct

The TAC alleges conduct stretching back to 1999 through 2015 regarding various leases and benefits, while Mr. Gabaee's plea concerns alleged conduct during 2016–2017; Plaintiffs' earlier lease-based claims against Mr. Gabaee are not supported by his plea's factual basis. Plaintiffs thus cannot rely on the plea to establish elements for the distinct, earlier TAC claims.

Because Defendant's Separate Statement of Uncontroverted Fact No. 11 establishes the absence of any bribery or unlawful agreement before 2016; Plaintiffs' derivative statutory and implied-certification theories fail as a matter of law.

## VI. EVIDENTIARY SUPPORT AND DECLARATIONS

This Motion is supported by: (1) Separate Statement of Uncontroverted Facts and Conclusions of Law; (2) Declaration of Arman Gabaee; (3) deposition testimony of Thomas Shepos; and (4) Declaration of Michael Devereux. To the extent Plaintiffs contend criminal filings involving Mr. Shepos bear on this case,

7

the record reflects that Shepos was not charged with bribery involving County leases in the presented excerpts, and the County did not obtain lease-related restitution, underscoring the absence of County loss in these transactions; the evidentiary content of those exhibits will be authenticated as appropriate in the record submitted with this Motion.

## VI. CONCLUSION

Rule 56 exists precisely for cases like this. Where, as here, the nonmoving party bears the burden of proof at trial and fails to adduce evidence sufficient to create a genuine dispute of material fact, summary judgment is mandatory. After full discovery, the Plaintiffs have failed to produce evidence establishing a quid pro quo, causation, or damages as to Defendant Arman Gabaee. Nor have they raised a genuine dispute of material fact on any essential element required to proceed to trial.

Because Plaintiffs' claims rest on speculation rather than admissible evidence, and because the undisputed record entitles Defendant to judgment as a matter of law, the Court should grant Defendant Arman Gabaee's Motion for Summary Judgment in its entirety.

Dated: February 2, 2026

By: *Michael Sean Devereux*
Michael Sean Devereux
Attorney for Defendant
ARMAN GABAEE