Michael S. Devereux (SBN 225240)
9440 Santa Monica Blvd, Suite 301
Beverly Hills, California 90210
Telephone: (424) 600-8584
Email: mike@wex.law

Attorneys for DEFENDANT, ARMAN GABAEE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| THE COUNTY OF LOS ANGELES, THE STATE OF CALIFORNIA and THE UNITED STATE OF AMERICA *ex rel.* KAREN GLUCK,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS SHEPOS, et al.,<br><br>Defendants. | Case No. 2:19-cv-01773-PA-MAA<br><br>**DEFENDANT's ARMAN GABAEE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>**(Hon. Percy Anderson)**<br><br>Hearing: March 16, 2026<br>Time:     1:30 p.m.<br>Ctrm:    9A<br><br>Complaint Filed: March 11, 2019<br>Trial Date: April 28, 2026 |

Pursuant to Central District of California Local Rule 56-1, Defendant Arman Gabaee, as the moving party on the Motion for Summary Judgment or, in the alternative, Partial Summary Judgment (the "Motion"), submits this Statement of Uncontroverted Facts and Conclusions of Law.

**UNCONTROVERTED FACTS**

1

Defendant Arman Gabaee contends that there is no genuine issue about the following material facts:

| **UNCONTROVERTED FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| **1.** Thomas Shepos did not possess unilateral authority to approve, execute, or bind the County to any lease or lease amendment. | Shepos Depo. Vol. 2, 356:1-358:25 |
| 2. All County leases and amendments required independent review and approval by County Counsel, senior administrators, and/or the Board of Supervisors. | Shepos Depo. Vol. 1, 27:21-28:5 |
| 3. Arman Gabaee did not give Thomas Shepos money, gifts, travel, or any thing of value in exchange for any official act. | Shepos Depo. Vol. 1, 290:21-27; 315:5-56; 323:69-325:78 |
| **4.** There was no agreement—express or implied—between Arman Gabaee and | Shepos Depo. Vol. 1, 328:14-39 |

2

| | | |
|---|---|---|
| | Thomas Shepos tying any benefit to County leasing decisions. | |
| | **5.** Thomas Shepos testified under oath that no quid pro quo existed involving Arman Gabaee. | Shepos Depo. Vol. 1, 328:14-39 |
| | **6.** The County obtained fair-market or better lease terms in transactions involving Arman Gabaee. | Shepos Depo. Vol. 1, 329:69-330:77 |
| | **7.** Independent County officials approved each lease and amendment involving Arman Gabaee. | Shepos Depo. Vol. 1, 27:1-25; 28:1-5 |
| | **8.** Thomas Shepos was never charged with criminal bribery or corruption in connection with County leases. | Shepos Depo. Vol. 3, (rough draft from 1/30/2026) 67:13–67:24 |
| | **9.** The County did not seek or obtain restitution related to any lease involving Thomas Shepos. | Shepos Depo. Vol. 3, (rough draft from 1/30/2026) 69:2–69:13 |

| 10. Plaintiffs have no admissible evidence that the County suffered any economic loss as a result of leases involving Arman Gabaee. | Shepos Depo. Vol. 1, 329:69-77 |
|---|---|

## CONCLUSIONS OF LAW

1. Summary judgment is appropriate where no genuine dispute of material fact exists and the movant is entitled to judgment as a matter of law.

2. Because UMFs 3–5 establish the absence of any quid pro quo or agreement to influence, Plaintiffs cannot prove essential elements of their bribery-based theories.

3. Because UMFs 1–2 and 7 establish lack of unilateral authority and independent County approvals, Plaintiffs cannot establish causation as a matter of law.

///

///

///

///

4. Because UMFs 6 and 8 establish fair-market/favorable terms and no admissible damages evidence, Plaintiffs cannot establish cognizable injury, warranting judgment for Defendant.

Dated: February 2, 2026

By: *Michael Sean Devereux*
Michael Sean Devereux
Attorney for Defendant
ARMAN GABAEE

MICHAEL DEVEREUX, ESQ.