AGUSTIN D. OROZCO (BAR NO. 271852)
STEPHEN M. BYERS (*Pro Hac Vice*)
RAIJA J. HORSTMAN (BAR NO. 277301)
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Phone: 213.622.4750; Fax: 213.622.2690
E-Mail: aorozco@crowell.com
sbyers@crowell.com
rhorstman@crowell.com

SCOTT J. LEIPZIG (BAR NO. 192005)
E-Mail: sleipzig@allenmatkins.com
TIM C. HSU (BAR NO. 279208)
E-Mail: thsu@allenmatkins.com
SHAUNA E. WOODS (BAR NO. 300339)
E-Mail: swoods@allenmatkins.com
ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone: (213) 622-5555; Fax: (213) 620-8816

Attorneys for Defendants
Donald G. Abbey; Abbey-Properties LLC; Abbey Properties II LLC; AP-Sierra LLC; AP Palmdale LLC; DGA Properties LLC; DGA Properties II LLC; and Nittany Lion Landscaping, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| LOS ANGELES COUNTY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS SHEPOS, *et al.*, <br><br> Defendants. | Case No. 2:19-cv-01773-PA-MAA <br><br> **EX PARTE APPLICATION TO EXTEND DISCOVERY CUT-OFF DATE; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Assigned to the Hon. Percy Anderson, Ctrm 9A, and Magistrate Judge Maria A. Audero, Ctrm. 880 <br><br> Trial Date: April 28, 2026 |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

EX PARTE APPLICATION TO EXTEND
DISCOVERY CUT-OFF DATE; MPA

4937-1544-1807.2

**TO THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:**

Defendants Donald G. Abbey; Abbey-Properties LLC; Abbey Properties II LLC; AP-Sierra LLC; AP Palmdale LLC; DGA Properties LLC; DGA Properties II LLC; and Nittany Lion Landscaping, Inc. (the "Abbey Defendants") hereby move this Court *ex parte* for an Order extending the discovery and motion cut-off date for the limited purpose of having the following motions heard and the relief sought therein granted:

(1) **Motion 1:** Motion to Compel the County to produce documents filed on January 28, 2026 by Defendants Mark Gabay, Charles Company Partnership, Excel Property Management Services, Inc., Oakshire, LLC, Wilhurst, Inc., Town Investments, LLC, Sancam Inc., M&A Gabaee, LP, Greenoak Investments, LLC, Maple19, LP, Urban Grove19, LLC, Oppidan, LLC, The Charles Company, Inc., Loma Vista, LLC, Noble Investments, LP, and Endure Investments LLC (collectively, "Gabay Defendants"), Defendants Frank Visco, Visco Financial Inc., and Fraber Properties II, LLC (collectively, "Visco Defendants"), and Donald Abbey, AP-Sierra LLC, AP-Palmdale LLC, DGA-Properties LLC, DGA-Properties II, LLC, Abbey Properties LLC, Abbey-Properties II LLC, Nittany Lion Landscaping, Inc.; AP Commerce Plaza LLC, and the Abbey Management Co., LLC (collectively, "Abbey Defendants") (Gabay Defendants, Visco Defendants, and Abbey Defendants are collectively referred to herein as "Defendants"). ("Motion 1," ECF No. 745.)

(2) **Motion 2:** Motion for an order compelling the County to supplement its document productions to Defendant Donald Abbey's, AP-Palmdale Place LLC's, AP Commerce Plaza LLC's, and AP-Sierra LLC's first set of requests for production or, in the alternative, provide a supplemental

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

4937-1544-1807.2

-2-

Case No. 2:19-cv-01773-PA-MAA
EX PARTE APPLICATION TO EXTEND
DISCOVERY CUT-OFF DATE; MPA

1  privilege log with sufficient privilege assertions. ("Motion 2," ECF No. 747.)

2  The Gabay Defendants, Visco Defendants, and Defendants Gregory Hanes; 300 K-6, LLC and 43917 Division Street, LLC (the "Hanes Defendants") join in this *Ex Parte* Application in order to extend the discovery and motion cut-off date set in Judge Anderson's Scheduling Order to allow Motion 1 and Motion 2 to be heard.

Pursuant to L.R. 7-19, contact information for all other counsel in this action is as follows:

| | |
|---|---|
| Dawyn R. Harrison<br>Thomas J. Faughnan<br>Tiffani L. Shin<br>Office of Los Angeles County Counsel<br>Kenneth Hahn Hall of Administration<br>500 West Temple Street, Suite 648<br>Los Angeles, CA 90012<br>Tel.: 213-974-1811; Fax: 213-626-7446<br>dharrison@counsel.lacounty.gov<br>tfaughnan@counsel.lacounty.gov<br>tshin@counsel.lacounty.gov | Attorneys for Plaintiff<br>County of Los Angeles |
| Jason H. Tokoro<br>Casey B. Sypek<br>Lauren M. Brody<br>Miller Barondess, LLP<br>2121 Avenue of the Stars, Suite 2600<br>Los Angeles, CA 90067<br>Tel.: 310-552-4400; Fax: 310-552-8400<br>jtokoro@millerbarondess.com<br>csypek@millerbarondess.com<br>lbrody@millerbarondess.com | Attorneys for Plaintiff<br>County of Los Angeles |
| Rocco Magni (*Pro Hac Vice*)<br>David Peterson (*Pro Hac Vice*)<br>Susman Godfrey LLP<br>1000 Louisiana, Suite 5100<br>Houston, TX 77002<br>Tel.: 713-651-9366; Fax: 713-654-6666<br>rmagni@susmangodfrey.com<br>dpeterson@susmangodfrey.com | Co-Counsel for Qui Tam Plaintiff<br>Karen Gluck |
| Thomas J. Shepos<br>4319 Bethpage Drive<br>Palmdale, CA 93551 | Defendant, *in pro per* |

On February 5, 2026, counsel for the Abbey Defendants emailed counsel for the Gabay Defendants, Visco Defendants, and Hanes Defendants, notifying counsel of the Abbey Defendants intent to request an extension of the motion and discovery cut-off date for these limited purpose of having Motions 1 and 2 heard. The Gabay Defendants, Visco Defendants, and Hanes Defendants informed the Abbey Defendants that they would join in the requested relief. *See* Declaration of Shauna Woods ¶ 6. On February 13, 2026, the Abbey Defendants notified the remainder of counsel in this matter of their intent to move ex parte for this requested relief. *Id.* Ex. 1.

This application is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Shauna E. Woods, the pleadings, papers, and records on file in this action, and any evidence or arguments that may be presented to the Court at or before the hearing.

Dated: February 13, 2026

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: */s/ Shauna E. Woods*
SHAUNA E. WOODS
Attorneys for Defendants
Donald G. Abbey; Abbey-Properties LLC; Abbey Properties II LLC; AP-Sierra LLC; AP Palmdale LLC; DGA Properties LLC; DGA Properties II LLC; and Nittany Lion Landscaping, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Donald G. Abbey; Abbey-Properties LLC; Abbey Properties II LLC; AP-Sierra LLC; AP Palmdale LLC; DGA Properties LLC; DGA Properties II LLC; and Nittany Lion Landscaping, Inc. (the "Abbey Defendants") respectfully request that this Court extend the discovery and motion cut-off date for the limited purpose of having the following motions heard and the relief sought therein granted:

(3) **Motion 1:** Motion to Compel the County to produce documents filed on January 28, 2026 by Defendants Mark Gabay, Charles Company Partnership, Excel Property Management Services, Inc., Oakshire, LLC, Wilhurst, Inc., Town Investments, LLC, Sancam Inc., M&A Gabaee, LP, Greenoak Investments, LLC, Maple19, LP, Urban Grove19, LLC, Oppidan, LLC, The Charles Company, Inc., Loma Vista, LLC, Noble Investments, LP, and Endure Investments LLC (collectively, "Gabay Defendants"), Defendants Frank Visco, Visco Financial Inc., and Fraber Properties II, LLC (collectively, "Visco Defendants"), and Donald Abbey, AP-Sierra LLC, AP-Palmdale LLC, DGA-Properties LLC, DGA-Properties II, LLC, Abbey Properties LLC, Abbey-Properties II LLC, Nittany Lion Landscaping, Inc.; AP Commerce Plaza LLC, and the Abbey Management Co., LLC (collectively, "Abbey Defendants") (Gabay Defendants, Visco Defendants, and Abbey Defendants are collectively referred to herein as "Defendants") ("Motion 1," ECF No. 745).

(4) **Motion 2:** Motion for an order compelling the County to supplement its document productions to Defendant Donald Abbey's, AP-Palmdale Place LLC's, AP Commerce Plaza LLC's, and AP-Sierra LLC's first set of requests for production or, in the alternative, provide a supplemental privilege log with sufficient privilege assertions ("Motion 2," ECF No. 747).

LAW OFFICES
Allen Matkins Leck Gamble Mallory & Natsis LLP

4937-1544-1807.2

-5-

Case No. 2:19-cv-01773-PA-MAA
EX PARTE APPLICATION TO EXTEND
DISCOVERY CUT-OFF DATE; MPA

Motion 1 and Motion 2 had hearing dates set for February 19, 2026 and February 26, 2026 before Magistrate Judge Maria A. Audero, respectively. On February 3, 2026, Judge Audero denied both Motion 1 and Motion 2 on the grounds that the Motions set hearing dates past the discovery cut-off date and called for discovery activity after the cut-off date. ECF No. 761. Judge Audero specifically found that "[t]his denial is **without prejudice** to the re-filing of Motion 1 and Motion 2 should Judge Anderson extend the discovery cut-off date for such purpose." *Id.*

The Abbey Defendants now respectfully request that the Court extend the discovery and motion cut-off date for the limited purpose of hearing Motion 1 and Motion 2 and granting the relief sought therein. The Gabay Defendants, Visco Defendants, and Defendants Gregory Hanes; 300 K-6, LLC and 43917 Division Street, LLC (the "Hanes Defendants") join in this *Ex Parte* Application.

## II. THERE IS GOOD CAUSE FOR THE COURT TO GRANT AN EXTENSION OF THE DISCOVERY CUT-OFF DATE

The Court has the authority to extend both discovery and motion cut-offs set in its Scheduling Order. *Henderson v. Union Station Homeless Servs.*, No. CV 20-476 PSG (MRWX), 2021 WL 5992294, at *1 (C.D. Cal. May 18, 2021) (granting *ex parte* application to modify scheduling order where, if order was not modified, plaintiffs would be unable to conduct deposition because discovery deadline would have passed and defendants discovery delays would have prevented the court from hearing plaintiffs' motion to modify the scheduling order); *Shaw v. Ultimate Franchises, Inc.*, No. 818CV02273JLSADS, 2020 WL 3213671, at *1 (C.D. Cal. Apr. 30, 2020) (granting ex parte application to modify scheduling order because "all available hearing dates for regularly noticed motions fall after the deadlines Plaintiffs seek to continue" and good cause was shown because of defendants belated discovery responses). Furthermore, courts often modify a discovery cut-off due to deficient discovery responses provided by a party, such as those provided by

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

4937-1544-1807.2                    -6-

Case No. 2:19-cv-01773-PA-MAA
EX PARTE APPLICATION TO EXTEND
DISCOVERY CUT-OFF DATE; MPA

Plaintiff The County of Los Angeles (the "County") in this action. *See, e.g.*, *Bakry v. Zadeh*, No. SACV2001383CJCKESX, 2023 WL 8351519, at *1 (C.D. Cal. Oct. 20, 2023) (granting *ex parte* application and extending discovery cutoff date because of defendants' deficient discovery responses).

### A. There is Good Cause for the Court to Grant an Extension of the Discovery and Motion Cut-Off Date to Hear Motion 1.

There is good cause for this Court to grant an extension of the discovery cut-off to allow for Motion 1 to be heard.

The history of this discovery dispute is set forth, in detail, in Motion 1 and the declarations filed in support and opposition of Motion 1. *See* ECF No. 745 at 1-2. Following the County's insufficient document production, particularly the County's failure to produce documents related to the County Board of Supervisors or their staff, Defendants and the County attempted to negotiate a resolution without the Court's involvement. *See id.* at 1. Pursuant to the Local Rules of this Court, a total of two conferences of counsel between Defendants and the County took place regarding the County's insufficient document production. These conferences took place on December 16, 2025 and December 22, 2025. Following both of these attempts to resolve the discovery issue presented in Motion 1, on January 15, 2026, the parties appeared before this Court for an IDC on both this issue as well as the County's insufficient privilege log detailed in Motion 2.

During the IDC, Judge Audero determined that the County must supplement its document production. The County nonetheless continued to refuse to collect and produce any documents in the possession, custody or control of the County Board of Supervisors or their staff. The County's refusal to do so forced Defendants to file Motion 1 on January 28, 2026—less than two weeks after the IDC.

Defendants filed Motion 1 before the discovery cut-off date set by Judge Anderson's Scheduling Order, but was set for hearing on February 19, 2026, which was the earliest available date and only three days after the February 16, 2026

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

4937-1544-1807.2                -7-

Case No.  2:19-cv-01773-PA-MAA
EX PARTE APPLICATION TO EXTEND
DISCOVERY CUT-OFF DATE; MPA

discovery cutoff.  Defendants thus respectfully request that the Court extends the discovery cut-off date in order for Motion 1 to be heard.

### B. There is Good Cause for the Court to Grant an Extension of the Discovery and Motion Cut-Off Date to Hear Motion 2.

There is also good cause for this Court to grant an extension of the discovery cut-off to allow for Motion 2 to be heard.  Motion 2 was filed on January 30, 2026, and was set to be heard on February 26, 2026, the first date available for the hearing.

Motion 2 was filed following the Abbey Defendants' diligent pursuant of this discovery dispute and extensive meet-and-confer efforts with the County.  The history of this discovery dispute is set forth, in detail, in Motion 2 and the declarations filed in support and opposition of Motion 2.  *See* ECF No. 747, at 4; Declaration of Shauna Woods ["Woods Decl."] ISO Motion 2, ECF No. 747-1, at 2-3.  The Abbey Defendants served their first set of written discovery (Abbey Discovery) on April 30, 2025.  *See* Woods Decl. ¶ 2.  After multiple extensions, the County served responses on July 28, 2025.  *Id.* ¶ 3.  Eight months later, the County served its first privilege log on December 17, 2025.  *Id.,* ¶ 4.  This log was entirely deficient.  Just a few days later, on December 21, 2025, the Abbey Defendants sent a meet and confer letter to the County regarding its deficient privilege log.  *Id.* ¶ 5.  The County refused to supplement its incomplete log.

The parties then attended an informal discovery conference before Judge Audero on January 15, 2026.  *Id.* ¶ 6.  The Magistrate Judge ordered that the County supplement its deficient log.  *Id.* ¶ 7.  As a result, on January 19, 2026, the County produced a supplemental privilege log and a supplemental document production.  *Id.* ¶ 8.  This log revealed that the County is improperly withholding documents on its privilege log.  Specifically, the County's January 19, 2026, privilege log includes a number of communications exclusively between non-attorneys, which it withheld under the attorney-client communication privilege and the work product doctrine.  *Id.* ¶ 8, Ex. F.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4937-1544-1807.2

-8-

Case No.  2:19-cv-01773-PA-MAA
EX PARTE APPLICATION TO EXTEND
DISCOVERY CUT-OFF DATE; MPA

The Abbey Defendants immediately raised this issue with the County, but the County refused to agree to produce the improperly withheld documents. Accordingly, the Abbey Defendants were forced to file Motion 2–along with the County's opposition to this motion per the Local Rules—on January 30, 2026. *See* ECF 747.

Motion 2 was thus filed after the Abbey Defendants' diligent prosecution of discovery and following extensive efforts to informally resolve the pending discovery disputes. In response, the County delayed its response to discovery, the production of a sufficient privilege log, and the production of documents that are highly relevant and are not privileged. This discovery gamesmanship must not be tolerated. February 26, 2026 was the earliest available date for Motion 2, which was filed weeks before the discovery cut-off. Defendants respectfully request that the Court extend the discovery and motion cut-off date in order for Motion 2 to be heard and the relief sought therein granted.

### III. THE COUNTY WILL NOT BE PREJUDICED BY THE RELIEF REQUESTED

The County, nor any other party in this matter, will suffer prejudice from the requested relief. Defendants have been conferring with the County over the discovery issues presented in Motion 1 and Motion 2 for months after the County failed to diligently serve discovery responses and produce documents. It was the County's own dilatory conduct that forced Defendants to file the Motions in January of 2026. It is contrary to justice for the County to benefit from its own discovery delay and gamesmanship. Moreover, the County has been provided sufficient notice of each dispute during the course of meet and confer efforts and when the Motions were filed. The County will suffer no prejudice from discovery and motion being extended for this limited purpose.

Defendants, on the other hand, will be severely prejudiced if the discovery and motion dates are not extended. The County is refusing to produce highly

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

4937-1544-1807.2

-9-

Case No. 2:19-cv-01773-PA-MAA
EX PARTE APPLICATION TO EXTEND
DISCOVERY CUT-OFF DATE; MPA

relevant documents on completely improper grounds.  Defendants require this discovery and a fair process to prepare their defense of this case.

## IV. CONCLUSION

For the above-stated reasons, Defendants, along with the Hanes Defendants, respectfully request that the Court extend the discovery and motion cut-off in order for both Motion 1 and Motion 2 to be heard.

Dated:  February 13, 2026

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: */s/ Shauna E. Woods*
SHAUNA E. WOODS
Attorneys for Defendants
Donald G. Abbey; Abbey-Properties LLC; Abbey Properties II LLC; AP-Sierra LLC; AP Palmdale LLC; DGA Properties LLC; DGA Properties II LLC; and Nittany Lion Landscaping, Inc.

# **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants Donald G. Abbey; Abbey-Properties LLC; Abbey Properties II LLC; AP-Sierra LLC; AP Palmdale LLC; DGA Properties LLC; DGA Properties II LLC; and Nittany Lion Landscaping, Inc., certifies that this brief contains XX words, which:

   X   complies with the word limit of L.R. 11-6.1.

   ___   complies with the word limit set by court order dated [date].

Dated: February 13, 2026

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: */s/ Shauna E. Woods*
SHAUNA E. WOODS
Attorneys for Defendants
Donald G. Abbey; Abbey-Properties LLC; Abbey Properties II LLC; AP-Sierra LLC; AP Palmdale LLC; DGA Properties LLC; DGA Properties II LLC; and Nittany Lion Landscaping, Inc.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4937-1544-1807.2

-11-

Case No. 2:19-cv-01773-PA-MAA
CERTIFICATE OF COMPLIANCE

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2026, I presented the foregoing NOTICE OF AND EX PARTE APPLICATION TO EXTEND DISCOVERY CUT-OFF DATE; MEMORANDUM OF POINTS AND AUTHORITIES with the Clerk of the Court using the CM/ECF system.  The CM/ECF system will send an e-mail message to all parties in the case which constitutes service.  The parties served by e-mail in this case are found on the Court's Electronic Mail Notice List.  Copies have also been sent via U.S. Mail to:

Thomas Shepos
4319 Bethpage Drive
Palmdale, CA  93551

                              */s/ Shauna E. Woods*
SHAUNA E. WOODS
Attorneys for Defendants
Donald G. Abbey; Abbey-Properties LLC; Abbey Properties II LLC; AP-Sierra LLC; AP Palmdale LLC; DGA Properties LLC; DGA Properties II LLC; and Nittany Lion Landscaping, Inc.