UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 19-1773 PA (MAAx) | Date | March 16, 2026 |
| Title | Los Angeles County, et al. ex rel. Karen Gluck v. Thomas Shepos, et al. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS

Before the Court are Motions for Summary Judgment ("Motions") filed by: (1) defendant Arman Gabaee (Docket No. 753);[1] (2) defendants Mark Gabaee, The Charles Company, Inc., Oakshire, LLC, Excel Property Management Services, Inc., Willhurst, Inc., Town Investments, LLC, Sancam, Inc., M&A Gabaee LP, Greenoak Investments, LLC, Maple 19 LP, Urban Grove19, LLC, Oppidan LLC, Loma Vista LLC, Noble Investments LLC, The Charles Company Partnership, Corsair, LLC, and Endure LLC (collectively, along with defendant Arman Gabaee, the "Gabay Defendants") (Docket No. 750); (3) defendants Frank A. Visco, Visco Financial, Inc., and Fraber Properties II, LLC (collectively, the "Visco Defendants") (Docket No. 748); and (4) defendants Gregory Hanes, 300 K-6, LLC, and 43917 Division Street, LLC (collectively, the "Hanes Defendants") (Docket No. 749).[2]

Defendants move for summary judgment as to the claims asserted in the operative Third Amended Complaint ("TAC") filed by Relator Karen Gluck ("Gluck") and the First Amended Complaint in Intervention ("FACII") filed by plaintiff in intervention Los Angeles County (the "County") (jointly "Plaintiffs"). (Docket Nos. 527 and 535.) The Motions are fully briefed. (Docket Nos.782–784, 786, 787, 796, 797, 799–801.) Pursuant to Rule 78 of the Federal Rules

---

[1]      Defendant Arman Gabaee also filed a joinder in the other Gabay Defendants' Motion for Summary Judgment. (Docket No. 803.)

[2]      Defendants Donald G. Abbey, AP-Sierra LLC, AP-Palmdale Place LLC, DGA-Properties LLC, DGA-Properties II LLC, Abbey Properties LLC, Abbey Properties II LLC, AP-Commerce Plaza LLC, Abbey Management Company, LLC, DA Properties, LLC, and Nittany Lion Landscaping (collectively, the "Abbey Defendants") also filed a Motion for Summary Judgment (Docket No. 755), but notified the Court that they had reached a settlement of all claims asserted by Plaintiffs against the Abbey Defendants in this matter. (Docket No. 808.) The Abbey Defendants' Motion and Request for Judicial Notice filed in connection with the Motion (Docket No. 756) are therefore denied as moot.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1773 PA (MAAx) | Date | March 16, 2026 |
|---|---|---|---|
| Title | Los Angeles County, et al. ex rel. Karen Gluck v. Thomas Shepos, et al. | | |

of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing on the Motions was previously removed from the Court's calendar.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This qui tam action arises from a decade long bribery scheme orchestrated by former County employee Thomas Shepos ("Shepos") involving County contracts allegedly worth hundreds of millions of dollars.  The action was originally filed by relator Gluck, Shepos's ex wife.

Shepos served as the Lease Acquisition Section Chief within the County's Chief Executive Office, Real Estate Division, where he exercised broad authority over leasing transactions between the County and private property owners and developers.  On September 5, 2018, he pleaded guilty to tax fraud and making false statements to a government agent.  In his plea agreement, Shepos admitted that, beginning in 2010 or 2011, he used his official position to solicit and receive bribes, kickbacks, and gifts from defendant Arman Gabaee and his affiliated real estate entities.  He acknowledged accepting monthly payments in exchange for providing non public information regarding the County's leasing needs, securing favorable lease terms for Gabaee, and approving fraudulent invoices.

On May 2, 2022, Gabaee pleaded guilty to federal program bribery.  His plea agreement confirms his participation in the same bribery scheme.  Gabaee admitted that, from 2010 until the FBI informed him of the investigation in April 2017, he paid Shepos monthly bribes and kickbacks in exchange for confidential information about County leases, assistance in negotiating advantageous lease terms, and help resolving issues related to County leased properties.  He also admitted that in 2016 he attempted to bribe Shepos by offering to purchase him a $1.1 million home in Santa Rosa, California, in return for his assistance in securing a $45 million County lease in Hawthorne, California.

On March 11, 2019, Gluck initated this action.  On January 10, 2024, she filed a First Amended Complaint, naming dozens of new defendants and adding new factual allegations.  On August 8, 2024, the Court granted the County's motion to dismiss and strike certain allegations in the First Amended Complaint.  (Docket No. 281.)  On November 8, 2024, the Court granted Defendants' Motions to dismiss the Second Amended Complaint ("SAC").  (Docket No. 526.)  On November 22, 2024, Gluck filed a Third Amended Complaint ("TAC") alleging claims for: (1) violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(A); (2) violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(B); and (3) violation of the False Claims Act, 31 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1773 PA (MAAx) | Date | March 16, 2026 |
|---|---|---|---|

| Title | Los Angeles County, et al. ex rel. Karen Gluck v. Thomas Shepos, et al. |
|---|---|

3729(a)(1)(C).[3/] (Docket No. 535.) On January 28, 2025, the Court denied Defendants' Motions to Dismiss the TAC concluding that the issues raised were more appropriately resolved on a motion for summary judgment. (Docket No. 652.)

On October 6, 2023, the County intervened in this action on behalf of itself and the State of California pursuant to the California False Claims Act. On November 15, 2025, the County filed its FACII against Defendants alleging claims for: (1) violation of California Government Code ("Gov't Code") §§ 1090 and 1092; (2) violation of California Gov't Code §§ 87100 and 91003;[4/] (3) violation of the California False Claims Act ("CFCA"), California Gov't Code § 12651(a)(1); (4) violation of the CFCA, California Gov't Code § 12651(a)(2); (5) violation of the CFCA, California Gov't Code § 12651(a)(3); (6) violation of the CFCA, California Gov't Code § 12651(a)(8); (7) violation of California's Unfair Competition Law, California Business & Professions Code §§ 17200, et seq.; (8) fraud; (9) unjust enrichment/restitution;[5/] (10) breach of fiduciary duty; and (11) aiding and abetting breach of fiduciary duty. (Docket No. 527.) The County's claims are based on the same wrongful conduct as alleged in Gluck's TAC.

In the operative complaints, Plaintiffs allege that, beginning in September 2012, while Gluck's divorce proceedings were pending, she reviewed various records, including several boxes of documents from the family storage unit, emails sent to and from the family email account, a discarded smart phone, and various bank account and credit card statements. According to Plaintiffs, Gluck's review of those records resulted in her discovery that Shepos was involved in a widespread bribery scheme. Gluck began meeting with the FBI and the

---

[3/] The False Claims Act imposes civil liability on any person who knowingly submits or causes someone else to submit, false or fraudulent claims to the federal government for payment or approval. The California False Claims Act contains provisions that mirror the federal statute.

[4/] The Court refers to Cal. Govt Code sections 1090, 1092, 87100 and 91003 collectively as California or state conflict of interest laws. Section 1090 prohibits a County employee from being "financially interested" in a contract made by them in their official capacity. Section 87100 prohibits any public official from using their official position to influence a governmental decision in which they have a financial interest. Section 1092 provides the remedy (contract avoidance) for violations of section 1090. Section 91003 provides the legal remedies for violations of section 87100.

[5/] In their Oppositions to the Motions, Plaintiffs represent that they intend to voluntarily dismiss their unjust enrichment claim because it is duplicative of the state conflict of interest claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1773 PA (MAAx) | | Date | March 16, 2026 |
|---|---|---|---|---|
| Title | Los Angeles County, et al. ex rel. Karen Gluck v. Thomas Shepos, et al. | | | |

United States Attorney's Office ("USAO") in March 2015.  Gluck began meeting with the County's investigators June 2017.

Plaintiffs allege that Mark Gabaee and Arman Gabaee (the "Gabays"), through the Charles Company, own more than five million square feet of commercial property in Southern California and entered into ten County leases as part of the alleged bribery scheme.  Plaintiffs assert that each lease contained a "No Bribery Certification," prohibiting County employees from soliciting any consideration from landlords and prohibiting landlords from offering consideration to County employees to obtain favorable treatment.  According to Plaintiffs, the Gabays provided Shepos with cash, gifts, travel, and other things of value.  Plaintiffs further cite purported evidence of the Gabays' involvement, including a shared post office box between Shepos and Arman Gabaee, emails from Shepos's personal account transmitting County information to the Gabays, and an email requesting W 9 information for Shepos's roommate, Jeff Kurtz, to conceal bribe payments.  Plaintiffs also allege that the Gabay Defendants paid for construction work on Shepos's home and acted on behalf of, and as alter egos of, one another.

Plaintiffs allege that Frank Visco played a central role in organizing the bribery scheme, including arranging no bid transactions in the Antelope Valley and meeting weekly with Shepos in Lancaster to coordinate their fraudulent conduct.  Plaintiffs assert that Visco introduced Shepos to defendant Gregory Hanes, who allegedly assisted Shepos in concealing and laundering cash bribes.  Plaintiffs further allege that Visco entered into his own County transactions as part of the scheme, including a lease between the County and Fraber Properties II, LLC for 43423 Division Street in Lancaster, which also contained the No Bribery Certification.  Plaintiffs identify additional evidence of Visco's involvement, including Visco paying for trips for himself and Shepos to resorts and casinos and Shepos's acquisition of multiple life insurance policies from Visco's insurance company.  Plaintiffs allege that Visco owned, controlled, or directed the other Visco Defendants, or alternatively, that he was their alter ego because the entities were inadequately capitalized, failed to observe corporate formalities, and operated with a unity of interest such that their separate identities did not exist.

Plaintiffs allege that Gregory Hanes, a real estate developer, entered into lucrative County leases – including for properties at 300 E. Avenue K-6 and 43917 North Division Road in Lancaster – and worked with Shepos and others to launder the bribery scheme proceeds.  Plaintiffs assert that these leases also contained the No Bribery Certification.  Plaintiffs also identify evidence of Hanes's involvement, including a $25,000 cashier's check allegedly used to funnel bribe proceeds from other developers to Shepos.  Plaintiffs further allege alter-ego and control relationships among all of the Hanes Defendants.

The Motions seek summary judgment on every claim asserted in the Relator's TAC and the County's FACII, advancing substantially overlapping arguments: (1) the federal and state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1773 PA (MAAx) | Date | March 16, 2026 |
|---|---|---|---|
| Title | Los Angeles County, et al. ex rel. Karen Gluck v. Thomas Shepos, et al. | | |

false-claims-act causes of action fail because Plaintiffs cannot establish that Defendants submitted any false claims for payment or approval or satisfy the element of materiality; (2) the state-law conflict-of-interest theories fail because Plaintiffs cannot show that Shepos possessed a qualifying financial interest in the leases or prove any quid pro quo link between the alleged bribes and the lease awards; (3) all claims are untimely under the applicable statutes of limitations; and (4) Plaintiffs cannot substantiate their allegations of alter-ego liability or demonstrate the requisite control among the three defendant groups.[6]

## II.   <u>LEGAL STANDARD</u>

FRCP 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  The moving party must show an absence of an issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  Once the moving party does so, the non-moving party must go beyond the pleadings and designate specific facts showing a genuine issue for trial.  <u>Id.</u> at 324.  The court does "not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial."  <u>Balint v. Carson City</u>, 180 F.3d 1047, 1054 (9th Cir 1999).  A "'scintilla of evidence,' or evidence that is 'merely colorable' or 'not significantly probative,'" does not present a genuine issue of material fact.  <u>United Steelworkers of Am. v. Phelps Dodge Corp.</u>, 865 F.2d 1539, 1542 (9th Cir), cert denied, 493 U.S. 809, 110 S. Ct. 51, 107 L. Ed. 2d 20 (1989) (emphasis in original, citation omitted).

The substantive law governing a claim or defense determines whether a fact is material. <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 631-32 (9th Cir 1987). The court must view the inferences drawn from the facts "in the light most favorable to the nonmoving party."  <u>Id.</u> at 631 (citation omitted).  Thus, reasonable doubts about the existence of a factual issue should be resolved against the moving party.  <u>Id.</u> at 630-31.  However, when the non-moving party's claims are factually "implausible, that party must come forward with more persuasive evidence than would otherwise be [required] . . . ."  <u>California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.</u>, 818 F.2d 1466, 1468 (9th Cir 1987), cert denied, 484 U.S. 1006, 108 S. Ct. 698, 98 L. Ed. 2d 650 (1988) (citation omitted).  "No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment."  <u>Id.</u>  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment,

---

[6]   The issues raised by Defendants as to the state law claims for violation of the California's Unfair Competition law, fraud, unjust enrichment and breach of fiduciary duty are based on the same arguments Defendants make as to the False Claims Act and state law conflict of interest claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1773 PA (MAAx) | | Date | March 16, 2026 |
|---|---|---|---|---|
| Title | Los Angeles County, et al. ex rel. Karen Gluck v. Thomas Shepos, et al. | | | |

after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552.

## III.    EVIDENTIARY ISSUES

The parties have raised a number of evidentiary objections to the evidence and Statements of Undisputed Facts submitted by the other party.  Many of the objections are not disputes about the facts themselves but rather arguments about the characterization of certain facts or supporting evidence, the accuracy or sufficiency of the party's record citations, or the legal sufficiency of cited evidence to sustain the opposing party's burden of proof.  For disputed facts, the Court relies on the underlying evidence itself and not the parties' characterization of that evidence.  Accordingly, these objections are overruled.  See Sid Avery & Assocs., Inc. v. Pixels.com, LLC, 479 F. Supp. 3d 859, 865 (C.D. Cal. 2020).

The parties also object to particular facts or evidence on the ground that they amount to improper legal conclusions  or that they are speculative or irrelevant.  These objections, however, are duplicative of the summary judgment standard.  See Burch v. Regents of Univ. of Cal., 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006) ("[O]bjections to evidence on the ground that it is irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself.").  Additionally, many of the parties' objections attack the admissibility of the current forms of certain evidence.  However, on summary judgment, a court can consider evidence which may be presented in an admissible form at trial, even if not presented in an admissible form at the motion for summary judgment stage.  See Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form."); Burch, 433 F. Supp. 2d at 1120 ("In other words, when evidence is not presented in an admissible form in the context of a motion for summary judgment, but it may be presented in an admissible form at trial, a court may still consider that evidence.").  Accordingly, any of the above objections to facts or evidence cited or relied on in this Order are overruled.  In accordance with its Civil Trial Scheduling Order the Court also overrules all boilerplate and blanket objections.  Finally, objections to facts or evidence not cited or relied on in this Order are overruled as moot.  See American Guard Services, Inc. v. First Mercury Insurance Co., CV 15-9259 PA (PJWx), 2017 WL 6039975, at *6 n. 5 (C.D. Cal. Apr. 14, 2017).

Defendant Arman Gabaee has filed a Request for Judicial Notice (Docket No. 798) in connection with his Motion.  He requests that the Court take judicial notice of portions of the transcript of his sentencing and the Amended Judgment in his criminal matter.  Federal Rule of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1773 PA (MAAx) | Date | March 16, 2026 |
|---|---|---|---|
| Title | Los Angeles County, et al. ex rel. Karen Gluck v. Thomas Shepos, et al. | | |

Evidence 201(b) allows a court to "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Accordingly, the Court grants the Request for Judicial Notice. See also Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (A court may take judicial notice of the contents of public records.)

## IV.   ANALYSIS

Plaintiffs contend: (1) the No Bribery Certifications supply a viable basis for their state and federal false-claims theories because the County would not have entered the leases had it known of the bribery scheme; (2) Shepos was "financially interested" in the leases under state conflict-of-interest law, as the bribes were tied to his efforts to influence the lease process for Defendants' benefit, and the record shows he did influence the presentation of lease and other favorable contracts to the Board of Supervisors; (3) genuine disputes remain as to whether the bribes constituted a quid pro quo for securing the leases and other County payments; (4) the point at which Plaintiffs were on inquiry notice is a fact question for the jury; and (5) the evidence supports their alter-ego theory as to the individual defendants and the related corporate entities.

Having reviewed the submissions and the evidentiary record, the Court concludes that genuine issues of material fact preclude summary judgment. Plaintiffs have made a sufficient showing that their False Claims Act and conflict-of-interest theories may be proven at trial based on the No Bribery Certifications, and the evidence raises factual disputes concerning the relationship between the alleged bribery scheme and official acts. Material disputes also remain regarding inquiry notice and the alter-ego and control relationships among the defendant groups. Because Defendants have not demonstrated the absence of any genuine factual dispute, the Motions for Summary Judgment are denied.

Conclusion

For all the foregoing reasons, the Court denies each of Defendants' Motions for Summary Judgment (Docket Nos. 748, 749, 750 and 753.)

IT IS SO ORDERED.