UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1773 PA (MAAx) | | Date | March 20, 2026 |
|---|---|---|---|---|
| Title | Los Angeles County, et al. ex rel. Karen Gluck v. Thomas Shepos, et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS – COURT ORDER

The First Amended Complaint in Intervention ("FACII") filed by plaintiff County of Los Angeles ("County") asserts only state law claims, and alleges that the Court has subject matter jurisdiction over those claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367(a) and 31 U.S.C. § 3732(b).[1/]  (FACII ¶ 40.)  However, because the FACII does not assert any federal claims, the Court does not have original jurisdiction over any of the County's state law claims under 28 U.S.C. § 1331.  It thus appears that the Court possesses only supplemental jurisdiction over the claims alleged in the FACII under 28 U.S.C. § 1367(a) and 31 U.S.C. § 3732(b).

The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'"  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173, 118 S. Ct. 523, 534, 139 L. Ed. 2d 525 (1997) (emphasis added) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988)).  In the parties' Stipulation to Modify the Deadline to File Joint Verdict Form ("Stipulation"), the parties agree that "this action involves twenty remaining Defendants and a series of interrelated complex claims, necessitating a detailed verdict form that addresses the distinct liability and statute of limitations issues as to

---

[1/]      28 U.S.C. § 1367(a) provides for supplemental jurisdiction over claims related to claims subject to the district court's original jurisdiction.  31 U.S.C. § 3732(b) confers federal district courts with jurisdiction over state-law False Claims Act ("FCA") claims.  "However, that jurisdiction is only supplemental jurisdiction.  This section of the FCA does not create any independent cause of action arising under federal law; it only extends federal jurisdiction to claims 'brought under the laws of any State.'  It does not confer federal question jurisdiction under 28 U.S.C. § 1331."  United States ex rel. Stevens v. State of Vt. Agency of Natural Res., 162 F.3d 195, 205 (2d Cir. 1998) (quoting 31 U.S.C. § 3732(b)), overruled on other grounds by Vt. Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765 (2000).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1773 PA (MAAx) | | Date | March 20, 2026 |
|---|---|---|---|---|
| Title | Los Angeles County, et al. ex rel. Karen Gluck v. Thomas Shepos, et al. | | | |

each Defendant." (Docket No. 811; Stipulation at p. 2.) As the parties indicate, this action, at least as currently postured, involves complicated issues concerning the relationship between the federal FCA claims asserted by the relator and a number of state law claims asserted by the County. The multiple different parties asserting different claims and defenses may risk confusing the jury and unnecessarily involving the Court in the resolution of novel or complex issues of state law. In addition, it appears that the state law claims asserted by the County may raise novel or complex issues of California law and may also substantially predominate over the federal claims asserted by the relator, or for other comity and efficiency reasons, justify declining supplemental jurisdiction over the state law claims asserted in the FACII.

Additionally, even if the Court were to exercise supplemental jurisdiction, in order to avoid juror confusion concerning the differences between the state and federal claims and defenses, it is the Court's standard practice, and one it may decide to follow in this instance, to sever the state law claims and try only the federal claims. Once the federal claims are resolved, the Court will then decline to exercise supplemental jurisdiction over the state law claims. To the extent the state law claims are not resolved as a result of the outcome of the federal claims, or because those claims are otherwise duplicative of the federal claims, Plaintiffs will then be free to pursue the state law claims in state court.

The Court therefore orders the parties to show cause in writing why the Court should not sever the state law claims and/or decline to exercise supplemental jurisdiction over claims asserted in the County's FACII. See 28 U.S.C. § 1367(c)(1)-(2) & (c)(4). The parties' responses to this Order to Show Cause shall be filed by no later than March 25, 2026. Failure to timely or adequately respond to the Order to Show Cause may, without further warning, result in the Court declining to exercise supplemental jurisdiction over the County's claims.

IT IS SO ORDERED.