# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1773 PA (MAAx) | Date | March 25, 2026 |
|---|---|---|---|
| Title | Los Angeles County, et al. ex rel. Karen Gluck v. Thomas Shepos, et al. | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        IN CHAMBERS — MINUTE ORDER

The Court has conducted a preliminary review of the pretrial documents filed on March 20, 2026.  The pretrial documents reflect the failure of the parties to make adequate progress in resolving issues in advance of the pretrial conference, and suggest a profound failure to conduct a meaningful pretrial conference of counsel as required by Local Rule 16-2.  .

As an initial matter, the parties have not filed a Joint Witness List.  This document is not the same as the Joint Trial Witness Form filed by the parties that includes a summary of witness testimony and time estimates.  See Civil Trial Scheduling Order at p. 12.  The pretrial documents that the parties did file are symptomatic of what appears to be the failure to meet and confer to determine the issues that are truly in dispute.  The parties' 521 page Pretrial Exhibit Stipulation reveals that the parties have objected to the majority of one another's exhibits with the type of blanket and boilerplate objections the Court has warned the parties that it would disregard and overrule.  The number of exhibits and types of objections indicate that lead trial counsel have not engaged in the type of comprehensive review of the documents and objections required by either the Local Rules or this Court's Orders.

There are nearly as many disputed jury instructions as undisputed.  Moreover, the proposed Pretrial Conference Order includes more than 40 affirmative defenses (some overlapping among defendant groups), but the Jury Instructions do not appear to address most of those affirmative defenses.  In fact, the only affirmative defense addressed appears to be the defense of statute of limitations.  The Summary of Witness Testimony and Time Estimates includes nearly 221 hours of testimony.  This amount of testimony exceeds the parties' trial estimate contained in the proposed Pretrial Conference Order.  Nothing about the issues in this action have convinced the Court that this action should not be resolved in significantly less time than the parties continue to estimate.  The Pretrial Conference Order also reflects the parties' failure to contemplate how the parties will conduct the trial.  The parties fail to reach an agreement as to nearly every issue, including an argument over what constitutes a defense as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1773 PA (MAAx) | Date | March 25, 2026 |
|---|---|---|---|
| Title | Los Angeles County, et al. ex rel. Karen Gluck v. Thomas Shepos, et al. | | |

opposed to an affirmative defense. The parties also assert that there will more than 20 motions in limine for the Court to consider before trial.

Accordingly, the Court orders lead trial counsel to meet and confer in person concerning the pretrial exhibit stipulation, witness time estimates, proposed pretrial conference order, motions in limine and disputed jury instructions. This further meet and confer must occur by no later than 12:00 p.m. on Friday, March 26, 2026. The parties shall file a revised version of all pretrial documents consistent with the Local Rules and the Court's Civil Trial Scheduling Order by no later than noon on Tuesday, March 31, 2026.

Failure to dramatically reduce the number of disputed exhibits, motions in limine and jury instructions, the amount of witness testimony, and the number of disputed legal and evidentiary issues reflected in the pretrial documents the parties filed on March 20, 2026, may result in the issuance of an order to show cause why counsel should not be sanctioned for unreasonably and vexatiously multiplying these proceedings.

Additionally, to assist the Court in performing its gatekeeper function under Daubert, any party seeking to offer expert testimony in its case-in-chief, shall file a written detailed proffer of the expert's opinions, with citations to the expert witness disclosure for each such opinion. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 593-95, 113 S. Ct. 2786, 2796-97, 125 L. Ed. 2d 469, 482-84 (1993); see also Kumho Tire Co. v. Carmichael, 526 U.S. 137, 148, 119 S. Ct. 1167, 1174, 143 L. Ed. 2d 238, 250 (1999).

The proffers shall state separately each opinion that the expert will give at trial and explain why such testimony is relevant in this case. The proffers shall state the basis for each such opinion and shall include an identification of each document by title, author and date relied on by the expert in forming the opinion he or she will give at trial. Counsel shall attach a copy of each document to the offer of proof. If an expert will be relying on the statements of any person for his opinion, the offer of proof shall identify in full each such statement. If the statement is recorded or written, counsel shall attach a copy of the statement to the offer of proof. If an expert did not rely on any documents or statements in forming his opinion, the proffer shall include a representation confirming that fact.

To avoid the unnecessary waste of paper, and to facilitate the Court's review of the parties' expert witness proffers, the parties may submit an electronic version of the exhibits submitted in support of the expert's proffers in lieu of a paper copy. The electronic version of the exhibits may be forwarded to the chamber's CM/ECF email address as a Dropbox or Google Drive link.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1773 PA (MAAx) | Date | March 25, 2026 |
|---|---|---|---|
| Title | Los Angeles County, et al. ex rel. Karen Gluck v. Thomas Shepos, et al. | | |

The written proffer shall be filed by no later than noon on Tuesday, March 31, 2026. Counsel are advised that the experts will not be permitted to offer any opinion at trial that was not set forth in the proffers filed with the Court. In addition to the proffer, the parties shall file, by noon on Tuesday, March 31, 2026, the curriculum vitae of each expert witness, the expert designation identifying the expert, and a copy of any written report prepared by the expert and disclosed to the other party. The failure to comply with this order may result in the imposition of sanctions, which may include the exclusion of an expert witness's testimony if the required information is not provided by the deadline set by the Court.

To further assist the Court in preparing for trial, the Court orders Defendants to file, by noon on Tuesday, March 31, 2026, Offers of Proof for each witness who will offer testimony in support of its affirmative defenses. The Offers of Proof shall state the testimony that each witness will give at trial and why such testimony is relevant. The Offers of Proof shall also identify each document – by title, author, date, and trial exhibit number – that will be relied on by the witness in support of his or her testimony. Counsel shall attach a copy of each such document to the Offer of Proof. As with the expert proffers, the electronic version of the exhibits may be forwarded to the chamber's CM/ECF email address as a Dropbox or Google Drive link. The Court advises the parties that the trial testimony of their witnesses for purposes of the affirmative defenses will be limited to testimony proffered in the Offers of Proof. To the extent that a party decides to abandon any affirmative defense, that party shall, by noon on Tuesday, March 31, 2026, file a Notice with the Court identifying the affirmative defense that will not be pursued at trial.

The Court further orders that Plaintiffs to file, by noon on Tuesday, March 31, 2026, Offers of Proof, for each witness in addition to any expert identified above, who will offer testimony in support of the damages Plaintiffs seek to recover in this case. The Offers of Proof shall identify each theory of damages Plaintiffs intend to assert, state the testimony that each witness will give at trial and why such testimony is relevant. The Offers of Proof shall also identify each document – by title, author, date, and trial exhibit number – that will be relied on by the witness in support of his or her testimony. Counsel shall attach a copy of each such document to the Offer of Proof. As with the expert and affirmative defense proffers, the electronic version of the exhibits may be forwarded to the chamber's CM/ECF email address as a Dropbox or Google Drive link. The Court advises the parties that the trial testimony of their witnesses for purposes of damages will be limited to testimony proffered in the Offers of Proof.

Finally, the Proposed Pretrial Conference Order states that "Defendants believe that the Court should bifurcate the trial and try the claims against Arman Gabaee and Thomas Shepos separately from the rest of the Defendants to ensure the fairness of the trial." (PPTCO at p. 60.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1773 PA (MAAx) | Date | March 25, 2026 |
|---|---|---|---|
| Title | Los Angeles County, et al. ex rel. Karen Gluck v. Thomas Shepos, et al. | | |

Defendants' Memoranda of Contentions of Fact and Law also discuss the motions in limine Defendants intend to file regarding severance or bifurcation of claims for trial.

Federal Rule of Civil Procedure 20(a)(2), which allows for permissive joinder, provides:

> Persons . . . may be joined in one action as defendants if:
>
> (A)   any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; <u>and</u>
>
> (B)   any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1350 (9th Cir. 1997).

The operative complaints in this action do not allege that any of the different defendant groups acted jointly or conspired together. Rather, the issues relating to each defendant group and its interactions with Shepos, the alleged bribes, and the County leases obtained as a result of those bribes, are separate and discrete, requiring different evidence and methods of proof. Moreover, Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed.R.Civ.P. 21. This rule must be read in conjunction with Rule 42(b), which authorizes the separate trial of any claim, crossclaim, or third party claim, as well as any of the issues therein, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. Fed.R.Civ.P. 42(b). Decisions under Rule 42(b) are left to the sound discretion of the district court, and severance or bifurcation is permissible regardless of whether there is actual misjoinder. <u>See</u> <u>Davis & Cox v. Summa Corp.</u>, 751 F.2d 1507, 1517 (9th Cir. 1985) (superseded by statute on other grounds).

Accordingly, the Court orders the parties to show cause, in writing by no later than noon on Wednesday, April 1, 2026 why the claims asserted in this action against each separate defendant group should not be severed pursuant to Federal Rules of Procedure 21 and 42(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1773 PA (MAAx) | | Date | March 25, 2026 |
|---|---|---|---|---|
| Title | Los Angeles County, et al. ex rel. Karen Gluck v. Thomas Shepos, et al. | | | |

Failure to comply with this Order, or the failure to file any required document in the format required by the Local Rules and the Civil Trial Scheduling Order may result in the imposition of sanctions, which could include evidentiary sanctions, claim preclusion sanctions, dismissal of the action, striking of the Answer and entry of default, or a monetary sanction.

IT IS SO ORDERED.