JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
CASEY B. SYPEK (State Bar No. 291214)
csypek@millerbarondess.com
LAUREN M. BRODY (State Bar No. 337858)
lbrody@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Plaintiff
COUNTY OF LOS ANGELES

AMANDA BONN (State Bar No. 270891)
abonn@susmangodfrey.com
ELIZA FINLEY (State Bar No. 301318)
efinley@susmangodfrey.com
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel.: (310) 789-3100 | Fax: (310) 789-3150

Attorneys for Qui Tam Plaintiff
KAREN GLUCK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LOS ANGELES COUNTY, THE STATE OF CALIFORNIA AND THE UNITED STATES OF AMERICA *ex rel.* KAREN GLUCK,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS SHEPOS, *et al.*,<br><br>Defendants. | **CASE NO. 2:19-cv-01773-PA-MAAx**<br><br>**PLAINTIFFS' RESPONSE TO THE COURT'S MARCH 20, 2026 ORDER TO SHOW CAUSE [DKT. 816]**<br><br>Assigned to the Hon. Percy Anderson, Crtrm. 9A and Magistrate Judge Maria A. Audero, Crtrm. 880<br><br>Trial Date:    April 28, 2026 |

791832.1

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ...................................................................................................... 5

II.   ARGUMENT ............................................................................................................ 7

    A.    The Court Should Exercise Jurisdiction Over the County's Claims Under The False Claims Act (Section 3732(b)) ........................ 7

    B.    The Court Should Exercise Supplemental Jurisdiction Over the County's Claims Under Section 1367(a) ................................................. 9

        1.    The Federal And State Claims Arise From The Same Facts ........ 9

        2.    Judicial Economy, Efficiency And Fairness Overwhelmingly Favor Retaining Jurisdiction Over The County's Claims ................................................................................ 10

        3.    The Court Should Not Decline To Exercise Jurisdiction Under Section 1367(c) ................................................................... 13

    C.    Severing The State Claims And Trying Only The Federal Claims Would Be Highly Prejudicial And Inefficient ....................................... 15

III.  CONCLUSION ....................................................................................................... 16

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

PLAINTIFFS' RESPONSE TO THE COURT'S MARCH 20, 2026 ORDER TO SHOW CAUSE [DKT. 816]

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Arroyo v. Rosas,*
  19 F.4th 1202 (9th Cir. 2021)............................................................12, 13, 15

*Bahrampour v. Lampert,*
  356 F.3d 969 (9th Cir. 2004)............................................................................9

*Catzin v. Thank You & Good Luck Corp.,*
  899 F.3d 77 (2d Cir. 2018)............................................................................13

*Ho v. Russi,*
  45 F.4th 1083 (9th Cir. 2022)........................................................................13

*Kroshnyi v. U.S. Pack Courier Servs., Inc.,*
  771 F.3d 93 (2d Cir. 2014)............................................................................13

*Miller Aviation v. Milwaukee Cnty. Bd. of Supervisors,*
  273 F.3d 722 (7th Cir. 2001)........................................................................16

*Munger v. City of Glasgow Police Dep't,*
  227 F.3d 1082 (9th Cir. 2000)......................................................................10

*Newport Ltd. v. Sears, Roebuck & Co.,*
  941 F.2d 302 (5th Cir. 1991)........................................................................13

*Satey v. JPMorgan Chase & Co.,*
  521 F.3d 1087 (9th Cir. 2008)......................................................................13

*Schwarm v. Craighead,*
  233 F.R.D. 655 (E.D. Cal. 2006)..............................................................10, 14

*Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.,*
  333 F.3d 923 (9th Cir. 2003)........................................................................12

*United Mine Workers v. Gibbs,*
  383 U.S. 715 (1966) ........................................................................................9

*United States ex rel. Anthony v. Burke Eng'g Co.,*
  356 F. Supp. 2d 1119 (C.D. Cal. 2005).........................................................9

*United States ex rel. Mohajer v. Omnicare, Inc.,*
  525 F. Supp. 3d 447 (S.D.N.Y. 2021)...........................................................8

*United States v. Sequel Contractors, Inc.,*
  402 F. Supp. 2d 1142 (C.D. Cal. 2005).........................................................9

*Wang v. Chinese Daily News, Inc.,*
  623 F.3d 743 (9th Cir. 2010)........................................................................12

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

*Zhang v. County of Monterey,*
    2021 WL 2308290 (N.D. Cal. June 4, 2021) ................................................12, 14

**STATE CASES**

*City of Pomona v. Superior Ct.,*
    89 Cal. App. 4th 793 (2001), *as modified* (June 29, 2001)..............................14

*State of California ex rel. McCann v. Bank of Am., N.A.,*
    191 Cal. App. 4th 897 (2011).............................................................................7

*Thomson v. Call,*
    38 Cal. 3d 633 (1985).......................................................................................14

**FEDERAL STATUTES**

28 U.S.C. § 1367.......................................................................5, 7, 8, 9, 13

31 U.S.C. § 3729.......................................................................................6

31 U.S.C. § 3732.................................................................................5, 7, 8

**STATE STATUTES**

Cal. Gov't Code § 1090 .........................................................................6, 11

Cal. Gov't Code § 1092 .............................................................................6

Cal. Gov't Code § 12651 ...........................................................................6

Cal. Gov't Code § 87100 ...........................................................................6

Cal. Gov't Code § 91003 ...........................................................................6

**FEDERAL RULES**

Fed. R. Civ. P. 13....................................................................................8

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

PLAINTIFFS' RESPONSE TO THE COURT'S MARCH 20, 2026 ORDER TO SHOW CAUSE [DKT. 816]

## I.    INTRODUCTION

The Court's March 20, 2026 Order to Show Cause ("OSC") considers whether it should decline supplemental jurisdiction over the state law claims asserted in the County of Los Angeles's (the "County") First Amended Complaint in Intervention ("FACII").

The Court's OSC sought briefing on the issue of supplemental jurisdiction under 28 U.S.C. § 1367 and whether it should decline supplemental jurisdiction under 28 U.S.C. § 1367(c).  The OSC did not request briefing on the issue of the Court's jurisdiction over the California False Claims Act ("CFCA") claims that arises under the federal False Claims Act ("FCA").  31 U.S.C. § 3732(b). Importantly, there is no statutory provision under the federal FCA that would allow this Court to decline jurisdiction over the CFCA claims. Therefore, under the FCA, the County's CFCA claims must remain in the case, regardless of what the Court decides on the Section 1367(c) question.

Further, in the interest of judicial economy, convenience, fairness and comity, and to avoid significant undue prejudice, the Court should exercise jurisdiction over all of the County's state law claims and try them with the federal claims under 28 U.S.C. § 1367 and 31 U.S.C. § 3732(b).  In fact, the Ninth Circuit has held under similar circumstances that it was an abuse of discretion to decline supplemental jurisdiction over state law claims shortly before trial when valid federal claims remained.  And even if the Ninth Circuit case law and the extreme prejudice were ignored, practically speaking, dismissing the state law claims **would not**:

- Reduce the number of witnesses at trial;
- Reduce the scope of the testimony of the witnesses at trial;
- Reduce the number of leases at issue at trial;
- Reduce the number of defendants at trial;
- Reduce the number of lease payments constituting false claims at trial; or

PLAINTIFFS' RESPONSE TO THE COURT'S MARCH 20, 2026 ORDER TO SHOW CAUSE [DKT. 816]

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

- Materially simplify the jury verdict form.

In short, this Court should not dismiss any of the state law claims on the eve of trial.

Trial in this case is set to begin on April 28, 2026. Relator Karen Gluck ("Relator") is pursuing claims under the federal FCA, 31 U.S.C. § 3729(a)(1)(A)-(C). The County has recently narrowed its state law claims to: (1) violation of the CFCA, California Government Code section 12651(a)(1)-(3) & (8); (2) violation of California Government Code sections 1090, 1092, 87100 and 91003 (the "Conflict-of-Interest" claims); and (3) violation of the UCL. Although some of the legal claims in this case are complex, the factual relationship between the federal and state law claims is simple: they are completely interrelated. Indeed, the factual overlap is nearly one hundred percent.

Plaintiffs' claims are all based on the same bribery scheme in which Defendant and former County employee Thomas Shepos ("Shepos") provided material assistance to private landlords in exchange for illicit bribes and kickbacks. Shepos admitted to this conduct in a federal plea agreement. Defendant Arman Gabay also pleaded guilty to federal program bribery and admitted that, for years, he paid Shepos $1,000 per month in exchange for Shepos's help in securing County leases for his businesses.

All of Plaintiffs' claims against the landlord defendants (Arman Gabay, Gabay Defendants, Hanes Defendants and Visco Defendants) are based on the same concealed benefits flowing from Defendants to Shepos—cash payments, free construction and materials at Shepos's home, travel, spa treatments, expensive gifts, hiding and laundering bribe money, and more. In exchange, Shepos recommended and approved County leases and amendments on properties owned by Defendants. This quid pro quo forms the basis of all the federal and state claims. In fact, Defendants argued on summary judgment that all of the claims against them—state and federal—were premised on this quid pro quo. (Dkt. Nos. 748, 749-1, 750, 753.) Because federal funds were used toward payment of the County leases, Plaintiffs'

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

791832.1

6

claims to recover the taxpayer dollars procured by bribery and fraud are properly brought under the FCA, the CFCA, the Conflict-of-Interest statutes, and the UCL.

The County's state law claims are also legally intertwined with the federal claims. The CFCA is modeled on, and substantively the same as, the federal FCA. *State of California ex rel. McCann v. Bank of Am., N.A.*, 191 Cal. App. 4th 897, 903 (2011). The evidence required to prove the federal FCA violations—namely, the underlying bribery scheme—is the same evidence required to prove violations of the CFCA, the Conflict-of-Interest statutes, and the UCL. The prosecution and defense of the state and federal claims will require the same witnesses, evidence, and resolution of the same legal issues. Separating them would cause significant waste and unfairness.

Moreover, this case is less than five weeks from trial. The County intervened in November 2023. Since then, the parties have completed extensive discovery— they exchanged hundreds of thousands of documents (not pages), took over 25 fact and expert depositions, engaged in discovery motion practice, and briefed five summary judgment motions—all of which were denied in their entirety, including as to the federal claims. The parties filed their joint pretrial filings and exchanged motions *in limine*. They have expended significant time and resources (and spent millions of dollars in attorneys' fees) litigating the case in this Court, and they are in the midst of preparing for trial. It would be highly prejudicial, inefficient, and unfair to decline jurisdiction of the state law claims on the eve of trial.

## II.   ARGUMENT

### A.   The Court Should Exercise Jurisdiction Over the County's Claims Under The False Claims Act (Section 3732(b))

31 U.S.C. § 3732(b) is part of the federal False Claims Act and confers jurisdiction over the County's state law claims separately and independently from Section 1367(a). It provides:

**(b) Claims under State Law.** The district courts shall have

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

jurisdiction over any action brought under the laws of any State for the recovery of funds paid by a State or local government if the action arises from the same transaction or occurrence as an action brought under section 3730.

31 U.S.C.A. § 3732(b).  The "same transaction or occurrence" standard under Section 3732(b) mirrors the Rule 13(a) compulsory counterclaim test.  *Burke Eng'g Co.*, 356 F. Supp. 2d at 1121 (holding that Section 3732(b) authorizes federal jurisdiction over state law claims that arise from the same scheme of false claims as a federal FCA claim); *see also Sequel Contractors*, 402 F. Supp. 2d at 1148–49 (exercising jurisdiction over CFCA, negligence, fraud, breach of contract and other state law claims under Section 3732(b)).

The County's state law claims fall squarely within Section 3732(b).  As the Court recognizes, Section 3732(b) confers federal district courts with jurisdiction over state-law FCA claims.  (OSC at fn.1.)  The Conflict-of-Interest claims and the UCL claim, like the CFCA claims, arise from the same bribery and kickback scheme—the same transaction or occurrence—as the federal FCA claims.  (*See infra* Section II.B.1.)  All of these claims also seek to recover funds paid by a local government.

Moreover, the discretionary factors of Section 1367(c) apply only as to the exercise of supplemental jurisdiction under Section 1367(a).  Nothing in Section 1367(c) provides authority to decline supplemental jurisdiction under Section 3732(b).  Nor are Plaintiffs aware of any case in which a court has used Section 1367(c) to decline jurisdiction independently conferred by Section 3732(b) without having first dismissed the federal FCA claims.[1]

---

[1] The  OSC addresses Section 3732(b) in footnote 1.  The language quoted by the Court comes from *United States ex rel. Mohajer v. Omnicare, Inc.*, 525 F. Supp. 3d 447, 461 (S.D.N.Y. 2021).  *Omnicare* is distinguishable.  There, the court was deciding what happens to state law FCA-analog claims after dismissing federal FCA claims.  On those facts, the court found no federal question or diversity jurisdiction

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

PLAINTIFFS' RESPONSE TO THE COURT'S MARCH 20, 2026 ORDER TO SHOW CAUSE [DKT. 816]

**B.      The Court Should Exercise Supplemental Jurisdiction Over the County's Claims Under Section 1367(a)**

Pursuant to 28 U.S.C. § 1367, where a federal district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together."  *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

Here, the CFCA, Conflict-of-Interest and UCL claims "are so related" and "form part of the same case or controversy" as the federal FCA claims.  *United States v. Sequel Contractors, Inc.*, 402 F. Supp. 2d 1142, 1148–49 (C.D. Cal. 2005) ("This Court may exercise supplemental jurisdiction over the remaining state law claims in both Complaints because the state law claims derive from the same operative facts as the FCA claim.") (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *United States ex rel. Anthony v. Burke Eng'g Co.*, 356 F. Supp. 2d 1119, 1119 (C.D. Cal. 2005)).

**1.      The Federal And State Claims Arise From The Same Facts**

First, there is near complete factual overlap in the federal and state law claims.  They are all based on the benefits conferred by Defendants to Shepos—cash payments, home renovations, vacations, interest-free loans, hiding and laundering bribe payments, and more—and the assistance Shepos provided Defendants in exchange.  (FACII ¶¶ 44-49, 69-94, 205-225, 280-292; Relator's Third Amended Complaint ("TAC") ¶¶ 164-197, 369-382, 457-468.)  Specifically, Shepos

---

and declined supplemental jurisdiction under section 1367(c)(3) after dismissing the FCA claims.  Here, unlike in *Omnicare*, the Relator's federal FCA claims survived summary judgment and are proceeding to trial.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

negotiated, approved, and recommended to the County's Board of Supervisors (the "Board") lucrative leases and amendments on properties owned by Defendants. (FACII ¶¶ 95-191, 226-267, 293-331; TAC ¶¶ 198-312, 383-431, 469-509.)  This undisclosed quid pro quo tainted multiple long-term County leases with Defendants, which generated tens of millions of dollars.  These rent and tenant improvement payments included federal funds.  (TAC ¶¶ 198 *et seq.*, 383 *et seq.*, 469 *et seq.*; Dkt. Nos. 221, 235.)

The evidence required to prove the federal FCA violations—namely, the underlying bribery scheme—is the *identical* evidence required to prove the state law claims.  There is zero factual daylight between the two.  Trials on the federal and state law claims will require the same witnesses (collectively over 50) and the same evidence (collectively thousands of exhibits).  (Dkt. Nos. 821, 824.)  They will require the same testimony about the County's leasing process; each landlord Defendant's bribes, payments, gifts and favors to Shepos; the negotiation and approval of each lease and Shepos's involvement therein; the terms of each lease and amendment; and the County's payments thereunder.

Courts properly exercise supplemental jurisdiction where there is significant factual overlap, as here.  *See, e.g.*, *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1088 n.4 (9th Cir. 2000) (trial court properly exercised supplemental jurisdiction "[s]ince the remaining negligence claims were identical to the previously dismissed negligence claims and were based on the same factual allegations as the federal claims, and since the district court was fully familiar with the record"); *Schwarm v. Craighead*, 233 F.R.D. 655, 659 (E.D. Cal. 2006) ("Because economy and convenience are best served in the maintenance of a single suit . . . the common nucleus of operative facts between the state claims and the federal claims . . . favors the retention of jurisdiction.").

**2.    Judicial Economy, Efficiency And Fairness Overwhelmingly**

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

PLAINTIFFS' RESPONSE TO THE COURT'S MARCH 20, 2026 ORDER TO SHOW CAUSE [DKT. 816]

**<u>Favor Retaining Jurisdiction Over The County's Claims</u>**

Second, exercising supplemental jurisdiction of the state law claims and trying them with the federal claims serves judicial economy, convenience, comity and fairness.  Hearing the claims together will prevent duplicative litigation, preserve judicial resources, and avoid inconsistent rulings and verdicts based on the same facts and issues.  A single trial avoids the waste of dual discovery and the repetitive testimony of the same witnesses on the same issues.  Forcing the parties, witnesses and counsel to litigate the same bribery schemes in two different court systems would be a textbook case of judicial inefficiency.

Moreover, the Conflict-of-Interest statutes are a predicate for the false claims underlying the FCA.  By executing County leases with no-bribery certifications and collecting payments thereunder, Defendants falsely certified they were in compliance with the Conflict-of-Interest laws.  Because the Section 1090 violations made the claims for payment "false," the federal FCA claims cannot be adjudicated without also looking at the conduct that violates Section 1090.  The jury must determine if a Section 1090 violation occurred to decide the "falsity" of the claims under the FCA.  A trial on the federal claims cannot avoid this state law issue.

The County would also face significant prejudice if forced to refile in state court and litigate its claims from square one.  Many of the facts of this case date back almost 30 years, when Shepos began accepting bribes from Defendants.  Since then, many percipient witnesses have retired, moved out of state, or passed away.  Others have limited memory of the events at issue.  If forced to relitigate its claims, the County will be faced with even more witnesses unavailability and further faded memories.  Multiple defendants have also experienced major health issues during this case—surgeries and strokes—that suggest they may not be available to testify in a future state court trial.  If the County is forced to litigate in two different systems, it will be years before the County finally has its day in court—not to mention the substantial additional legal fees it will need to incur.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

This case is five weeks from trial.  It has been hard-fought and heavily litigated.  The parties engaged in extensive written discovery, produced hundreds of thousands of documents, and took over 25 fact and expert depositions.  They briefed five (5) summary judgment motions, all of which were denied in their entirety, including as to the federal FCA claims.  The parties submitted extensive pretrial filings, exchanged motions *in limine*, and are in the midst of preparing for trial.  At this late stage in the case, forcing the County to refile in state court and litigate its claims all over again would be grossly inefficient and highly prejudicial.  *See Zhang v. County of Monterey*, No. 17-CV-00007-LHK, 2021 WL 2308290, at *3 (N.D. Cal. June 4, 2021) (retaining jurisdiction one month from trial based on economy, convenience and fairness); *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 762 (9th Cir. 2010), *vacated on other grounds*, 556 U.S. 801 (2011) (district court properly exercised discretion in retaining jurisdiction when supplemental jurisdiction issue was raised on the eve of trial).

In fact, the Ninth Circuit has found that district courts abused their discretion in declining supplemental jurisdiction after federal claims survived summary judgment.  *See Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 926 (9th Cir. 2003) ("Dismissing the case after such a long delay and after the parties were essentially done with trial preparation was neither fair to the parties nor an efficient use of judicial resources."); *Arroyo v. Rosas*, 19 F.4th 1202, 1214 (9th Cir. 2021) (trial court abused discretion in declining jurisdiction over state law claim that was resolved by outcome of federal claim; "Given the very late stage at which the district court declined supplemental jurisdiction in this case, these values overwhelmingly favored *retaining* jurisdiction over Arroyo's Unruh Act claim, and the district court therefore abused its discretion in dismissing that claim.") (emphasis in original).[2]

---

[2]  Courts in other Circuits have held the same.  *See, e.g., Newport Ltd. v. Sears,*

PLAINTIFFS' RESPONSE TO THE COURT'S MARCH 20, 2026 ORDER TO SHOW CAUSE [DKT. 816]

Even where all federal law claims are eliminated prior to trial, courts regularly uphold the exercise of supplemental jurisdiction where discovery is complete, dispositive motions have been submitted, and the cases are approaching trial. *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) ("Judicial economy and convenience to the parties were better accommodated by retaining the state law claim at that juncture . . ." even with no federal claims left in the case); *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 86 (2d Cir. 2018) ("[T]he pressure to close cases must not overshadow the federal courts' paramount role of being a forum where disputes are efficiently and fairly resolved."); *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 102 (2d Cir. 2014) (trial court properly exercised supplemental jurisdiction, despite dismissal of federal claims, where "discovery had been completed, dispositive motions had been submitted, and the case would soon be ready for trial").

### 3. The Court Should Not Decline To Exercise Jurisdiction Under Section 1367(c)

Where the state law claims satisfy the standard for section 1367(a), as here, the Court is required to exercise supplemental jurisdiction unless an exception applies. *Arroyo*, 19 F.4th at 1210; *see Ho v. Russi*, 45 F.4th 1083, 1086 (9th Cir. 2022) (a federal court normally must assert supplemental jurisdiction if section 1367(a) is satisfied). The Court's OSC indicates it will consider declining supplemental jurisdiction based on three of the four recognized grounds: (a) novel or complex state law issues; (b) state law claims substantially predominating; and (c) exceptional circumstances (comity and efficiency). *See* 28 U.S.C. § 1367(c). None of these presents a basis for declining jurisdiction.

---

*Roebuck & Co.*, 941 F.2d 302, 307–08 (5th Cir. 1991) ("declining to hear this case on the eve of trial constituted an abuse of the trial court's discretion" after "four years of litigation" and the preparation of an extensive record).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

**No novel or complex issue of state law.** The County's state law claims do not raise "novel or complex" issues of state law. The CFCA is the state-level counterpart, and is substantively similar, to the federal FCA. It was modeled after the federal version to allow for joint enforcement and streamlined litigation. *See City of Pomona v. Superior Ct.*, 89 Cal. App. 4th 793, 802 (2001), *as modified* (June 29, 2001). Nor are the Conflict-of-Interest statutes novel. These are well-settled state statutes that have been enforced by the highest courts in California. *See Thomson v. Call*, 38 Cal. 3d 633, 646 (1985). The UCL claim is premised on violation of the Conflict-of-Interest statutes. The state law claims do not involve any complex issues or issues of first impression.

Moreover, raising an issue of first impression does not necessarily mean that the issues are complex, unless they are numerous or of constitutional magnitude. *Schwarm*, 233 F.R.D. at 659 ("a single, unexceptional question of statutory interpretation" does not warrant declining jurisdiction). Even with a novel state law issue, the court can retain jurisdiction based on economy, convenience, and fairness. *See Zhang*, 2021 WL 2308290, at *3.

Further, to the extent the verdict form is "complex," it is not due to the inclusion of the state law claims. Rather, it is due to the breadth and duration of the fraudulent scheme itself. The scheme covered many leases through many developers. The need for the jury to answer questions about each lease, the number of participants in the scheme, and the number of false claims will be a part of the verdict form by virtue of the federal FCA claims. The additional state law claims do not inject substantially more complexity into the verdict form; they merely ask essentially the same questions again in the CFCA context.

**No predominating state law claims.** The state law claims do not "substantially predominate" because the core work—proving Shepos's financial interest in the leases at issue, the bribery, and the falsity of the claims—is already being done for the federal FCA claims. As set forth above, the Conflict-of-Interest

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

statutes are predicates to the federal FCA claims.  (*See supra* Section II.B.2.)

**No exceptional circumstances of comity and efficiency.**  Exceptional circumstances that warrant declining jurisdiction must be highly unusual situations that threaten to have a substantial adverse impact on the core *Gibbs* values of "economy, convenience, fairness, and comity" and should not rest solely on routine conditions such as "docket congestion."  *Arroyo*, 19 F.4th at 1211.  Even where exceptional circumstances exist, declining jurisdiction is still an abuse of discretion where the *Gibbs* values of judicial economy, convenience, fairness to litigants, and comity favor retaining jurisdiction.  *Id.* at 1215 (affirming finding of exceptional circumstances but reversing trial court's declining to exercise supplemental jurisdiction).  As discussed above, comity and judicial efficiency weigh heavily in favor of exercising supplemental jurisdiction over the County's state law claims. (*See supra* Section II.B.2.)

**C.    Severing The State Claims And Trying Only The Federal Claims Would Be Highly Prejudicial And Inefficient**

The Court's OSC considers severing the state law claims, trying only the federal claims, and—once the federal claims are resolved—declining to exercise supplemental jurisdiction over the state law claims.  (OSC at 2.)  Resolving only the federal claims now would significantly prejudice the County.

It would be monumentally unfair to cut the County of a trial in which its leases are front and center.  The interests of the United States and the State of California are limited to the funds they granted to the County for County departments to provide critical social services.  The County intervened in this *qui tam* action in order to control the litigation, and it has spent years actively pursuing its claims against Defendants.  Because of the near-complete overlap between the state and federal claims, trying only the federal claims would mean trying the same issues and examining the same witnesses necessary for the state law claims, while prohibiting the County from cross-examining witnesses, asserting objections, or

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

otherwise participating at trial. It would defeat the entire purpose of the County's intervention. Because the witnesses for both trials are the same, it would also give Defendants an unfair "test run" with the County's witnesses and other third-party witnesses who will later be called to testify in state court. It would also create a risk of inconsistent jury verdicts.

After years of investigating the facts underlying this case, litigating its claims against dozens of defendants, defeating five summary judgment motions, and preparing the case for trial (and the great accompanying expense), the County should not be denied its day in court simply because Relator is pursuing overlapping federal claims. *See Miller Aviation v. Milwaukee Cnty. Bd. of Supervisors*, 273 F.3d 722, 732 (7th Cir. 2001) ("[A] remand of the remaining supplemental claims would require a 'duplication of effort' by the state court that undermines the very purpose of supplemental jurisdiction—judicial efficiency.").

## III. CONCLUSION

For the foregoing reasons, the Court should not sever the County's state law claims and should exercise supplemental jurisdiction over those claims. The OSC should be discharged.

DATED: March 25, 2026            Respectfully Submitted,

MILLER BARONDESS, LLP

By: _____
CASEY B. SYPEK
Attorneys for Plaintiff
COUNTY OF LOS ANGELES

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

DATED:  March 25, 2026        SUSMAN GODFREY LLP


By:    _/ s / Amanda Bonn_____
        AMANDA BONN
        Attorneys for Qui Tam Plaintiff
        KAREN GLUCK

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

791832.1

17

PLAINTIFFS' RESPONSE TO THE COURT'S MARCH 20, 2026 ORDER TO SHOW CAUSE [DKT. 816]

## SIGNATURE ATTESTATION

The other signatories listed, and on those behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  March 25, 2026             Respectfully Submitted,

MILLER BARONDESS, LLP


By: _____
CASEY B. SYPEK
Attorneys for Plaintiff
COUNTY OF LOS ANGELES

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

791832.1

18

PLAINTIFFS' RESPONSE TO THE COURT'S MARCH 20, 2026 ORDER TO SHOW CAUSE [DKT. 816]