DERRYBERRY & ASSOCIATES LLP
ATTORNEYS AT LAW
41240 11th Street West, Suite A
Palmdale, California  93551
(661) 945-6115; FAX (661) 948-4772
civil@derryberrylawyers.com

R. Steven Derryberry
State Bar No. 245234
Kimberly R. Rose-McCaslin
State Bar No. 248428

Attorneys for Defendants Gregory Hanes; 300 K-6, LLC and 43917 Division Street, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES COUNTY, THE STATE OF CALIFORNIA AND THE UNITED STATES OF AMERICA ex rel. KAREN GLUCK, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS SHEPOS; et al. <br><br> Defendants. | Case No. 2:19-cv- 01773-PA-MAA <br><br> *Assigned to Hon. Percy Anderson* <br><br> **GREGORY HANES' (AND ASSOCIATED ENTITIES)  JOINT MOTION IN LIMINE NO. 1 TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING CRIMINAL CHARGING DECISIONS OR CONVICTIONS OF OTHER INDIVIDUALS** <br><br> Final PTC: April 3, 2026 <br> Date:  April 20, 2026 <br> Time:  1:30 PM <br> Trial:  April 28, 2026 |

Defendants Gregory Hanes; 300 K-6, LLC and 43917 Division Street, LLC respectfully move the Court in limine for an order precluding Plaintiffs, their counsel, and any witness from introducing evidence, testimony, or argument

792220.2                                           1

GREGORY HANES' (AND ASSOCIATED ENTITIES) JOINT MOTION IN LIMINE NO. 1
TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING CRIMINAL CHARGING
DECISIONS OR CONVICTIONS OF OTHER INDIVIDUALS

concerning criminal convictions of alleged co-conspirators, for the purpose of suggesting Defendant's culpability in this civil False Claims Act action.

Specifically, Defendant seeks to preclude:

- Any argument that criminal charges or convictions against other individuals establish or imply Defendant's liability.

Evidence regarding criminal charging decisions or the convictions of other individuals is irrelevant to the issues before the jury and creates a substantial risk of unfair prejudice, jury confusion, and improper guilt-by-association reasoning. Defendant respectfully moves for an order precluding Plaintiffs, their counsel, and witnesses from introducing evidence, testimony, or argument suggesting that Defendant is liable in this action because other individuals were convicted of criminal offenses arising from the same underlying events.

## I. CRIMINAL CONVICTIONS OF OTHER INDIVIDUALS DO NOT ESTABLISH DEFENDANT'S LIABILITY

Plaintiffs may attempt to introduce evidence of criminal convictions of alleged co-conspirators in order to suggest Defendant's participation in the alleged wrongdoing. Such evidence is improper. A criminal conviction may have preclusive effect only against the individual who was convicted and only as to issues necessarily decided in that proceeding. *Considine v. United States*, 683 F.2d 1285, 1287–88 (9th Cir. 1982).

Similarly, courts have recognized that a criminal conviction may be admissible as evidence that a crime occurred, but it is not conclusive evidence of liability in a civil action. *Allstate Ins. Co. v. Davis*, 430 F. Supp. 2d 1112, 1119 (D. Haw. 2006). These principles apply only to the individual who was convicted. They do not permit a party to establish liability against a different defendant based on the criminal conviction of another person. Indeed, courts have rejected attempts to use co-defendant convictions to establish another defendant's liability. In *Hurd*, 280 F.

DERRYBERRY & ASSOCIATES LLP
Attorneys at Law

792220.2

2

GREGORY HANES' (AND ASSOCIATED ENTITIES) JOINT MOTION IN LIMINE NO. 1 TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING CRIMINAL CHARGING DECISIONS OR CONVICTIONS OF OTHER INDIVIDUALS

Supp. 2d 980, the court found that evidence of co-defendants' guilty pleas was largely irrelevant to the defendant's culpability because one individual's guilt "had no bearing on the guilt of any of the other defendants." *Hurd v. Carey*, 280 F. Supp. 2d 980, 984 (N.D. Cal. 2003).

Allowing Plaintiffs to rely on criminal convictions of other individuals would therefore improperly invite the jury to assume Defendant must also be culpable.

## II.   **USE OF CO-CONSPIRATORS' CONVICTIONS WOULD CREATE IMPROPER GUILT BY ASSOCIATION**

Permitting Plaintiffs to rely on criminal convictions of alleged co-conspirators would improperly encourage the jury to infer Defendant's liability based solely on association with individuals who engaged in wrongdoing. The Ninth Circuit has made clear that liability cannot be established through such reasoning. In *Garcia*, 151 F.3d 1243, the court emphasized that "[t]here can be no conviction for guilt by association." *United States v. Garcia*, 151 F.3d 1243, 1247 (9th Cir. 1998). The court explained that proof that individuals engaged in illegal acts together does not establish the agreement required to prove a conspiracy and warned that allowing guilt to be inferred from association would undermine fundamental principles of the justice system.

Courts have similarly recognized that evidence of co-defendants' guilty pleas or convictions has little relevance to another defendant's culpability. In *Hurd*, 280 F. Supp. 2d 980, the court concluded that evidence of co-defendants' guilty pleas was largely irrelevant because the guilt of one defendant "had no bearing on the guilt of any of the other defendants." *Hurd*, 280 F. Supp. 2d at 984. Allowing Plaintiffs to rely on the criminal convictions of others would therefore invite the jury to conclude that because some individuals were convicted, Defendant must also have participated in the alleged misconduct. Such reasoning is precisely the type of impermissible guilt-by-association inference courts reject.

GREGORY HANES' (AND ASSOCIATED ENTITIES) JOINT MOTION IN LIMINE NO. 1 TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING CRIMINAL CHARGING DECISIONS OR CONVICTIONS OF OTHER INDIVIDUALS

DERRYBERRY & ASSOCIATES LLP
Attorneys at Law

## III.  EVIDENCE OF OTHER DEFENDANTS' CONVICTIONS CREATES A SUBSTANTIAL RISK OF UNFAIR PREJUDICE

Even where evidence has some marginal relevance, it must be excluded when the danger of unfair prejudice substantially outweighs its probative value. Evidence that other individuals were convicted of crimes arising from the same events carries a significant risk that jurors will assume the existence of a broader conspiracy involving Defendant. Courts recognize this risk and have cautioned that jurors must not infer a defendant's guilt from a co-defendant's guilty plea or conviction. See United States v. Garcia-Guizar, 160 F.3d 511 (9th Cir. 1998) (recognizing the need for limiting instructions to prevent jurors from inferring a defendant's guilt from a co-defendant's guilty plea).

Additionally, this evidence carries a significant risk that jurors will confuse criminal proceedings with the civil claims before them. Jurors may incorrectly believe that criminal charges or convictions represent official determinations of wrongdoing or that those determinations automatically establish the existence of a conspiracy involving Defendant.

Because civil liability must be determined independently under the applicable civil standards, the admission of such evidence would create a substantial risk that the jury will substitute criminal proceedings for its own evaluation of the evidence presented at trial. Accordingly, any minimal probative value of such evidence is substantially outweighed by the danger of unfair prejudice and jury confusion under Federal Rule of Evidence 403.

## IV.  PLAINTIFFS MUST PROVE DEFENDANT'S LIABILITY BASED ON DEFENDANT'S OWN CONDUCT

Civil liability must be determined based on the evidence concerning the conduct of the individual defendant. Allowing Plaintiffs to rely on criminal convictions of other individuals would improperly substitute those convictions for

DERRYBERRY & ASSOCIATES LLP
Attorneys at Law

792220.2

4

proof of Defendant's own actions. Plaintiffs remain free to present admissible evidence of Defendant's conduct. What they may not do is ask the jury to infer Defendant's liability from the criminal convictions of other individuals.

## V.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court issue an order precluding Plaintiffs from introducing evidence, testimony, or argument that criminal convictions or guilty pleas of other individuals establish or imply Defendant's liability in this case.

Such evidence is irrelevant to Defendant's liability and presents a substantial risk that the jury will improperly infer guilt by association.

## I.   PLAINTIFFS' CONTENTIONS AND POINTS AND AUTHORITIES

The Hanes Defendants' Motion in Limine ("MIL") should be denied because it is vague, overbroad, and mischaracterizes the nature and purpose of the evidence Plaintiffs[1] intend to introduce at trial.  The MIL makes no effort to offer the required "clear identification of the testimony, exhibits, or other specific matters alleged to be inadmissible and/or prejudicial," because none exists.  (Dkt. 702 § B.4.)  Plaintiffs have never expressed any intention to argue "guilt by association," and Defendants do not point to anything in the record—nor say anything more conclusive than that Plaintiffs "may" argue this.  (MIL at 1.)  This MIL appears to be a disguised second bite at excluding admissible and highly probative evidence of the Hanes Defendants' wrongdoing under the guise of a broadly worded, inapposite motion.

To be clear: any evidence of "criminal charges or convictions," such as the factual admissions contained in his co-conspirators' pleas, is not offered to prove Hanes's guilt by association.  It is offered to prove Hanes's own conduct and

---

[1] The County of Los Angeles ("County") and Qui Tam Plaintiff Karen Gluck both oppose this MIL.

DERRYBERRY & ASSOCIATES LLP
Attorneys at Law

792220.2

5

GREGORY HANES' (AND ASSOCIATED ENTITIES) JOINT MOTION IN LIMINE NO. 1 TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING CRIMINAL CHARGING DECISIONS OR CONVICTIONS OF OTHER INDIVIDUALS

participation in the scheme that renders the Hanes Leases false and fraudulent under the False Claims Acts and void under California's conflict-of-interest statutes.  This evidence is admissible under multiple independent grounds, is directly relevant to the core issues in this case, and any risk of unfair prejudice does not substantially outweigh its probative value under Federal Rule of Evidence 403.

## A.     Background

Defendant Thomas Shepos ("Shepos"), a former employee of the County's Real Estate Division, admitted in a federal plea agreement to, among other things, a money laundering scheme with someone he referred to only as "Individual A." (Omnibus Declaration of Casey B. Sypek (Sypek Decl.), Ex. 1 at 16-17.) Specifically, Shepos admitted that "Individual A" acted as a conduit for bribe payments he received from a County contractor.  (*Id.* at 16.)  That contractor, Enrique Contreras, later admitted to offering Shepos $300,000 in bribes through this "Individual A" in the form of checks with "falsified . . . memo lines . . . to make it appear as though the checks were to reimburse Individual A for work or supplies provided by Individual A on particular County projects."  (Sypek Decl., Ex. 2 at 13.)

Both Shepos and Defendant Gregory Hanes ("Hanes") have confirmed that Hanes, the owner and principal of 300 K-6, LLC and 43917 Division Street, LLC, is "Individual A."  In his deposition, Shepos testified under oath that "Mr. Hanes was the Individual A in [his] plea agreement."  (Sypek Decl., Ex. 3 (1/22/26 Shepos Depo) at 388:9–11.)  Shepos also agreed that Hanes "stored and laundered bribe money" for him, and when asked if he "explicitly asked Mr. Hanes if he would help launder money," Shepos again answered, "Okay.  Yes." (*Id.* at 388:18–25.)  When confronted at deposition with the portion of Shepos's plea agreement discussing Individual A's role in cashing bribes for Shepos from his own personal bank account, Hanes similarly acknowledged, "obviously, that's what I was doing."

GREGORY HANES' (AND ASSOCIATED ENTITIES) JOINT MOTION IN LIMINE NO. 1 TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING CRIMINAL CHARGING DECISIONS OR CONVICTIONS OF OTHER INDIVIDUALS

(Sypek Decl., Ex. 4 (Hanes Depo Tr.) at 217:12–20.)

In exchange, Shepos steered two lucrative County leases to the Hanes Defendants—Lease No. 77260 at 300 East Avenue K-6 and Lease No. 78386 at 43917 North Division Street—which generated tens of millions of dollars in payments from the County.  Both leases contained explicit anti-bribery provisions in which the Hanes Defendants represented that they had not offered or given consideration in any form to a County officer, employee or agent for the purpose of securing favorable treatment with respect to the award of the lease.  Those representations were false, which renders the claims submitted pursuant to the leases false and fraudulent under the False Claims Acts.  Shepos also was responsible for approving, on behalf of the County, reimbursements for tenant improvement projects on the Hanes buildings that were "[i]n truth and in fact . . . not payment for work or supplies tied to any County project and instead were an attempt by [the contractor] to . . . make bribe payments" to him.  (Sypek Decl., Ex. 2 at 13.)

The leases are also void under California's conflict-of-interest statutes, Government Code Sections 1090 and 87100, because Shepos had a prohibited financial interest in contracts over which he exercised influence.  Among other benefits, Hanes laundered hundreds of thousands of dollars in bribes for him, all while Shepos was negotiating and steering the Hanes leases through the approval process.  The conflict-of-interest claims are the basis of the UCL claim as well.

### B.      Legal Standard

The "failure to specify the evidence" that a motion in limine "seek[s] to exclude constitutes a sufficient basis upon which to deny th[e] motion." *Bullard v. Wastequip Mfg. Co.*, 2015 WL 13757143, at *7 (C.D. Cal. May 4, 2015) (aggregating cases); Dkt. 702 § B.4).  An MIL should also be denied "[i]f it is not clear that evidence is inadmissible on all grounds, or if the motion requires the court

792220.2                                                7

GREGORY HANES' (AND ASSOCIATED ENTITIES) JOINT MOTION IN LIMINE NO. 1
TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING CRIMINAL CHARGING
DECISIONS OR CONVICTIONS OF OTHER INDIVIDUALS

to 'resolve factual disputes or weigh evidence.'"  *Bullard*, 2015 WL 13757143, at *7.  Moreover, it is well-settled that evidence is not "unduly prejudicial" merely because it undermines the opponent's position.  *United States v. Fox*, 627 F. App'x 608, 609 (9th Cir. 2015); *Regal v. County of Santa Clara*, 2025 WL 1547631, at *7 (N.D. Cal. May 31, 2025) ("'[A]ll unfavorable evidence' about a party presents a risk of at least 'some prejudice[.]'" (citation omitted)); *see also Ramirez v. ITW Food Equip. Grp. LLC*, 2018 WL 5816093, at *2 (C.D. Cal. July 3, 2018) ("Just because something is unfavorable to one's case does not make it unduly prejudicial."); *Xabandith v. Castro*, 2009 WL 2488163, at *8 (E.D. Cal. Aug. 13, 2009) ("[A]ny evidence that puts a defendant in a bad light can be said to be prejudicial," but that does not mean it is "unduly prejudicial").

### C.    The Motion Is Impermissibly Vague And Overbroad

As a threshold matter, the MIL should be denied because Defendants fail to identify what specific evidence they seek to exclude or what specific arguments they contend would be improper.  Defendants seek a blanket order "precluding Plaintiffs, their counsel, and any witness from introducing evidence, testimony, or argument concerning criminal convictions of alleged co-conspirators, for the purpose of suggesting Defendant's culpability."  This provides the Court and Parties no framework to evaluate the admissibility of particular evidence or argument and should be denied on this basis alone.  *See Bullard*, 2015 WL 13757143, at *7.

### D.    The Evidence Defendants Seek to Exclude Is Central to Every Claim Plaintiffs Will Prove at Trial

*False Claims Act Claims*.  Both Hanes leases contained express certifications prohibiting the landlord from offering or giving "consideration in any form" to County employees.  The Hanes Defendants signed those leases—and submitted invoices—knowing they were laundering hundreds of thousands of dollars in cash

GREGORY HANES' (AND ASSOCIATED ENTITIES) JOINT MOTION IN LIMINE NO. 1 TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING CRIMINAL CHARGING DECISIONS OR CONVICTIONS OF OTHER INDIVIDUALS

DERRYBERRY & ASSOCIATES LLP
Attorneys at Law

DERRYBERRY & ASSOCIATES LLP
Attorneys at Law

bribes for him and were providing him with other benefits. Each subsequent claim for rent constituted an implied false certification that the Hanes Defendants were in compliance with those anti-bribery provisions. The fact that the money Hanes was laundering originated from bribes, as set forth in the plea agreements, is what establishes the quid pro quo and the falsity of the lease certifications. Defendants also cannot credibly argue that Shepos's criminal proceedings are irrelevant when Hanes was an active participant—he testified before the grand jury and cooperated with the FBI by making recorded phone calls to the County contractor—and yet never came forward to the County. Evidence of the contemporaneous exchange of benefits and lease transactions likewise supports the inference that the Hanes Defendants conspired with Shepos to submit false claims. The plea agreement provides critical evidence of the conspiracy's scope and mechanics.

***Conflict-of-Interest Claims***. Under Government Code Sections 1090 and 87100, a public official's prohibited financial interest renders a contract void ab initio. The money laundering arrangement is compelling evidence of Shepos's financial interest. Shepos needed Hanes to continue concealing his bribe proceeds; in exchange, he steered County leases to Hanes.[2]

### E.  The Evidence Is Relevant to The Statute of Limitations Defense

The Hanes Defendants have raised a statute of limitations defense. The timing of the County's discovery of Hanes's role is therefore at issue. Critically, in Shepos's plea agreement, Hanes was referred to only as "Individual A"—his identity was not disclosed. This evidence is relevant to the County's argument that it could not have discovered its claims against the Hanes Defendants until July 2021, when a search warrant on U.S. Bank revealed the cashier's check was drawn on

---

[2] The County's UCL claim is based on the "unlawful" prong and, specifically, violations of these statutes.

792220.2

9

Hanes's personal account.  Shepos's failure to identify Hanes by name in the plea agreement, and Hanes's own efforts to conceal his identity, demonstrate the reasonableness of the County's delayed discovery.  Excluding this evidence would prejudice Plaintiffs' ability to respond to Defendants' main affirmative defense.

### F.  Evidence of Hanes's Conduct Is Not "Guilt by Association"

The MIL rests on the false premise that Plaintiffs seek to introduce evidence of other individuals' convictions to imply that Hanes must be guilty by association.  Plaintiffs do not intend to argue that Hanes is liable merely because Shepos was convicted.  Rather, Plaintiffs will show that Hanes's role in the scheme establishes the elements of their civil claims against him.  It was Hanes who stored bribes for Shepos in his personal safe.  It was Hanes who cashed checks with falsified memo lines.  It was Hanes who withdrew $25,000 from his personal bank account to purchase an untraceable cashier's check for Shepos.  And it was Hanes who admitted, "If you're robbing a bank and I'm the getaway car, I'm guilty.  I'm going to tell you I'm guilty of what happened."  (Sypek Decl., Ex. 4 at 56:3-9.)

Defendants' cases are inapposite.  In *Hurd v. Carey*, a federal habeas petitioner objected to the court's *exclusion* of his co-conspirator's guilty pleas, which he believed should have been *admitted* at trial.  280 F. Supp. 2d 980, 985 (N.D. Cal. 2003).  The court found no abuse of discretion because "[a]ll the facts showing [the co-conspirators'] participation were before the jury" in the form of other evidence.  *Id.*  To the extent a court permitted "all" evidence about criminal co-conspirators to be shown to a jury, *Hurd* hurts, and does not help, Defendants.

Similarly, the risk of "guilt by association" addressed in *United States v. Garcia* was prosecutors' use of evidence of gang membership, alone, to prove that a defendant had conspired to attack rival gang members.  *See* 151 F.3d 1243, 1247 (9th Cir. 1998).  It did not hold that independent evidence linking the defendant to

792220.2

10

GREGORY HANES' (AND ASSOCIATED ENTITIES) JOINT MOTION IN LIMINE NO. 1 TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING CRIMINAL CHARGING DECISIONS OR CONVICTIONS OF OTHER INDIVIDUALS

DERRYBERRY & ASSOCIATES LLP
Attorneys at Law

wrongdoing is inadmissible because an alleged co-conspirator was prosecuted for related conduct. *See United States v. Reese*, 2 F.3d 870, 890 (9th Cir. 1993) (it "is not guilt by association" to receive a verdict based "entirely on the wrongfulness of [a defendant's] own conduct"); *Marquez v. Sherman*, 2020 WL 5371379, at *5 (C.D. Cal. May 21, 2020), *report and recommendation adopted*, 2020 WL 5369409 (C.D. Cal. Sept. 6, 2020) ("[T]he evidence of Petitioner's involvement was not guilt by association but guilt based on reasonable inferences from the evidence").

### G.   The Plea Agreements And Convictions Are Admissible

The Shepos and Gabaee criminal convictions are admissible under Rule 609: "for any crime regardless of the punishment, the evidence **must be admitted** if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2) (emphasis added). Shepos and Gabaee will both be witnesses at trial, and Plaintiffs are entitled to attack their character for truthfulness. *Id.* The elements of their crimes and their own admissions of providing bribes (by Gabaee) and accepting bribes (by Shepos) are dishonest acts and false statements.[3]

Similarly, Rule 404 allows for "[e]vidence of any other crime, wrong, or act" for purposes "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Here, Shepos conspired with Hanes in a similar bribery scheme in exchange for favorable treatment with County leases. Shepos's admissions prove

---

[3] Admission of this evidence is not subject to a Rule 403 balancing. The Notes to Rule 609 state: "The admission of prior convictions involving dishonesty and false statement is not within the discretion of the Court. Such convictions are peculiarly probative of credibility and, under this rule, are always to be admitted. Thus, judicial discretion granted with respect to the admissibility of other prior convictions is not applicable to those involving dishonesty or false statement." Notes of Conference Committee, House Report No. 93-1597.

792220.2

11

DERRYBERRY & ASSOCIATES LLP
Attorneys at Law

DERRYBERRY & ASSOCIATES LLP
Attorneys at Law

his motive, opportunity and intent. Shepos is also a defendant in this case.

Moreover, to the extent there are hearsay concerns, the admissions in the plea agreements about the critical role "Individual A" played in Shepos's scheme is not evidence of some third party's guilt being attributed to Hanes. They are evidence about Hanes himself and are admissible under Federal Rule of Evidence 801(d)(2)(E), the co-conspirator exception to hearsay. The convictions are also admissible under Rule 803(22), which provides that "evidence of a final judgment of conviction" is "not excluded by the rule against hearsay" because the judgment was entered after a guilty plea, the conviction was for a crime punishable by imprisonment for more than a year, and the evidence is admitted to prove any fact essential to the judgment. Fed. R. Evid. 803(22). The False Claims Act itself also recognizes the admissibility of these convictions. 31 U.S.C. § 3731(e). Hanes's subsequent failure to notify the County of his misconduct and apparent efforts to continue concealing his involvement is also admissible for matters other than the truth, such as to show notice to Hanes of the false claims, and his knowledge/intent.

The evidence Defendants seek to exclude is not limited to the plea agreements. Hanes himself testified during Shepos's criminal grand jury proceedings about his role in the scheme. At his deposition, Hanes acknowledged that the FBI questioned him and gave him a subpoena to appear before a grand jury, where he "[t]old my story, what happened." Any such statements are also non-hearsay under Rule 801(d)(2) as a party admission.

### H. The Probative Value Of This Evidence Substantially Outweighs Any Risk Of Unfair Prejudice Under Rule 403

Even if the Court were inclined to conduct a Rule 403 balancing analysis, the probative value of this evidence is extraordinarily high—it goes to the heart of Plaintiffs' claims and the quid pro quo relationship between Hanes and Shepos, the

792220.2

12

falsity of the lease certifications, the existence and nature of the conflict of interest, and the reasons for the County's delayed discovery. On the other side of the ledger, the risk of "unfair prejudice" is not undue. As even Defendants concede, courts usually address the prejudice they identify—the risk that the jury will infer Hanes's guilt from the convictions of others—with a limiting instruction, not exclusion. *See supra* (citing *United States v. Garcia-Guizar*, 160 F.3d 511 (9th Cir. 1998)).

## II.   PLAINTIFFS' CONCLUSION

For the foregoing reasons, the Court should deny this MIL in its entirety.

## DEFENDANTS' REPLY

## I.   THE MOTION SEEKS A LIMITED RULING REGARDING AN IMPROPER USE OF CRIMINAL CONVICTIONS

Plaintiffs first argue that the motion should be denied as vague or overbroad. That argument mischaracterizes the scope and purpose of the motion. Defendants do not seek to exclude all references to criminal proceedings or all evidence relating to the underlying events. Rather, the motion seeks a narrower and well-recognized evidentiary limitation: Plaintiffs should not be permitted to introduce criminal charging decisions or convictions of other individuals as substantive proof that Defendant Gregory Hanes engaged in the alleged misconduct or is liable in this civil action.

This formulation identifies both the category of evidence—criminal charges or convictions of other individuals—and the specific improper purpose—using those criminal adjudications to establish or imply Defendant's liability. Motions in limine satisfy the specificity requirement when they identify the evidence at issue and articulate why the evidence is inadmissible. *U.S.A. v. Lewis*, 493 F. Supp. 3d 858 (C.D. Cal. 2020).

Moreover, Plaintiffs' opposition confirms the specific evidence at issue.

792220.2                                    13

GREGORY HANES' (AND ASSOCIATED ENTITIES) JOINT MOTION IN LIMINE NO. 1 TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING CRIMINAL CHARGING DECISIONS OR CONVICTIONS OF OTHER INDIVIDUALS

DERRYBERRY & ASSOCIATES LLP
Attorneys at Law

DERRYBERRY & ASSOCIATES LLP
Attorneys at Law

Plaintiffs state that they intend to rely on the plea agreements and criminal convictions of individuals involved in the alleged bribery scheme, including the plea agreement of Thomas Shepos and related criminal proceedings, to establish the alleged quid pro quo and the mechanics of the scheme. Thus, the motion targets identifiable evidence and a specific evidentiary use that presents a substantial risk of unfair prejudice.

The motion therefore seeks to ensure that the jury's determination of liability is based on evidence concerning Hanes's own conduct presented at trial, not on criminal outcomes involving different individuals.

## II.    RULE 609 DOES NOT PERMIT PLAINTIFFS TO USE THIRD-PARTY CONVICTIONS AS SUBSTANTIVE PROOF OF LIABILITY

Plaintiffs contend that the convictions of other individuals are admissible under Federal Rule of Evidence 609. However, that reliance is misplaced. Rule 609 is limited to impeachment of a witness's character for truthfulness. The rule governs situations in which a party seeks to attack a witness's credibility through evidence of a prior criminal conviction. Fed. R. Evid. 609(a). It does not permit the use of criminal convictions as substantive evidence to establish the elements of a claim or defense. The Ninth Circuit has consistently held that impeachment evidence may not be used as a vehicle to introduce otherwise inadmissible substantive proof. In *George*, 960 F.2d 97, the court explained that impeachment testimony "may not be used to present substantive evidence that would otherwise be inadmissible." *United States v. George*, 960 F.2d 97, 100 (9th Cir. 1992).

Plaintiffs' opposition demonstrates precisely the misuse the Ninth Circuit prohibits. Plaintiffs argue that the plea agreements and criminal convictions establish the alleged "quid pro quo," the "falsity of the lease certifications," and the "scope of the conspiracy." Those are not credibility issues; they are substantive

792220.2                                        14

DERRYBERRY & ASSOCIATES LLP
Attorneys at Law

elements of Plaintiffs' claims.

Even when a conviction is properly admitted under Rule 609 for impeachment, the Ninth Circuit strictly limits the scope of the evidence presented to the jury. Courts generally permit only the fact of the conviction, its general nature, and the punishment range to test a witness's credibility. The underlying details or narrative of the offense are ordinarily excluded. *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009). Thus, Rule 609 cannot serve as a basis to introduce the narrative contents of plea agreements, descriptions of alleged bribery schemes, or other details of criminal proceedings as substantive evidence in this case. At most, if a witness testifies and the Court determines that a qualifying conviction is admissible for impeachment, the jury may hear limited information regarding that conviction solely for credibility purposes. The conviction may not be used to establish the alleged scheme or Defendant Hanes's liability.

## III.  CRIMINAL CONVICTIONS OF OTHER INDIVIDUALS DO NOT ESTABLISH HANES'S LIABILITY

Plaintiffs argue that the plea agreements and convictions establish the existence of a bribery scheme and the falsity of the lease certifications. But criminal convictions have evidentiary effect only with respect to the individual who was convicted. A criminal conviction may have preclusive effect only against the person convicted and only as to issues necessarily decided in that proceeding. *Considine*, 683 F.2d at 1287–88. Courts therefore reject attempts to use the guilty pleas or convictions of one individual to establish another defendant's culpability. *Hurd*, 280 F. Supp. 2d at 984 (holding that one individual's guilty plea had "no bearing on the guilt of any of the other defendants").

The jury in this case must determine liability based on the evidence presented regarding Hanes's conduct—not based on criminal adjudications involving other

792220.2

15

individuals. Allowing Plaintiffs to rely on those convictions as substantive proof would improperly invite the jury to assume that the alleged scheme has already been established.

## IV.    PLAINTIFFS CONCEDE THAT THE ALLEGED CONDUCT CAN BE PROVEN THROUGH OTHER EVIDENCE

Plaintiffs argue that the criminal pleas and convictions are "central" evidence of the alleged scheme. Yet their opposition simultaneously demonstrates that the underlying facts can be established through independent evidence.

Plaintiffs state that both Shepos and Hanes testified under oath regarding the events at issue. According to Plaintiffs, Shepos testified that Hanes was the "Individual A" referenced in the plea agreement and that Hanes assisted in laundering funds. Plaintiffs also state that Hanes acknowledged during deposition that he cashed checks referenced in the plea agreement. Thus, Plaintiffs' own opposition confirms that the alleged conduct can be proven through deposition testimony and other evidence.

Because the alleged facts can be presented through direct testimony and documentary evidence, the criminal convictions themselves add little probative value with respect to Hanes. What they add instead is the powerful and improper inference that criminal proceedings involving other individuals have already determined the existence of the alleged scheme. That is precisely the danger Rule 403 is intended to prevent.

## V.    ADMISSION OF THIRD-PARTY CONVICTIONS CREATES A SUBSTANTIAL RISK OF UNFAIR PREJUDICE

Even where evidence has some relevance, it must be excluded when the danger of unfair prejudice substantially outweighs its probative value. Evidence that other individuals were criminally convicted for conduct arising from the same

792220.2

16

DERRYBERRY & ASSOCIATES LLP
Attorneys at Law

events creates a powerful risk that jurors will infer that the defendant on trial must also have participated in the wrongdoing. The Ninth Circuit has cautioned that liability cannot be established through guilt by association. *Garcia*, 151 F.3d at 1247.

Jurors may also treat criminal convictions as official determinations that the alleged scheme occurred. This creates a substantial risk that the jury will substitute the outcome of criminal proceedings for its own independent evaluation of the evidence presented at trial. Because Plaintiffs can present the alleged facts through testimony and documentary evidence without introducing criminal convictions, the incremental probative value of those convictions is limited while the danger of unfair prejudice is substantial.

Rule 403 therefore favors exclusion.

## VI.    AT MINIMUM, THE COURT SHOULD PRECLUDE USE OF THIRD-PARTY CONVICTIONS AS SUBSTANTIVE PROOF OF LIABILITY

Defendants recognize that the admissibility of particular evidence may depend on the context in which it is offered at trial. Courts sometimes decline to rule broadly on motions in limine where the admissibility of evidence cannot be determined in the abstract. However, the Court can and should resolve the specific issue presented here: Plaintiffs should not be permitted to introduce criminal convictions of other individuals as substantive evidence that Defendant Hanes engaged in the alleged misconduct or is liable in this action.

If Plaintiffs seek to introduce such evidence for another purpose, the Court can require that the issue be raised outside the presence of the jury so that the Court may determine admissibility in context.

DERRYBERRY & ASSOCIATES LLP
Attorneys at Law

792220.2                                    17

GREGORY HANES' (AND ASSOCIATED ENTITIES) JOINT MOTION IN LIMINE NO. 1 TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING CRIMINAL CHARGING DECISIONS OR CONVICTIONS OF OTHER INDIVIDUALS

## VII.   CONCLUSION

The motion identifies the evidence at issue, criminal charges and convictions of other individuals, and the specific improper purpose for which Plaintiffs seek to use that evidence: to establish or imply Defendant Hanes's liability.

Because Plaintiffs can present the alleged facts through testimony and documentary evidence without introducing criminal convictions, the minimal probative value of those convictions is substantially outweighed by the risk of unfair prejudice and jury confusion. For these reasons, Defendants respectfully request that the Court grant the motion and preclude Plaintiffs from introducing criminal charging decisions or convictions of other individuals as substantive evidence that Defendant Gregory Hanes engaged in the alleged misconduct or is liable in this action.

Respectfully submitted,

DATED:                              DERRYBERRY & ASSOCIATES LLP


By: _____
R. STEVEN DERRYBERRY
KIMBERLY R. ROSE-McCASLIN
Attorneys for Defendants
GREGORY HANES; 300 K-6, LLC; and
43917 DIVISION STREET, LLC

792220.2                                    18

GREGORY HANES' (AND ASSOCIATED ENTITIES) JOINT MOTION IN LIMINE NO. 1 TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING CRIMINAL CHARGING DECISIONS OR CONVICTIONS OF OTHER INDIVIDUALS

DATED:  4/3/2026                        MILLER BARONDESS, LLP


                                        By:  /s/ Casey B. Sypek
                                             CASEY B. SYPEK
                                             Attorneys for Plaintiff
                                             COUNTY OF LOS ANGELES


DATED: 4/6/2026                         SUSMAN GODFREY LLP


                                        By:  /s/ Amanda Bonn
                                             AMANDA BONN
                                             Attorneys for Qui Tam Plaintiff
                                             KAREN GLUCK

DERRYBERRY & ASSOCIATES LLP
Attorneys at Law

792220.2                            19

GREGORY HANES' (AND ASSOCIATED ENTITIES) JOINT MOTION IN LIMINE NO. 1
TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING CRIMINAL CHARGING
DECISIONS OR CONVICTIONS OF OTHER INDIVIDUALS

## DECLARATION OF COUNSEL IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE NO. 1

I, Kimberly R. Rose-McCaslin, declare as follows:

1.    I am an attorney licensed to practice before this Court and am counsel of record for Defendants Gregory Hanes, 300 K-6, LLC, and 43917 Division Street, LLC (collectively, the "Hanes Defendants") in this action. I have personal knowledge of the matters stated herein and, if called as a witness, could and would competently testify to them.

2.    The Hanes Defendants bring Motion in Limine No. 1 seeking an order precluding Plaintiffs, their counsel, and witnesses from introducing evidence, testimony, or argument suggesting that criminal charging decisions, guilty pleas, or convictions of other individuals establish or imply liability on the part of Defendant Gregory Hanes in this civil action.

3.    The specific matters Defendants seek to preclude include any reference before the jury to criminal charges, plea agreements, or convictions involving individuals alleged to have participated in the events underlying this case—including but not limited to the criminal proceedings involving Defendant Thomas Shepos and others—for the purpose of suggesting that Defendant Gregory Hanes participated in or is liable for the alleged misconduct based on those criminal proceedings.

4.    Counsel for the Hanes Defendants discussed the subject of this motion with counsel for Plaintiffs in person on March 16, 2026.

5.    During those discussions, Plaintiffs' counsel indicated that Plaintiffs intend to introduce evidence relating to criminal plea agreements and convictions arising from the criminal proceedings involving Thomas Shepos and others in connection with the matters underlying this action.

792220.2

20

GREGORY HANES' (AND ASSOCIATED ENTITIES) JOINT MOTION IN LIMINE NO. 1 TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING CRIMINAL CHARGING DECISIONS OR CONVICTIONS OF OTHER INDIVIDUALS

DERRYBERRY & ASSOCIATES LLP
Attorneys at Law

6. Plaintiffs' counsel did not agree to stipulate that such evidence, testimony, or argument would not be mentioned or displayed in the presence of the jury unless and until admitted into evidence by the Court.

7. If Plaintiffs are permitted to reference criminal charges, guilty pleas, or convictions of other individuals before the jury for the purpose of suggesting Defendant Gregory Hanes's liability, Defendants will suffer substantial prejudice.

8. Specifically, there is a significant risk that jurors will improperly infer that Defendant Gregory Hanes must also have engaged in wrongdoing simply because other individuals were criminally charged or convicted in related proceedings. Such references would create an impermissible "guilt by association" inference and may lead jurors to treat the outcomes of criminal proceedings as determinations of liability applicable to Defendant Hanes in this civil case.

9. The introduction of such evidence or argument would also create a substantial risk of jury confusion by conflating the criminal proceedings involving other individuals with the civil claims that must be independently evaluated by the jury in this action.

10. Defendants therefore bring this Motion in Limine to ensure that the jury determines Defendant Hanes's liability based solely on admissible evidence regarding Defendant's own conduct presented at trial, rather than on criminal adjudications involving other individuals.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 3, 2026 at Palmdale, California.

_____
KIMBERLY R. ROSE-McCASLIN

792220.2

21

GREGORY HANES' (AND ASSOCIATED ENTITIES) JOINT MOTION IN LIMINE NO. 1 TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING CRIMINAL CHARGING DECISIONS OR CONVICTIONS OF OTHER INDIVIDUALS

DERRYBERRY & ASSOCIATES LLP
Attorneys at Law

**SIGNATURE ATTESTATION**

The other signatories listed, and on those behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  4/3/2026                    DERRYBERRY & ASSOCIATES LLP

By: _____

R. STEVEN DERRYBERRY
KIMBERLY R. ROSE-McCASLIN
Attorneys for Defendants
GREGORY HANES; 300 K-6, LLC; and
43917 DIVISION STREET, LLC

DERRYBERRY & ASSOCIATES LLP
Attorneys at Law

792220.2

22

GREGORY HANES' (AND ASSOCIATED ENTITIES) JOINT MOTION IN LIMINE NO. 1
TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING CRIMINAL CHARGING
DECISIONS OR CONVICTIONS OF OTHER INDIVIDUALS