Michael S. Devereux  (SBN 225240)
9440 Santa Monica Blvd, Suite 301
Beverly Hills, California  90210
Telephone: (424) 600-8584
Email: mike@wex.law

Attorneys for DEFENDANT, ARMAN GABAEE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| THE COUNTY OF LOS ANGELES, THE STATE OF CALIFORNIA and THE UNITED STATE OF AMERICA *ex rel.* KAREN GLUCK,<br><br>                    Plaintiffs,<br><br>        v.<br><br>THOMAS SHEPOS, et al.,<br><br>                    Defendants. | **Case No. 2:19-cv-01773-PA-MAA**<br><br>DEFENDANT ARMAN GABAEE'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE DEFENDANT'S CRIMINAL PLEA AGREEMENT AND FACTUAL NARRATIVE **(Hon. Percy Anderson)**<br><br>Hearing: April 20, 2026<br>Time:    1:30 p.m.<br>Ctrm:    9A |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 20, 2026, or soon thereafter as may be heard before the Honorable Percy Anderson at the United States District Court for the Central District of California, located at 350 W. First Street, Los Angeles, California, Courtroom 9A, Defendant ARMAN GABAEE by and through his undersigned attorney of record, will, and hereby moves this Honorable Court in limine for an order excluding from trial the written Plea Agreement and

1

accompanying factual basis entered in United States v. Gabaee, Case No. CR 18-331-GW (C.D. Cal.), filed April 26, 2022.

This motion is made following the conference of counsel pursuant to L.R. 7-3. Additionally, this motion is brought pursuant to Federal Rules of Evidence 401, 402, 403, 404, 608, and 802.

This motion is based upon this Notice of Motion and Motion and other such matters as may be deemed appropriate before the Court.

Dated: March 23, 2026

By: *Michael S. Devereux*

Michael S. Devereux
Attorney for Defendant
ARMAN GABAEE

**MICHAEL DEVEREUX, ESQ.**

2

## MEMORANDUM OF POINT AND AUTHORITIES

### I.   INTRODUCTION

Defendant Arman Gabaee does not dispute his conviction and is prepared to stipulate that he pleaded guilty to one count of violating 18 U.S.C. § 666(a)(2). That fact is not at issue.

What is at issue is that Plaintiffs' presentation of this case rests heavily on the factual narrative contained in Arman Gabaee's December 2022 plea agreement. That approach is improper. Rather than prove their claims through admissible evidence, Plaintiffs seek to import a negotiated, prosecutor-drafted narrative from a criminal proceeding and present it to the jury as substantive proof. In doing so, they risk conflating the limited fact of a criminal conviction with a broad and disputed account of conduct, and improperly extending that narrative to Defendants who were not parties to that agreement.

The Federal Rules of Evidence do not permit that result. While the existence of a conviction may, in appropriate circumstances, be established through proper means, the wholesale use of a plea agreement's factual recitation presents a substantial danger of unfair prejudice, juror confusion, and improper inference. See Fed. R. Evid. 403. The narrative contained in the plea agreement is not a judicial finding, was not subject to adversarial testing, and extends well beyond the elements necessary to support the conviction. Its introduction would invite the jury

MICHAEL DEVEREUX, ESQ.

to decide this case based on a prepackaged account of alleged conduct rather than the evidence presented at trial.

Plaintiffs' approach is particularly problematic because it attempts to convert a limited criminal conviction into a sweeping narrative of prolonged misconduct and financial harm—issues that are disputed and were not determined by the criminal court. The Federal Rules of Evidence do not permit such a transformation. Accordingly, the plea agreement and its factual narrative should be excluded.

## II. RELIEF REQUESTED

Defendant requests that the Court:

1. Exclude the Plea Agreement and its factual basis in their entirety;

2. Preclude Plaintiff from referencing, quoting, or publishing any portion of the factual narrative contained therein;

3. Alternatively, limit admissibility to a stipulation that Defendant pleaded guilty to one count of violating 18 U.S.C. § 666(a)(2);

4. Exclude all references to:

   o  Alleged multi-year conduct and recurring payments

   o  Narrative descriptions of meetings and payments

   o  References to large-scale transactions or leases

   o  Sentencing guideline calculations, fines, or restitution provisions .

MICHAEL DEVEREUX, ESQ.

4

MICHAEL DEVEREUX, ESQ.

## III. ARGUMENT

### A. The Plea Agreement and Its Factual Narrative Constitute Inadmissible Hearsay

The Plea Agreement and its accompanying factual basis are classic hearsay: out-of-court statements offered for the truth of the matters asserted. Fed. R. Evid. 801(c). Plaintiff's anticipated use—reading or presenting the factual narrative to establish the alleged conduct—falls squarely within the rule's prohibition.  No exception applies.

The statements:

- Were not subject to cross-examination;

- Were not made during and in furtherance of any alleged conspiracy;

- Were made years after the alleged conduct, in the context of plea negotiations;

- Are admissible, if at all, only against the declarant and not for wholesale use as substantive evidence.

Courts have repeatedly recognized that plea agreements are not admissible wholesale and cannot be used as a substitute for admissible evidence. See, *United States v. Roberts*, 618 F.2d 530, 535 (9th Cir. 1980).

Plaintiff cannot sidestep the Federal Rules of Evidence by presenting a prosecutor-drafted narrative in lieu of live, admissible proof.

**MICHAEL DEVEREUX, ESQ.**

**B. The Plea Agreement Is Unnecessary Given Defendant's Concession of the Conviction**

Defendant does not contest that he pleaded guilty to one count of violating 18 U.S.C. § 666(a)(2). That concession eliminates any legitimate need for the Plea Agreement itself.

Under *Old Chief v. United States*, where a fact can be established through a stipulation, the introduction of more detailed and prejudicial evidence is improper when it serves no purpose other than to inflame the jury. 519 U.S. 172, 190–92 (1997).

Here, the Plea Agreement contains:

- A detailed narrative of alleged conduct;

- Sentencing enhancements and calculations;

- Financial references and restitution provisions;

- Descriptions of events far beyond the statutory elements.

None of that is necessary to establish the existence of a conviction. Its admission would serve only one purpose: prejudice.

**C. The "Multi-Year Scheme" Narrative Is Highly Prejudicial, Disputed, and Misleading**

The Plea Agreement presents a sweeping narrative of a multi-year bribery scheme allegedly spanning from approximately 2010 through 2017, including recurring payments over time.

That narrative is:

- Not an element of § 666;

- Not necessary to sustain the conviction;

- Actively disputed in this case.

Its admission would fundamentally distort the issues before the jury.

Specifically, it would:

- Transform a discrete course of conduct into a prolonged "scheme";

- Invite the jury to infer liability from repetition and duration rather than admissible evidence;

- Create an impermissible character inference based on alleged pattern;

- Force Defendant to litigate years of alleged conduct contained in a negotiated document rather than properly admitted evidence.

MICHAEL DEVEREUX, ESQ.

7

The Ninth Circuit has repeatedly cautioned against evidence that invites the jury to decide a case on an improper basis. See *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992) (Rule 403 excludes evidence that "lures the factfinder into declaring guilt on a ground different from proof specific to the offense charged").

That is precisely what Plaintiff seeks to do here.

**D. The Factual Narrative Is a Negotiated Document, Not Evidence Tested Through Adversarial Process**

The factual basis in a plea agreement is not a judicial finding. It is not a verdict. It is not the product of adversarial testing.

It is a negotiated document, drafted in conjunction with the government to resolve a criminal case.

As such, it reflects:

- Strategic concessions;

- Selective presentation of facts;

- Prosecutorial framing;

- Sentencing-driven language.

Allowing Plaintiff to present that document wholesale would improperly elevate a negotiated resolution into a substitute for proof.

MICHAEL DEVEREUX, ESQ.

Courts have repeatedly rejected attempts to use plea materials as a proxy for admissible evidence. See *United States v. Roberts*, 618 F.2d 530, 535 (9th Cir. 1980) (evidence is not admissible simply because it is contained in a plea agreement).

Plaintiff must prove its case through admissible evidence—not by reading from a negotiated script.

**E. The Narrative Improperly Embeds Legal Conclusions and Risks Mischaracterizing the Payments**

The factual narrative includes descriptions of relatively small, intermittent payments—$500 here, $1,000 there—made over a limited period.

Plaintiff is expected to characterize those payments as "bribes."

But whether a payment constitutes a bribe is not determined by labeling in a plea agreement. It depends on proof of a quid pro quo. That distinction is not academic—it is legally dispositive.

The Supreme Court has recently reaffirmed the importance of this distinction. *Snyder v. United States* ___ US __ (2024), 144 S.Ct. 1947. Admitting the plea narrative would improperly:

- Import the government's characterization of the payments as "bribes";

- Collapse the distinction between bribery and gratuities;

- Relieve Plaintiff of its burden to establish a quid pro quo through admissible evidence;

- Invite the jury to adopt legal conclusions embedded in a negotiated document.

The Federal Rules of Evidence do not permit that shortcut.

**F. The Plea Agreement Creates a Misleading Impression of Economic Harm**

The Plea Agreement includes references to substantial financial figures and large-scale transactions, including potential lease arrangements.

Those references create a powerful—but misleading—impression of economic harm.

In reality:

- The sentencing court did not find monetary loss to the County;

- No restitution was ordered;

- The sentence was driven by the amount of the payment—not any proven financial injury.

Allowing Plaintiff to present the Plea Agreement without that context would invite the jury to assume the existence of economic harm that was never established.

Rule 403 is designed to prevent precisely this type of evidentiary distortion.

MICHAEL DEVEREUX, ESQ.

### G. Rule 403 Independently Requires Exclusion

The danger here is not merely prejudice—it is distortion: the substitution of a negotiated narrative for proof.  Even if marginally relevant, the Plea Agreement must be excluded under Rule 403.

The risks are substantial and obvious:

- Unfair prejudice: The narrative invites moral condemnation untethered to the issues in dispute.

- Confusion of issues: It blurs the line between criminal sentencing and civil liability.

- Misleading the jury: It suggests duration, scope, and damages that are disputed or unsupported.

- Mini-trial risk: It would require Defendant to rebut years of alleged conduct embedded in a plea document.

Where, as here, the probative value is minimal and the prejudice overwhelming, exclusion is required. See *Old Chief*, 519 U.S. at 180.

### H. Collateral Estoppel Does Not Extend to the Narrative

Plaintiff cannot bootstrap the Plea Agreement into a preclusive finding on disputed issues.

Even where collateral estoppel applies, it extends only to issues:

MICHAEL DEVEREUX, ESQ.

MICHAEL DEVEREUX, ESQ.

- Actually litigated;

- Necessarily decided;

- Essential to the judgment.

See *SEC v. Stein*, 906 F.3d 823, 828 (9th Cir. 2018).

A guilty plea does not establish:

- Duration of alleged conduct;

- Frequency or number of payments;

- Narrative descriptions;

- Economic harm.

Those issues remain disputed and must be proven through admissible evidence.

## IV. ALTERNATIVE RELIEF

If the Court permits reference to the conviction, Defendant requests:

1. Admission be limited to a stipulation that Defendant pleaded guilty to one count under 18 U.S.C. § 666(a)(2);

2. Exclusion of the Plea Agreement and factual basis;

3. Preclusion of any argument that the plea establishes:

   ○ A multi-year scheme;

   ○ Civil damages;

   ○ The characterization of all payments as bribes.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court exclude the Plea Agreement and its factual narrative in their entirety , or alternatively limit admissibility as set forth above.

## PLAINTIFFS' OPPOSITION

Arman Gabay seeks to exclude his own plea agreement based on incorrect legal assertions, conclusory statements, and kitchen-sink argumentation. It is well-established that a party's own plea agreement is a party admission under Rule 801. Moreover, courts routinely reject Rule 403 challenges and admit plea agreements in civil cases where they deal with the same facts at issue in the case. Gabay's Motion should be denied.

### I.      The Arman Gabay Plea Agreement is Not Hearsay

Puzzlingly, Arman Gabay argues that his own plea agreement is hearsay. Even setting aside the Rule 803(22) hearsay exception that applies to prior criminal judgments and plea agreements, Gabay's own plea agreement is a straightforward party admission. California federal courts have routinely recognized that a civil party's criminal plea agreement is a party admission. *In re Homestore.com, Inc.*, No. CV 01-11115 RSWL CWX, 2011 WL 291176, at *9 (C.D. Cal. Jan. 25, 2011) ("Further, courts have held that admissions in a plea agreement constitute non-hearsay party admissions, and therefore the Court finds that the

MICHAEL DEVEREUX, ESQ.

factual admissions in Defendant's plea agreement are admissible on these grounds as well."); *Olenicoff v. UBS AG*, No. SACV 08-1029 AG RNBX, 2012 WL 1192911, at *8 (C.D. Cal. Apr. 10, 2012) ("[The plea agreement] is also a party-admission under Federal Rule of Evidence 801(d)(1)."). It would therefore be improper to exclude Gabay's plea agreement on hearsay grounds.

## II.    Even with the Proposed Stipulation, Admitting the Plea Agreement is Proper.

Arman Gabay attempts to moot the issue by proposing to stipulate to the fact of his conviction, but the proposed stipulation does not go far enough. As made clear throughout his Motion, Arman Gabay continues to factually dispute the plea agreement he signed and adopted. Gabay is not stipulating to each fact in the plea agreement and therefore admission of the plea agreement is still necessary to establish what are apparently disputed facts.

## III.    "The Multi-Year Scheme" are precisely the facts Arman Gabay Adopted by Signing the Plea Agreement.

Gabay complains that his plea agreement included unnecessary facts for his own conviction—a multi-year scheme—and should therefore be excluded from this case. The argument is nonsensical. A multi-year scheme is exactly what Plaintiffs allege occurred in *this case*. Moreover, it appears Gabay has confused a party

MICHAEL DEVEREUX, ESQ.

14

admission under Rule 801 with the judgment of a previous conviction exception under Rule 803(22), with the former not requiring the facts to be essential to the judgment. Ultimately, the facts in the plea agreement surrounding the multi-year scheme are party admissions under Rule 801. It is irrelevant whether those facts were or were not essential to the crime for which Gabay was convicted.

**IV.     The Plea Agreement being a factual narrative is not grounds for exclusion.**

Gabay seeks to exclude the plea agreement because it is a "factual narrative" that is not tested through the adversarial process. That is not a basis for exclusion and appears to misunderstand the nature of a plea agreement. Gabay signed the document adopting the factual statements as his own. Those are Gabay's factual statements and the plea agreement is a party admission. *Olenicoff v. UBS AG*, No. SACV 08-1029 AG RNBX, 2012 WL 1192911, at *8 (C.D. Cal. Apr. 10, 2012) ("[The plea agreement] is also a party-admission under Federal Rule of Evidence 801(d)(1).").

**V.     The description of his payments as "bribes" is precisely what Arman Gabay Adopted by Signing the Plea Agreement.**

The basis for exclusion in Gabay's fifth argument is unclear. Gabay seems to be suggesting that factual descriptions of payments as "bribes" are legal conclusions and therefore warrant exclusion. Gabay cites no case to support such sweeping relief. But the word "bribe" is not a legal conclusion at all, and is instead a shorthand for

MICHAEL DEVEREUX, ESQ.

15

several factual issues. Moreover, Gabay adopted as his own the plea agreement's description of his payments to Shepos as bribes. Those statements are admissible party admissions.

## VI.    There is no risk of misleading the jury about economic harm.

It is not clear what Gabay argues in the plea agreement would create a misimpression about harm. Gabay states the plea agreement refers to "big numbers," but it is not even clear to which numbers he refers. The reality—reflected in the plea agreement—is that Gabay made frequent payments to Shepos and earned very large sums of money from County leases. There is no misimpression.

## VII.    Exclusion Under Rule 403 is Unjustified.

Gabay attempts to articulate prejudice, but none of the stated bases actually apply to this case. And even if the stated prejudice were real, they would be substantially outweighed by the probative value of Gabay's own party admissions describing the bribery scheme at issue in this case.

The Ninth Circuit has recognized that when the plea agreement deals with very facts at issue in the civil trial, "any prejudicial effect was 'substantially outweighed' by their probative value." *Palmerin v. City of Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1986) (when dealing with facts in the case); *see also In re Homestore.com, Inc.*, No. CV 01-11115 RSWL CWX, 2011 WL 291176, at *9 (C.D. Cal. Jan. 25, 2011) ("Defendant stresses that the plea should be excluded under

MICHAEL DEVEREUX, ESQ.

16

Federal Rule of Evidence 403 because the jury will be confused and equate a guilty plea of conspiracy with civil liability. However, the Court finds this argument unpersuasive, as cautionary jury instructions can be used to counter these concerns.").

Gabay's plea agreement is extremely probative. The plea agreement contains an entire section describing the monthly bribe payments that he made so that Shepos would provide "non-public County information," "resolv[e] issues between defendant and County departments or agencies on terms favorable to defendant," and "help[] to secure County leases for defendant and negotiating terms in those leases that were beneficial to defendant." Exh.__ at 8. The plea agreement also explains that "Through one of his companies, defendant owned and was redeveloping the Hawthorne Mall." The plea agreement further details how Arman Gabay bribed Shepos to obtain a county lease for his company that owned the Hawthorne Mall. *Id*. at 8-9. It is difficult to imagine evidence more probative than a participant in the bribery scheme admitting that his conduct was designed to benefit him and his companies.

Given the highly probative nature of the evidence, Gabay does not point to prejudice that would justify exclusion. "Although the admission of the evidence may harm the defendants' case, that is not reason to exclude it under Rule 403, which

MICHAEL DEVEREUX, ESQ.

17

refers only to *unfair* prejudice." *United States v. Decinces*, 808 F.3d 785, 791 (9th Cir. 2015). The prejudice Gabay articulates is either fair or not likely to occur.

First, Gabay contends that the plea agreement "invites moral condemnation," but it is unclear why the plea agreement facts would invite any additional moral condemnation. Gabay has already offered to stipulate to the existence of his conviction. And Plaintiffs' case has always alleged a multi-year bribery scheme. Nothing in the plea agreement invites more moral condemnation. Moreover, Gabay has not explained why such moral condemnation would be "undue."

Second, Gabay claims the plea agreement would blur the line between criminal and civil liability. He provides no explanation why that would be true. Particularly since Gabay has already agreed to stipulate to the fact of his conviction.

Third, Gabay suggests the plea agreement contains statements that are disputed. That is not undue prejudice. Rather, it is a party admission on a fact issue that Gabay now disputes.

Fourth, Gabay claims the plea agreement would open the door to a mini-trial because he would need to rebut years of conduct. Yet, that is what this trial has always been about. Plaintiffs have always alleged Gabay participated in a multi-year bribery scheme.

In short, the Arman Gabay plea agreement is a party admission that is highly probative of the issues in this case and the undue prejudice to Arman Gabay is essentially non-existent.

### DEFENDANT'S ARMAN GABAEE REPLY

DEFENDANT ARMAN GABAEE'S REPLY IN SUPPORT OF MOTION IN LIMINE NO. 1 TO EXCLUDE DEFENDANT'S CRIMINAL PLEA AGREEMENT AND FACTUAL NARRATIVE

## I. INTRODUCTION

Plaintiffs' Opposition mischaracterizes both the nature of Defendant Arman Gabaee's Motion and the applicable legal framework. Defendant does not dispute his conviction for attempted bribery.[1] He has offered to stipulate to the fact of a conviction. But the conviction is not legally relevant; what Plaintiffs want and what Defendant contests is the wholesale importation of a prosecutor-drafted, sentencing-driven factual narrative into a civil trial as a substitute for admissible evidence, and which will infect the trial with improper evidence of uncharged "other acts" conduct.  Plaintiffs' Opposition papers over these critical distinctions at every turn.

---

[1]  Arman was not convicted of making any of the bribers that are alleged in this case. This case only alleges actual bribes.  Arman pleaded guilty to County IV *only*. That count addresses *only* the attempted bribe of a house in exchange for a new lease for the DPSS that never materialized and under which no rent was ever paid. The other counts, which addressed the conduct at issue in this case, were *dismissed*.  See Indictment and Amended Judgment, case no. 2:18-cr-00331-GW, dkt nos. 14 and 284, respectively.

MICHAEL DEVEREUX, ESQ.

Plaintiffs' central argument reduces to this: because Defendant signed the plea agreement, every sentence within it is a "party admission" admissible for all purposes with no limitation. That position is legally incorrect, analytically imprecise, and, if accepted, would swallow the independent protections afforded by Federal Rules of Evidence 403, 404(b), and 802. The Opposition further ignores controlling Supreme Court authority, misapplies the *Old Chief* doctrine, and offers no adequate response to the Rule 403 concerns raised in the Motion. The Motion should be granted

## II. ARGUMENT

### A. Plaintiffs Fundamentally Misunderstand the Party Admission Doctrine as Applied to Plea Agreements

Plaintiffs argue that because Gabaee signed the plea agreement, the entire document—including its factual narrative, sentencing calculations, financial references, and prosecutorial characterizations—is a non-hearsay party admission under Federal Rule of Evidence 801(d)(2). That argument conflates the legal classification of a statement with the question of its admissibility, relevance, and prejudicial effect.

The party admission doctrine merely determines that a statement is *not hearsay*. It does not render any such statement admissible for *all purposes*, *in all forms*, and *in all contexts*. A party admission remains subject to Federal Rules of Evidence 401, 402, 403, 404(b), and all other applicable rules. *See* Fed. R. Evid. 802 advisory committee's note ("admissions ... are admissible as an exception to the hearsay rule ... [but] remain subject to other limitations"); *United States v. Decinces*, 808 F.3d 785, 791 (9th Cir. 2015) (evidence may be a party admission and still be excludable under Rule 403). Plaintiffs cite *In re Homestore.com, Inc.*

and *Olenicoff v. UBS AG* for the proposition that plea agreements constitute party admissions. Defendant does not dispute that foundational point. What Plaintiffs fail to address is whether those admissions—embedded within a prosecutor-drafted, sentencing-optimized document—may nonetheless be excluded under Rule 403 as unfairly prejudicial, cumulative, or misleading. They may. And on the facts of this case, they should be.

### B. The Plea Agreement's Factual Basis Expressly Disclaims Completeness

Plaintiffs treat the factual basis of the plea agreement as a comprehensive and authoritative account of Defendant's conduct. The plea agreement itself refutes that characterization. Paragraph 11 of the agreement states expressly that the statement of facts "is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct." (Plea Agreement ¶ 11.) The factual basis was drafted narrowly to establish the elements of 18 U.S.C. § 666(a)(2) and to set Sentencing Guidelines calculations. Defendant's signature merely attests that he is pleading guilty because he is guilty – of attempted bribery, not the bribes at issue here.  Beyond that, it was not drafted to serve as an evidentiary record in a subsequent civil proceeding or to stand as the Defendants' testimony.  It is there to show that there is a basis for the charge – attempted bribery.  Allowing Plaintiffs to present this incomplete, prosecution-framed narrative to the civil jury as a definitive account of Defendant's conduct would create precisely the misleading impression Rule 403 is designed to prevent, and they type of other acts evidence that is impermissible under FRE 404(b).

### C. *Old Chief* Controls and Plaintiffs Cannot Avoid Its Logic

MICHAEL DEVEREUX, ESQ.

21

MICHAEL DEVEREUX, ESQ.

Plaintiffs argue that the proposed stipulation "does not go far enough" because Gabaee "continues to factually dispute the plea agreement he signed." That argument inverts *Old Chief v. United States*, 519 U.S. 172 (1997), and the Rules it embodies.

*Old Chief* holds that when a defendant offers to stipulate to the existence of a prior conviction, the government's interest in presenting full evidence of that conviction is substantially diminished—particularly when the sole remaining evidentiary purpose is prejudice. 519 U.S. at 190–92. The Court recognized that "an item's [probative] value can sometimes be calculated only by reference to its capacity to cause 'unfair prejudice.'" *Id.* at 180. Where a stipulation eliminates the legitimate informational need for more prejudicial evidence, admission of that evidence is improper.

Plaintiffs attempt to distinguish *Old Chief* by arguing that the factual narrative contains facts Defendant disputes and therefore must be admitted to resolve those disputes. That logic is circular and dangerous. Under Plaintiffs' reasoning, a defendant could never successfully limit a prejudicial prior-conviction document because the opposing party could always say: "You dispute the facts, therefore we need the document." That cannot be the law. The factual disputes Plaintiffs identify—the duration of alleged conduct, the characterization of payments as bribes, the scope of the financial arrangement—are precisely the issues that must be resolved through admissible trial evidence, not by presenting the jury with a negotiated plea document dressed up as established fact.

**D. Signing a Plea Agreement Does Not Transform Prosecutorial Characterizations Into Binding Factual Determinations**

22

Plaintiffs argue that because Defendant signed the plea agreement, descriptions of payments as "bribes" are admissible party admissions and not legal conclusions. That argument is superficially appealing but legally unsound.

The Supreme Court's recent decision in *Snyder v. United States*, 144 S. Ct. 1947 (2024), reaffirmed that the distinction between a bribe—requiring proof of a *quid pro quo*—and a gratuity is legally and constitutionally significant. In the civil context, Plaintiffs bear the burden of establishing that distinction through competent admissible evidence at trial. Presenting the jury with a document in which a federal prosecutor labeled the payments "bribes" as part of a negotiated plea would improperly relieve Plaintiffs of that burden and invite the jury to adopt a legal conclusion embedded in a document that was never subject to adversarial testing.

Moreover, the plea agreement itself confirms the limited scope of the factual admission. Defendant agreed not to "contest the Factual Basis" for purposes of the plea and sentencing—not for all purposes in all future proceedings. (Plea Agreement ¶ 2(b).) That contractual limitation does not extinguish Defendant's right under the Federal Rules of Evidence to contest how, and in what form, prior statements may be used in a subsequent civil proceeding. Surely, the mere fact of signature is not enough, for it's clear in his certification that he is pleading guilty solely because he is pleading guilty to attempted bribery, "and not for any other reason." Plea at p. 12.

**E. The Rule 403 Calculus Overwhelmingly Favors Exclusion**

Plaintiffs argue that no "unfair" prejudice exists because: (1) the jury will already know of the conviction; (2) any prejudice can be addressed with a limiting

MICHAEL DEVEREUX, ESQ.

instruction; and (3) the plea agreement is highly probative. None of these arguments withstand scrutiny.

First, Plaintiffs claim the moral condemnation invited by the plea narrative adds nothing to what the jury will already know from the stipulated conviction. That position is flatly inconsistent with their own insistence on admitting the full factual narrative. If the narrative adds nothing beyond the fact of conviction, it is cumulative and should be excluded. If it adds something, that "something" is the very unfair prejudice Defendant has identified: a multi-year scheme narrative, sentencing enhancements, financial figures, and prosecutorial characterizations that far exceed what is necessary to establish the conviction.

Second, limiting instructions are an inadequate remedy where, as here, the prejudicial material is so pervasive and detailed that no instruction can cure its effect. *See Bruton v. United States*, 391 U.S. 123 (1968); *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992) (limiting instructions insufficient where evidence lures the factfinder to decide on an improper basis). A juror cannot be instructed to disregard a detailed narrative of a seven-year bribery scheme, including a nearly $45 million lease transaction, while simultaneously being asked to evaluate the narrower civil claims at issue in this case.

Third, Plaintiffs' probative value argument proves too much. They point to the plea agreement as evidence of the "monthly bribe payments," the Hawthorne Mall DPSS Lease, and Defendant's financial benefit. But those subjects are addressed in the parties' anticipated trial evidence—depositions, financial records, and witness testimony. The plea agreement's probative value, to the extent it exists, is substantially outweighed by its capacity to confuse the issues, mislead the jury, and substitute a government-drafted narrative for the admissible proof Plaintiffs are obligated to present. *See* Fed. R. Evid. 403.

MICHAEL DEVEREUX, ESQ.

24

**MICHAEL DEVEREUX, ESQ.**

### F. Collateral Estoppel Does Not Extend Beyond Issues Actually and Necessarily Decided

Plaintiffs have not expressly invoked collateral estoppel, but the logic of their Opposition implies that Defendant is bound by every statement in the plea agreement as a matter of preclusion. That is incorrect. Collateral estoppel applies only to issues that were: (1) actually litigated; (2) necessarily decided; and (3) essential to the judgment. *See SEC v. Stein*, 906 F.3d 823, 828 (9th Cir. 2018).

A guilty plea does not constitute actual litigation of the factual narrative embedded in the plea agreement. *See id.* The elements of 18 U.S.C. § 666(a)(2) do not require proof of a multi-year scheme, repeated payments, or a specific dollar value of benefit conferred. The duration, frequency, and scope of alleged conduct set forth in the narrative were not "necessarily decided" by the plea. They were included for sentencing purposes under U.S.S.G. § 2C1.1(b)(1) and (b)(2)—guideline enhancements that were negotiated, not adjudicated. Preclusive effect cannot extend to matters that were agreed upon for sentencing purposes but never subjected to adversarial determination.

### G. Defendant's Proposed Stipulation Adequately Serves the Legitimate Evidentiary Purpose

Defendant proposes a stipulation that he pleaded guilty to one count of violating 18 U.S.C. § 666(a)(2). That stipulation establishes the conviction and places before the jury the uncontested fact that Defendant engaged in the conduct constituting that offense. Plaintiffs' suggestion that this stipulation is inadequate because Defendant "disputes" the plea narrative has the burden of proof backwards. It is Plaintiffs' obligation to prove their civil claims through admissible evidence. They are not entitled to import a prosecutor's narrative to meet that burden simply

because Defendant disagrees with aspects of that narrative. Plaintiffs remain free to call witnesses, introduce financial records, present deposition testimony, and argue their theory of the case—without relying on a government-drafted plea document as a summary of the facts.

## III. CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Motion in Limine, Defendant Arman Gabaee respectfully requests that the Court:

1. Exclude the Plea Agreement and its factual basis in their entirety;

2. Preclude Plaintiffs from referencing, quoting, or publishing any portion of the factual narrative;

3. Alternatively, limit admissibility to a stipulation that Defendant pleaded guilty to one count of violating 18 U.S.C. § 666(a)(2); and

4. Exclude all references to sentencing enhancements, financial figures, and characterizations of payments as "bribes" that exceed what is necessary to establish the fact of the conviction.

Dated: April 3, 2026

By:   *Michael S. Devereux*
      Michael S. Devereux
      Attorney for Defendant
      ARMAN GABAEE

MICHAEL DEVEREUX, ESQ.

26

MICHAEL DEVEREUX, ESQ.

DATED: 4/3/2026                                MILLER BARONDESS, LLP


                                               By: /s/ Casey B. Sypek
                                               CASEY B. SYPEK
                                               Attorneys for Plaintiff
                                               COUNTY OF LOS ANGELES


DATED: 4/3/2026                                SUSMAN GODFREY LLP


                                               By: /s/ Amanda Bonn
                                               AMANDA BONN
                                               Attorneys for Qui Tam Plaintiff
                                               KAREN GLUCK

**SIGNATURE ATTESTATION**

The other signatories listed, and on those behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: April 3, 2026

                                               By: *Michael S. Devereux*
                                                   Michael S. Devereux
                                                   Attorney for Defendant
                                                   ARMAN GABAEE

27