Michael S. Devereux  (SBN 225240)

9440 Santa Monica Blvd, Suite 301

Beverly Hills, California  90210

Telephone: (424) 600-8584

Email: mike@wex.law

Attorneys for DEFENDANT, ARMAN GABAEE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

MICHAEL DEVEREUX, ESQ.

| | |
|---|---|
| THE COUNTY OF LOS ANGELES, THE STATE OF CALIFORNIA and THE UNITED STATE OF AMERICA *ex rel.* KAREN GLUCK,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS SHEPOS, et al.,<br><br>Defendants. | **Case No. 2:19-cv-01773-PA-MAA**<br><br>DECLARATION OF MICHAEL DEVEREUX IN SUPPORT OF DEFENDANT ARMAN GABAEE'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE DEFENDANT'S CRIMINAL PLEA AGREEMENT AND FACTUAL NARRATIVE REGARDING LOCAL RULE 7-3<br><br>**(Hon. Percy Anderson)** |

1

MICHAEL DEVEREUX, ESQ.

**DECLARATION OF MICHAEL DEVEREUX PURSUANT TO LOCAL RULE 7-3**

I, Michael Deverux, declare as follows:

1. I am counsel of record for Defendant Arman Gabaee in this action. I have personal knowledge of the matters stated herein and could competently testify thereto if called as a witness.

2. I submit this declaration in support of Defendant Arman Gabaee's Motion in Limine No. 1 and to establish compliance with Local Rule 7-3.

3. On February 26, 2026, I sent an email to counsel of record for Plaintiffs and the other parties requesting a meet and confer regarding contemplated motions in limine concerning Arman Gabaee's plea agreement and sentencing transcript.

4. In that February 26, 2026 email, I specifically advised counsel that Defendant intended to file two related motions in limine arising from the criminal proceedings in United States v. Arman Gabaee. With respect to Motion in Limine No. 1, I stated that Defendant would move to exclude the written plea agreement from use at trial because of substantial Rule 403 concerns and because the document contained prejudicial narrative and sentencing material. I further stated that Defendant was open to discussing a narrow stipulation limited to the fact of conviction if that issue needed to be addressed.

5. Thereafter, on or about March 16, 2026, counsel met and conferred with all parties in person at the offices of Miller Barondess LLP regarding these issues, including Defendant's request to exclude the written plea agreement from use at trial. In attendance, including but not limited to, were Lauren Brody, Jason Tokoro, Eliza Finley, Andrew Hewett, Kevin Leichter, Kimberly Rose-McCaslin, and Thomas Shepos.

6. During that meet and confer, Defendant explained that the plea agreement contained extensive prejudicial narrative, sentencing material, and other content far beyond the limited fact of conviction, and that Defendant sought to avoid unfair prejudice, juror confusion, and the risk that the jury would be presented with an expansive criminal narrative rather than a narrowly tailored stipulation or other less prejudicial proof.

7. Defendant also advised that he was willing to discuss a narrower stipulation limited to the fact of conviction in an effort to streamline the issues and avoid unnecessary motion practice.

8. Plaintiffs did not agree that the plea agreement should be excluded and opposed Defendant's request. Plaintiffs' position, as reflected during the meet and confer and in their opposition, was that the plea agreement was admissible and that exclusion was not warranted under the Federal Rules of Evidence, including Rule 403.

MICHAEL DEVEREUX, ESQ.

9. The parties were unable to resolve the dispute without Court intervention, making Motion in Limine No. 1 necessary.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 2, 2026 at Beverly Hills, California.

*Michael Devereux*

Michael Devereux

MICHAEL DEVEREUX, ESQ.

4