# EXHIBIT 1

TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RUTH C. PINKEL (Cal. Bar No. 164770)
LINDSEY GREER DOTSON (Cal. Bar No. 266973)
THOMAS F. RYBARCZYK (Cal. Bar No. 316124)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-6077/4443/8452
    Facsimile:  (213) 894-7631
    E-mail:    ruth.pinkel@usdoj.gov
               lindsey.dotson@usdoj.gov
               thomas.rybarczyk@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-331-GW |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ARMAN GABAEE |
| v. | |
| ARMAN GABAEE, aka "Arman Gabay," | |
| Defendant. | |

1. This constitutes the plea agreement between defendant ARMAN GABAEE ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

///

///

GLUCKQT_05013

<u>DEFENDANT'S OBLIGATIONS</u>

2. Defendant agrees to:

a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count Four of the indictment in <u>United States v. Arman Gabaee</u>, CR No. 18-331-GW, which charges defendant with Federal Program Bribery in violation of 18 U.S.C. § 666(a)(2).

b. Not contest the Factual Basis agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h. Pay the applicable fine, which the parties agree is at least $1,149,000, at or before the time of sentencing.

i. Make restitution, if applicable, at or before the time of sentencing, and not seek the discharge of any restitution

2

GLUCKQT_05014

obligation, in whole or in part, in any present or future bankruptcy proceeding.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

a. Not contest the Factual Basis agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement.

c. At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d. Provided that defendant demonstrates an acceptance of responsibility for the charged offense as defined in U.S.S.G. § 3E1.1, including as further explained in its application notes and in particular Note 1(A), up to and including at the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1(a).

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in Count Four, that is, Federal Program Bribery in violation of 18 U.S.C. § 666(a)(2), the following must be true:

a. Defendant corruptly gave, offered, or agreed to give something of value to a person;

b. Defendant intended to influence or reward an agent of a local government -- here, the County of Los Angeles -- in

3

GLUCKQT_05015

connection with any business, transaction, or series of transactions of that local government involving anything of value of $5,000 or more; and

c.    The County of Los Angeles received, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

PENALTIES AND RESTITUTION

5.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 666(a)(2) is: 10 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.    Defendant understands that defendant will be required to pay full restitution to the victim of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.

4

GLUCKQT_05016

7. Defendant agrees that any and all fines and/or restitution ordered by the Court will be due immediately. The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

8. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

5

GLUCKQT_05017

10. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

11. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

**Background**

At all times relevant to the charges in the indictment, defendant was a real estate developer who conducted business with the County of Los Angeles ("County"). He was the co-managing partner and co-founder of the Charles Company, a real estate development firm that developed and maintained commercial and residential real estate projects. Defendant was also a partner of the California limited partnership M&A Gabaee, among other entities. Defendant's business

6

GLUCKQT_05018

activities included obtaining contracts with the County, whereby the County would lease property owned by defendant, often through one of his companies.

Cooperating Witness 1 ("CW1") was a public official employed by the County in the Real Estate Division. CW1's duties involved negotiating leases between private building and property owners and various County departments. CW1 was also able to request and receive proposals from private real estate developers, like defendant, who wanted to lease their buildings to County departments. Once a property was identified for a County department in need of space, CW1 was able to negotiate lease terms and draft lease agreements for the County and private property owners, or direct others to do so. Based on CW1's level of seniority, CW1 had significant autonomy to contractually bind the County. In particular, CW1 had authority to negotiate contract terms on behalf of the County, although final contract approval lay with the Board of Supervisors, and CW1 had authority to approve, with others, change orders on contracts.

The County was a local government that received, every calendar year between 2010 and 2017, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance. In fact, multiple County departments or agencies, including but not limited to the Department of Public Social Services ("DPSS"), received Federal assistance that exceeded $10,000 every calendar year between 2010 and 2017.

**Monthly Bribe Payments**

Beginning in or about 2010 or 2011, and continuing until on or about April 11, 2017, defendant paid CW1 bribes and kickbacks of

7

GLUCKQT_05019

approximately $1,000 about every month, in exchange for, among other things: (a) CW1 providing non-public County information to defendant; (b) CW1 resolving issues between defendant and County departments or agencies on terms favorable to defendant; and (c) CW1 helping to secure County leases for defendant and negotiating terms in those leases that were beneficial to defendant.

On or about the following dates, during recorded meetings, defendant paid CW1 the following cash bribes and kickbacks:

| DATE | AMOUNT OF CASH BRIBE AND KICKBACK |
|---|---|
| December 20, 2016 | $1,500 |
| December 30, 2016 | $1,500 |
| January 27, 2017 | $1,000 |
| March 1, 2017 | $1,000 |
| March 31, 2017 | $900 |
| April 11, 2017 | $100 |

**Hawthorne Mall and DPSS Lease**

One of the County leases defendant sought was for the Hawthorne Mall, aka the "Hawthorne Plaza" or "Hawthorne Plaza Shopping Center," located in Hawthorne, California. Through one of his companies, defendant owned and was redeveloping the Hawthorne Mall. Beginning in or around 2016, defendant sought a contract through which the County would lease space from defendant for DPSS and other County departments or agencies in the Hawthorne Mall (the "DPSS Lease"). As drafted, the DPSS Lease anticipated a term of 10 years and payments to defendant, in the form of rent and tenant improvements reimbursable by the County, in excess of $45 million.

8

GLUCKQT_05020

To secure that DPSS Lease, beginning in or about, but no later than, December 2016 and continuing until on or about April 25, 2017, defendant attempted to bribe, and did bribe, CW1 with (a) the monthly cash bribe payments and (b) the purchase of a residential property in Northern California for CW1's use.  In exchange for these bribes, defendant sought to have CW1 perform various official acts related to the DPSS Lease including, among other things: (a) CW1 exerting pressure on County departments to complete and submit Space Request Evaluations ("SREs"), an official request for office space that would have allowed CW1 to begin more formal lease negotiations with defendant; (b) CW1 pretending to publically engage in the normal County bidding process for County leases, but in fact, promising defendant that CW1 would give defendant favorable treatment to ensure that defendant received the DPSS Lease; (c) CW1 exerting pressure on a subordinate employee ("County Employee 1") in the Real Estate Division to draft the DPSS Lease for defendant, and to do so expeditiously and no later than August 2017; (d) CW1 using CW1's influence to pressure County Employee 1 to draft the DPSS Lease in such a way that it "looked good on paper," meaning that it did not appear suspect or raise concerns; (e) CW1 using CW1's influence to pressure DPSS to agree to the terms in the DPSS Lease; and (f) CW1 ultimately obtaining the signed DPSS Lease for defendant.

To uphold his end of the quid pro quo arrangement, defendant first offered to purchase for CW1 a property on Barnes Road in Santa Rosa, California, listed at $1,199,000, but the property was already in escrow.  Thereafter, defendant offered to buy CW1 a property on Annadel Heights Drive in Santa Rosa, which was originally listed for $1,199,000 but later reduced to $1,095,000.  In April 2017, defendant

9

GLUCKQT_05021

made two purchase offers on the Annadel Heights Drive property -- the first offer was for $1,035,000, and the second offer was for $1,065,000. Defendant intended to purchase the Annadel Heights Drive property for CW1; however, he rescinded his second purchase offer hours after he made it, because FBI agents had approached and informed him that the FBI was aware of his bribes to CW1.

SENTENCING FACTORS

12. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 12 | [U.S.S.G. § 2C1.1(a)(2)] |
| Specific Offense Characteristics | | |
| -More Than One Bribe: | +2 | [U.S.S.G. § 2C1.1(b)(1)] |
| -Value of the Bribe: | +14 | [U.S.S.G. §§ 2C1.1(b)(2), 2B1.1(b)(1)(H)] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under

10

GLUCKQT_05022

the Sentencing Guidelines are appropriate.  For example, the USAO will argue that the following specific offense characteristic applies: a four-level increase for bribing an official in a high-level decision making or sensitive position under U.S.S.G. § 2C1.1(b)(3).

14.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

16.  Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.  The right to persist in a plea of not guilty.

    b.  The right to a speedy and public trial by jury.

    c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e.  The right to confront and cross-examine witnesses against defendant.

GLUCKQT_05023

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

17.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

18.   Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 108 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is

12

GLUCKQT_05024

within the statutory maximum; (e) the amount and terms of any restitution order; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 87 months, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the following: the amount of a fine ordered if that amount is less than $1,149,000.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

20. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy

13

GLUCKQT_05025

trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

EFFECTIVE DATE OF AGREEMENT

21.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

22.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

23.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

14

GLUCKQT_05026

a.    Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION</u>

<u>AND PRETRIAL SERVICES OFFICE NOT PARTIES</u>

24.    Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

25.    Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information

15

GLUCKQT_05027

to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case. This paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the Factual Basis and Sentencing Factors agreed to in this agreement.

26. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

### NO ADDITIONAL AGREEMENTS

27. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional

16

GLUCKQT_05028

promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
United States Attorney

_____            April 26, 2022
RUTH C. PINKEL                               _____
LINDSEY GREER DOTSON                         Date
THOMAS F. RYBARCZYK
Assistant United States Attorneys


_____            _____
ARMAN GABAEE                                 Date
Defendant


_____            _____
MARC A. AGNIFILO                             Date
Attorney for Defendant ARMAN GABAEE

///

///

///

17

GLUCKQT_05029

promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

### PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
United States Attorney

_____     _____
RUTH C. PINKEL                        Date
LINDSEY GREER DOTSON
THOMAS F. RYBARCZYK
Assistant United States Attorneys

_____     4/26/2022
ARMAN GABAEE                          Date
Defendant

_____     April 26, 2022
MARC A. AGNIFILO                      Date
Attorney for Defendant ARMAN GABAEE

///

///

///

17

GLUCKQT_05030

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     4/26/2022
ARMAN GABAEE                  Date
Defendant

///

///

///

18

GLUCKQT_05031

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am defendant ARMAN GABAEE's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the Factual Basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

MARC A. AGNIFILO
Attorney for Defendant ARMAN GABAEE

April 26, 2022
Date

19

GLUCKQT_05032