UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1773 PA (MAAx) | | Date | April 15, 2026 |
|---|---|---|---|---|
| Title | Los Angeles County, et al. ex rel. Karen Gluck v. Thomas Shepos, et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      IN CHAMBERS — MINUTE ORDER

Before the Court are Motions in Limine filed by Arman Gabaee (Docket No. 867) and Mark Gabaee, The Charles Company, Inc., Oakshire, LLC, Excel Property Management Services, Inc., Willhurst, Inc., Town Investments, LLC, Sancam, Inc., M&A Gabaee LP, Greenoak Investments, LLC, Maple19 LP, Urban Grove19, LLC, Oppidan LLC, Loma Vista LLC, Noble Investments LLC, The Charles Company Partnership, Corsair, LLC; Corsair, LLC and Endure LLC (collectively the "Gabay Defendants").[1]  (Docket No. 869.)  The Motions seek to exclude any evidence or reference to the plea agreements of co-defendant Thomas Shepos ("Shepos") and Arman Gabae ("A. Gabay") ("Plea Agreements"), or any of the underlying documents filed in the criminal proceedings involving Shepos and A. Gabay ("Criminal Documents") either as inadmissible hearsay, or under Federal Rule of Evidence 403.[2]  In support of the Motions in Limine, Defendants argue that the statements contained in the Plea Agreements and Criminal Documents are hearsay, have limited admissibility only against either Shepos or A. Gabay, and are highly prejudicial.

Plaintiffs relator Karen Gluck and Los Angeles County (jointly "Plaintiffs") argue in response that the Plea Agreements, including the statements contained therein, are party admissions and thus admissible against Shepos and A. Gabay under Federal Rule Evidence ("FRE") 801(d)(2), and that to the extent A. Gabay had an ownership interest in, or acted on behalf of, the other Gabay Defendants, admissible as a statement made by a party's agent under FRE 801(d)(2)(D).  Plaintiffs also argue that the Plea Agreements are admissible under FRE

---

[1]      For purposes of this Order, the Court refers to A. Gabay and the Gabay Defendants collectively as "Defendants."

[2]      Despite the fact that the Gabay Defendants argue to exclude any reference at all to the Plea Agreements, they also state that they do not dispute the existence of the Plea Agreements, but merely the contents, as inadmissible hearsay.  (MIL at p. 18.)  Moreover, although the Gabay Defendants' Motion in Limine references the Criminal Documents, the parties' arguments are focused on the admissibility of the Plea Agreements.  This Order thus addresses only that issue.

| CV-90 (06/04) | **CIVIL MINUTES - GENERAL** | Page 1 of 3 |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1773 PA (MAAx) | Date | April 15, 2026 |
|---|---|---|---|
| Title | Los Angeles County, et al. ex rel. Karen Gluck v. Thomas Shepos, et al. | | |

803(22) (hearsay exception for evidence of a final judgment after plea of guilty), and not unduly prejudicial under FRE 403.

## II.   LEGAL STANDARD

Motions in limine permit a ruling in advance of trial on the admissibility and relevance of certain forecasted evidence.  See Luce v. United States, 469 U.S. 38, 41 n.4 (1984).  Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds.  See Fresenius Med. Care Holdings, Inc., v. Baxter Int'l, Inc., No. C 03-01431, 2006 WL 1646113, at *3 (N.D. Cal. June 12, 2006).  In limine rulings, however, are not binding.  Ohler v. United States, 529 U.S. 753, 758 n.3 (2000).  A court's ruling is tentative. and subject to change, depending on evidence presented at trial.  Ohler, 529 U.S. at 758 n. 3; Luce, 469 U.S. at 41.  Subject to these principles, the Court rules on the Motions in Limine in order to provide guidance to the parties.

## III.   ANALYSIS

The Court has reviewed and considered the parties' arguments regarding the admissibility of the Plea Agreements, the Plea Agreements and the transcripts of the change of plea hearings in United States v. Arman Gabaee, CR 18-331-GW (Docket No. 246) and United States v. Thomas M. Shepos, CR 18-569 GW (Docket No. 34).  Notably, during those hearings, both Shepos and A. Gabay agreed under oath that the entire factual basis as set forth in the Plea Agreements, and repeated on the record at the change of plea hearings, was true and correct.  As stated above, this ruling is designed to provide guidance to the parties, and ultimately, the decision will depend on the evidence presented at trial, especially as to the agency and control relationship among A. Gabay and the other Gabay Defendants.

Accordingly, the Court concludes that the Plea Agreements are admissible as non-hearsay under FRE 803(d)(2)(A) (party admissions), 803(d)(2)(D) (party admission by agent within scope of relationship), and as an exception to the hearsay rule under FRE 803(22) (judgment of previous conviction).  The Court has also considered the admissibility of the Plea Agreements under FRE 807, the residual exception to the hearsay rule, and concludes that this exception applies as well.  See In re Slatkin, 525 F.3d 805, 812 (9th Cir. 2008) (holding plea agreement is admissible under Rule 807 because factual basis included evidence that was highly probative and contained circumstantial guarantees of trustworthiness).[3]

---

[3]   Depending on the testimony presented at trial, the Plea Agreements may also be used as impeachment evidence under FRE 609 or evidence of intent, plan or motive under FRE 404(b).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1773 PA (MAAx) | Date | April 15, 2026 |
|---|---|---|---|
| Title | Los Angeles County, et al. ex rel. Karen Gluck v. Thomas Shepos, et al. | | |

The Court further finds under Rule 403 that the evidence's probative value is not substantially outweighed by any risk of unfair prejudice. Any such risk can be adequately mitigated through appropriate limiting and cautionary instructions. The parties are therefore ordered to meet and confer regarding proposed limiting instructions. If the parties disagree on a limiting instruction, the party opposing the limiting instruction, must attach a short statement (one or two paragraphs) supporting the objection, and the party submitting the limiting instruction must attach a short statement supporting the instruction. Each statement should be on a separate page and should follow directly after the disputed instruction.

The parties ultimately must submit one document or, if the parties disagree over any proposed limiting instructions, two documents. If the parties submit two documents, those documents shall consist of: (1) a set of Joint Proposed Limiting Instructions and (2) a set of Disputed Limiting Instructions, along with reasons supporting and opposing each disputed limiting instruction in the format set forth in the previous paragraph.

In addition to the standard instruction governing the jury's consideration of evidence admitted for a limited purpose, the parties may consider whether an adaptation of Ninth Circuit Model Criminal Jury Instruction 3.9 (Testimony of Witnesses Involving Special Circumstances) is warranted to address the circumstances of Thomas Shepos's testimony in this case.

The parties' joint submission regarding proposed limiting instructions relating to the Plea Agreements shall be filed no later than April 22, 2026.

**IT IS SO ORDERED.**