TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
HUNTER B. THOMSON
Assistant United States Attorney
Acting Chief, Civil Fraud Section
KAREN PAIK
Assistant United States Attorney
California State Bar No. 776181
        Room 7516, Federal Building
        300 N. Los Angeles Street
        Los Angeles, California 90012
        T: 213.894.8561 | F: 213.894.7819
        Email: karen.paik@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES COUNTY, ET AL. | No. 2:19-cv-01773-PA-MAA |
| Plaintiffs, | **UNITED STATES' OBJECTION TO DISMISSAL WITH PREJUDICE AS TO THE UNITED STATES OF FALSE CLAIMS ACT CLAIMS AGAINST THE GABAY DEFENDANTS** |
| v. | |
| THOMAS SHEPOS, ET AL., | |
| Defendants. | Honorable Percy Anderson |

## **OBJECTION**

Relator Karen Gluck ("Relator") brought the above-captioned action pursuant to the *qui tam* provisions of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733. Although Relator brought this action on her own behalf and on behalf of the "United States Government," *id.* § 3730(b)(1), the United States elected not to intervene in and proceed with the action, *id.* § 3730(b)(4). As such, the United States was not a party to the action. *United States ex rel. Eisenstein v. City of N.Y.*, 556 U.S. 928, 937-38 (2009) (unanimous).

But because the *qui tam* claims that Relator asserted in the action were claims for injuries that were "exclusively to the Government," the United States retained certain statutory rights as the action proceeded. *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 424-25 (2023). These rights included the right to "give written consent to the dismissal" of Relator's *qui tam* claims pursuant to any settlement reached between Relator and the defendants. 31 U.S.C. § 3730(b)(1).

On April 28, 2026, Relator and Arman Gabaee, and Mark Gabay, Oakshire, LLC, Excel Property Management Services, Inc., Willhurst, Inc., Town Investments, LLC, Sancam, Inc., M&A Gabaee LP, Greenoak Investments, LLC, Maple19 LP, Urban Grove19, LLC, Oppidan LLC, and The Charles Company Partnership (collectively, the "Gabay Defendants"), notified the Court that they had reached a settlement to resolve Relator's *qui tam* claims. Dkt No. 956 (4/28/26 Minutes). Thereafter, at a settlement conference on May 29, 2026, the United States told the Court that it would consent to the dismissal of Relator's *qui tam* claims *without* prejudice to the United States. Paik Decl. ¶ 2.  The United States never consented—in writing or orally—to the dismissal of Relator's *qui tam* claims *with* prejudice to the United States. *Id.* ¶ 3.

On May 29, 2026, the Court indicated that it would dismiss Relator's *qui tam* claims *without* prejudice to the United States. Dkt. No. 971 (5/29/26 Order). On June 12, 2026, however, the Court dismissed the claims *with* prejudice as to the United States. *See* Dkt Nos. 986 (6/12/26 Order), 987 (6/12/26 Judgment). The Court appears to have done

1

this based on the mistaken belief that the United States had consented to a prejudicial dismissal when it had only consented to a dismissal without prejudice.  Dkt. No 986 at 1 (the "United States . . . consented to the dismissal pursuant to 31 U.S.C. § 3730(b)(1)").  Because the United States did not consent to the dismissal of Relator's *qui tam* claims against the Gabay Defendants with prejudice to the United States, the claims should not have been dismissed on those terms.

The United States files this Objection to alert the Court to this error.

Dated: July 6, 2026                    Respectfully submitted,

TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
HUNTER B. THOMSON
Assistant United States Attorney
Acting Chief, Civil Fraud Section

KAREN PAIK
Assistant United States Attorney

Attorneys for the United States of America

2

# DECLARATION OF KAREN Y. PAIK

I, Karen Y. Paik, declare:

1.      I am the Assistant United States Attorney responsible for handling this action on behalf of the United States. This declaration is offered in support of the United States' Objection to Dismissal with Prejudice as to the United States of False Claims Act Claims Against the Gabay Defendants.

2.      At the May 29, 2026 settlement conference before this Court, I only indicated that the United States would consent to a dismissal without prejudice as to the United States.

3.      At no point did I indicate that the United States consented to dismissal of its claims against the Gabay Defendants with prejudice as to the United States. Rather, I asserted that if defense counsel wanted a release from the United States with prejudice, they would have to agree to the government's standard terms for an FCA settlement agreement. I also indicated that defense counsel had requested numerous alterations to the standard provisions and was refusing to back away from the proposed alterations. I conveyed that if defense counsel refused to accept the standard terms, the best course forward would be for Relator and the Gabay Defendants to sign their own settlement agreement, with the United States consenting to dismissal without prejudice as to the United States.

4.      The foregoing is based on my personal knowledge, unless otherwise noted.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 6, 2026, at Los Angeles, California.

KAREN Y. PAIK

3