ROB BONTA
Attorney General of California
MARTIN GOYETTE (SBN 118344)
Senior Assistant Attorney General
FREDERICK W. ACKER (SBN 208109)
Supervising Deputy Attorney General
COURTNEY TOWLE
Deputy Attorney General
State Bar No. 221698
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3537
 Fax:  (415) 703-1107
 E-mail:  Courtney.Towle@doj.ca.gov
*Attorneys for the People of the State of California*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| LOS ANGELES COUNTY, THE STATE OF CALIFORNIA AND THE UNITED STATES OF AMERICA *ex rel*. KAREN GLUCK,<br><br>Plaintiff[s],<br><br>v.<br><br>THOMAS SHEPOS*, et al.*<br><br>Defendant[s]. | No. 2:19-cv-01773-PA-MAAx<br><br>**PLAINTIFF STATE OF CALIFORNIA'S REQUEST FOR CLARIFICATION REGARDING EXERCISE OF SUPPLEMENTAL JURISDICTION**<br><br>Assigned to the Hon. Percy Anderson, Crtrm. 9A and Magistrate Judge Maria A. Audero, Crtrm 880<br><br>Trial Date: Vacated |

Plaintiff State of California ("California") hereby seeks clarification of the Court's dismissal orders (Dkt. Nos. 987 and 999) as to whether the Court intends to decline exercise of supplement jurisdiction over its state law claims and dismiss these without prejudice.

On or about March 11, 2019, Qui Tam Plaintiff Karen Gluck filed her Original Complaint in this matter including causes of action under the California False Claims Act ("CFCA"), Cal. Govt. Code § 12651, for which California is the real party in interest. Though California declined to intervene in the matter, these claims remained pending. In early 2026, California reached settlements with two groups of defendants, the Neman Defendants[1] and the Abbey Defendants.[2] Per the settlements, California agreed to dismiss its claims with prejudice as to these defendants. California's claims against all other defendants remained pending.

On June 12, 2026, pursuant to a minute order (Dkt. No. 986) and entry of a Judgment of Dismissal (Dkt. No. 987), and as amended on July 7, 2026, in an Amended Judgement of Dismissal (Dkt. No. 999), the Court decided that, having dismissed all federal causes of action, it would decline to exercise supplemental jurisdiction over Plaintiff Los Angeles County's state law claims. The Court's order, however, did not explicitly address California's pending state law claims. Accordingly, California seeks clarification as to the disposition of its claims.

While there is no specific Federal Rule of Civil Procedure that governs the standards for a motion for clarification, "[t]he general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or

---

1 Leon Neman, Yoel Neman, John Neman, Neman Brothers and Associates, Inc., Vertigo Real Estate Holdings, LP and Legend Real Estate Management, Inc. (collectively the "Neman Defendants")

2 Donald G. Abbey, AP-Sierra LLC, AP-Palmdale LLC, AP-Palmdale Place LLC, DGA-Properties LLC, DGA-Properties II LLC, Abbey Properties LLC, Abbey-Properties II LLC, The Abbey Companies LLC, AP-Commerce Plaza LLC, The Abbey Management Company LLC, and Nittany Lion Landscaping, Inc. (collectively the "Abbey Defendants").

amend." *McElroy v. Sifre,* No. 23-cv-00451-ART-CSD, 2025 WL 3124286, at *1 (D. Nev. Nov. 7, 2025). As such, motions for clarification "are appropriate when parties are uncertain about the scope of a ruling or when the ruling is reasonably susceptible to differing interpretations." *Id.*

Pursuant to Government Code section 12652, subdivision (c)(1), once filed, a CFCA action, "may be dismissed only with the written consent of the court and the Attorney General or prosecuting authority of a political subdivision, or both, as appropriate under the allegations of the civil action, taking into account the best interests of the parties involved and the public purposes behind this act."

California requests clarification of the Court's dismissal orders (Dkt. Nos. 987 and 999) as to whether these orders declining to exercise supplemental jurisdiction over state law claims extend to California's CFCA claims and thereby dismiss California's claims without prejudice.

Respectfully submitted,

Dated: July 10, 2026                    ROB BONTA
                                        Attorney General for the State of California

                                        */s/ Frederick W. Acker*
                                        FREDERICK W. ACKER
                                        Deputy Attorney General
                                        California Department of Justice

                                        *Attorneys for the State of California*

# CERTIFICATE OF SERVICE

Case Name:   Gluck v. Shepos et al.                    No.   **LA CV 19-01773-CJC-MAAX**

I hereby certify that on July 13, 2026, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

PLAINTIFF STATE OF CALIFORNIA'S REQUEST FOR CLARIFICATION REGARDING EXERCISE OF SUPPLEMENTAL JURISDICTION

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On July 13, 2026, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:


Arman Gabaee                                    Thomas J. Shepos
REG. NO. 76335-112                              4319 Bethpage Drive
9034 Sunset Boulevard West                      Palmdale, CA 93551
Hollywood, CA 90069


I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on July 13, 2026, at San Francisco, California.


| R. Caoile | */s/ R. Caoile* |
|:---:|:---:|
| Declarant | Signature |

SF2019101014
45140649.docx